GINA L. DURHAM (Bar No. 295910)
gina.durham@dlapiper.com
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, California  94105-2933
Tel:  415.836.2500
Fax:  415.836.2501

Tamar Y. Duvdevani (*pro hac vice* pending)
tamar.duvdevani@dlapiper.com
Marc E. Miller (*pro hac vice* pending)
marc.miller@dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York  10020-1104
Tel:  212.335.4500
Fax: 212.335.4501

Ryan Compton (*pro hac vice* pending)
ryan.compton@dlapiper.com
James Stewart (*pro hac vice* pending)
james.stewart@dlapiper.com
DLA PIPER LLP (US)
500 Eight Street, NW
Washington, D.C. 20004
Tel: 202.799.4000
Fax: 202.799.5000

*Attorneys for Plaintiff*
*Dr. Seuss Enterprises, L.P.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. SEUSS ENTERPRISES, L.P., a California limited partnership, <br><br> Plaintiff, <br><br> v. <br><br> COMICMIX LLC, a Connecticut limited liability company; MR. GLENN HAUMAN, an individual; MR. DAVID JERROLD FRIEDMAN A/K/A DAVID GERROLD, an individual; and MR. TY TEMPLETON, an individual, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT FOR:** <br><br> 1. **COPYRIGHT INFRINGEMENT;** <br><br> 2. **TRADEMARK INFRINGEMENT; AND** <br><br> 3. **UNFAIR COMEPTITION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Dr. Seuss Enterprises, L.P. ("DSE"), by its attorneys, DLA Piper LLP (US), brings this action for copyright infringement, trademark infringement, and unfair competition against defendants ComicMix LLC ("ComicMix"), Mr. David Jerrold Friedman a/k/a David Gerrold ("Gerrold"), Mr. Ty Templeton ("Templeton"), and Mr. Glenn Hauman ("Hauman") (collectively, "Defendants"), and by and for their Complaint (the "Complaint") alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for: (a) infringement of registered copyrights in violation of the Copyright Act (17 U.S.C. § 101 *et seq*.); (b) unfair competition and passing off in violation of 15 U.S.C. § 1125(a); and (c) violation of California Business and Professions Code Section 17200, arising out of Defendants' unauthorized exploitation of the works of Theodor S. Geisel, better known under his pseudonym, "Dr. Seuss," one of the most successful children's books authors and illustrators of all time.  Generations of children, and adults, around the world have been entertained and instructed by Dr. Seuss's whimsical stories, unique poetry and drawing style, and beloved characters.  Plaintiff DSE owns the intellectual property, including copyrights and trademarks, in these treasured works—which includes nearly 60 books published over more than a half-century—and it continues to produce new original content, including books, animated and live-action television and film adaptations, theatrical and other works.

2.      Defendants have created, without DSE's authorization, a book entitled, "Oh, The Places You'll Boldly Go!" (the "Infringing Work"), and have solicited investors to finance their mass production and distribution efforts for the Infringing Work.  The Infringing Work infringes DSE's works by using innumerable copyrighted elements of several well-known Dr. Seuss works, including the works' settings, illustrations, characters, prose, and themes.  The Infringing Work unabashedly misappropriates DSE's intellectual property to create the "look and feel" of an authorized Dr. Seuss work.  Upon information and belief, Defendants have raised nearly $30,000 so far to produce the Infringing Work, and have agreed to a publishing deal, intending to print and ship thousands of copies of the Infringing Work in time for the upcoming holiday season.  Upon information and belief, Defendants have already distributed portions of the Infringing Work online in connection with their fundraising efforts.  Defendants, via the Infringing Work, not only

1    appropriate without authorization and blatantly infringe DSE's valuable copyrights in the Dr.

2    Seuss works, but also mislead and deceive or are likely to mislead or deceive the public as to the

3    Infringing Work's source.  Unless enjoined, Defendants will cause irreparable injury to DSE's

4    goodwill, identity, and reputation, for which DSE has no adequate remedy at law.

5                                              **THE PARTIES**

6            3.      Plaintiff DSE is a California limited partnership which owns the copyrights and

7    trademarks, and all related rights to the characters, illustrations and words of the works of

8    Theodor S. Geisel, the author and illustrator of the well-known children's educational books

9    written under the pseudonym "Dr. Seuss."

10           4.      Upon information and belief, defendant ComicMix is a limited liability company

11   organized and existing under the laws of the State of Connecticut with its principal place of

12   business located at 304 Main Avenue, Suite 194, Norwalk, Connecticut 06851, and is doing

13   business in and with the State of California as a publisher and distributor of books, e-books, and

14   webcomics.  Upon information and belief, defendant ComicMix markets, and intends to sell,

15   reproduce, and distribute, the Infringing Work throughout the United States, on the Internet, and

16   in the State of California.

17           5.      Upon information and belief, defendant Hauman is an individual who resides in

18   the State of New Jersey and is the Co-founder, Vice President, Operations and Production

19   Manager of defendant ComicMix, and is doing business in and with the State of California.  Upon

20   information and belief, defendant Hauman is the editor of the Infringing Work.  Upon

21   information and belief, defendant Hauman intends to sell, reproduce, and distribute, the

22   Infringing Work throughout the United States, on the Internet, and in the State of California.

23           6.      Upon information and belief, defendant Gerrold is an individual who resides in the

24   State of California.  Upon information and belief, defendant Gerrold is a co-author of the

25   Infringing Work.  Upon information and belief, defendant Gerrold intends to sell, reproduce, and

26   distribute, the Infringing Work throughout the United States, on the Internet, and in the State of

27   California.

28           7.      Upon information and belief, defendant Templeton is an individual who resides in

1  Toronto, Ontario, and is doing business in and with the State of California.  Upon information and
2  belief, defendant Templeton is the illustrator of the Infringing Work.  Upon information and
3  belief, defendant Templeton intends to sell, reproduce, and distribute, the Infringing Work
4  throughout the United States, on the Internet, and in the State of California.

**JURISDICTION AND VENUE**

6  8.  This action arises under the Copyright Act of 1976 (17 U.S.C. §§ 101, *et seq.*) and
7  the Federal Trademark Act of 1946, known as the Lanham Act (15 U.S.C. § 1125(a)).

8  9.  This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C.
9  § 1121, and 28 U.S.C. §§ 1331 and 1338(a) and (b).  This Court also has subject matter
10  jurisdiction over DSE's related claims under state law pursuant to 28 U.S.C. § 1367(a).

11  10.  This Court has personal jurisdiction over Defendants pursuant to Cal. Code Civ.
12  Proc § 410.10 because some or all of them reside in this state, because all Defendants conduct
13  continuous, systematic, and routine business within this state and this District, and because all
14  Defendants have personally and intentionally planned, authorized, and facilitated infringing acts
15  that have or will take place in California

16  11.  Venue is proper in this District under 28 U.S.C. §§ 1391 (b) and 1400(a) because a
17  substantial part of the events giving rise to DSE's claims arose in this District and because
18  Defendants reside or may be found in this District.

**FACTUAL ALLEGATIONS**

20  **A.    The Dr. Seuss Intellectual Property**

21  12.  Theodor S. Geisel, under the pseudonyms Dr. Seuss and Theo LeSeig, began
22  writing and illustrating children's books at least as early as 1937.  Between 1937 and 1990,
23  Theodor S. Geisel wrote, illustrated, and published almost 60 Dr. Seuss and LeSeig books.  After
24  Theodor S. Geisel's death in 1991, DSE published additional Dr. Seuss books written and
25  illustrated by Theodor S. Geisel.  Most of the Dr. Seuss books were written to entertain children,
26  but more importantly, to promote and stimulate children's love of reading and literary skills.

27  13.  Theodor S. Geisel authored the Dr. Seuss books in simple, rhyming, repetitive
28  prose, accompanied by his descriptions and illustrations of characters that are distinctive,

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\274176015.5

-3-

COMPLAINT

recognizable, and appealing to children.  The Dr. Seuss characters are often zany animals with human-like characteristics.  The Dr. Seuss books are set in distinctive, whimsical and fantastical landscapes and created in a style unique to Dr. Seuss that makes them immediately recognizable as Dr. Seuss works.

14.  The Dr. Seuss books are iconic, and among the most popular children's books of all time.  The Dr. Seuss books have topped many bestseller lists, sold over 650 million copies worldwide, and been translated into more than a dozen languages.  Children around the world read the Dr. Seuss books, and parents and educators worldwide use the Dr. Seuss books to motivate children, teach community values, and enhance literacy.

15.  The Dr. Seuss books and the Dr. Seuss characters are widely-known and recognized throughout the world.  Some of the most well-known Dr. Seuss books, for example, are: *Oh, the Places You'll Go!*; *The Cat in the Hat*; *Horton Hears a Who*; *How the Grinch Stole Christmas!*; *The Lorax*; *One Fish Two Fish Red Fish Blue Fish*; *Green Eggs and Ham*; *Yertle the Turtle*; *Fox in Socks*; and *The Sneetches and Other Stories*.

16.  The Dr. Seuss books and characters are original works of authorship and constitute copyrightable subject matter under the Copyright Act, 17 U.S.C. §§ 101, *et seq*.  The Dr. Seuss books and characters are duly registered for copyright with the United States Copyright Office. These copyright registrations are perfected and, where appropriate, have been renewed with the United States Copyright Office and all registrations are in full force.  The United States Copyright Office has issued Certificates of Registration for these works that bear the numbers identified in Appendix A (collectively, the "Dr. Seuss Copyrighted Works").  DSE is the owner of all of these registrations and rights, by assignment.

17.  In addition, DSE is the owner of trademark rights in multiple aspects of Dr. Seuss goods that function, individually and collectively, as indicators of source, and make those goods immediately recognizable as deriving from Dr. Seuss.  With respect to this litigation, those aspects include in relevant part: (1) the title OH, THE PLACES YOU'LL GO!; (2) the stylized font used consistently throughout Dr. Seuss books, and (3) the unique illustration style of the characters and backgrounds found throughout Dr. Seuss books (collectively, the "Dr. Seuss

Marks") (the "Dr. Seuss Marks," together with "The Dr. Seuss Copyrighted Works," are referred to collectively as the "Dr. Seuss Intellectual Property").  The Dr. Seuss Marks are well-known and recognized worldwide.  The Dr. Seuss Marks are distinctive and have acquired secondary meaning in the minds of the public, and are readily associated with Theodor S. Geisel, Dr. Seuss, and DSE.  As the owner of the Dr. Seuss Marks, DSE enjoys extensive goodwill associated therewith.

**B.     Defendants' Infringing Use Of The Dr. Seuss Intellectual Property**

18.     Upon information and belief, Defendants' Infringing Work is a book which purports to be an amalgamation of the Dr. Seuss works and certain characters, imagery, and other elements from *Star Trek*, the well-known science fiction entertainment franchise created by Gene Roddenberry.

19.     Upon information and belief, defendant Gerrold authored the text of the Infringing Work and has a meaningful role in its promotion and sale.

20.     Upon information and belief, defendant Templeton illustrated the Infringing Work and has a meaningful role in its promotion and sale.

21.     Upon information and belief, defendant Hauman edited the Infringing Work and has a meaningful role in its promotion and sale.

22.     Upon information and belief, defendant ComicMix is publishing, distributing, promoting, and marketing the Infringing Work.

23.     Upon information and belief, when Defendants wrote, illustrated, and edited the Infringing Work, and at all times relevant to this action, Defendants had access to and copied the Dr. Seuss Copyrighted Works.

24.     At all times relevant to this action, Defendants have acted without authorization or license from DSE.

25.     At all times relevant to this action, Defendants have acted without authorization or license from the owner of the intellectual property in *Star Trek*.

26.     Defendants have misappropriated many of the most recognizable protected elements of the Dr. Seuss Copyrighted Works into the Infringing Work, including making

wholesale slavish copies of the Dr. Seuss Copyrighted Works' distinctive illustrations and text. The Infringing Work misappropriates key protected elements of *Oh, The Places You'll Go!*, including without limitation its title, story arc, characters, and illustrations.  The Infringing Work also misappropriates key protected elements of *Horton Hears a Who, How the Grinch Stole Christmas!, The Lorax*, and *The Sneetches and Other Stories*, including without limitation characters and illustrations therefrom.

27.     Defendants have also misappropriated and, without permission, used many of the Dr. Seuss Marks in the Infringing Work.

28.     Set forth below are several examples, among many, of Defendant's slavish copying of the Dr. Seuss Copyrighted Works, which attempt to recreate entire pages from the Dr. Seuss Books with meticulous precision, and thereby infringe both copyrights owned by DSE and the Dr. Seuss Marks:

| **Dr. Seuss Work** | **Infringing Work** |
|---|---|
|  |  |

DLA Piper LLP (US)
San Francisco

WEST\274176015.5

COMPLAINT

| Dr. Seuss Work | Infringing Work |
|---|---|



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| **Dr. Seuss Work** | **Infringing Work** |
| --- | --- |
|  |  |



1
2
3
4
5
6
7
8
9

| **Dr. Seuss Work** | **Infringing Work** |
|---|---|



10   29.    Defendants have willfully misappropriated and used the Dr. Seuss Marks in the

11   Infringing Work with the intent to commercially benefit from the popularity and extensive

12   goodwill associated with the Dr. Seuss Marks.

13   30.    Defendants deliberately wrote and illustrated the Infringing Work with the

14   intention of imitating the Dr. Seuss Marks, and creating confusion in the minds of the relevant

15   public as to the origin of the Infringing Work and/or deceiving the public as to Dr. Seuss's

16   approval or licensing of the Infringing Work.

17   31.    Defendants, without permission, have willfully copied many elements of the Dr.

18   Seuss books that are protected by the copyrights owned by DSE, and intend to further infringe

19   those copyrights by acts of reproduction, distribution, display, and unauthorized creation of

20   derivative works.

21   32.    It is not uncommon for DSE to license the Dr. Seuss Intellectual Property in

22   connection with the creation of new works based upon, and incorporating, the Dr. Seuss

23   Intellectual Property.  Such licensing activities have included collaborations with other rights

24   holders.  Here, however, Defendants created the Infringing Work without license or authorization

25   from DSE, and thereby usurped DSE's licensing opportunities.

26   33.    As a result of Defendants' aforementioned use of the Dr. Seuss Marks in the

27   Infringing Work, the relevant universe of consumers, including potential purchasers of books in

28

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\274176015.5

the State of California, are likely to be misled and confused as to the nature, origin, and sponsorship of the Infringing Work, and are likely to form the false impression that the Infringing Work has been authored, approved, licensed, sponsored, endorsed, guaranteed by, or is in some way affiliated with Theodor S. Geisel, Dr. Seuss, DSE, and the Dr. Seuss Marks.

34.     Upon information and belief, defendants have been running a campaign to fund printing and distribution of the Infringing Work on Kickstarter, <www.kickstarter.com>, a crowdfunding website where parties can raise money for various projects.  The Kickstarter page reproduced pages from the Infringing Work.

35.     On its Kickstarter page, Defendants admit that their blatant and willful infringement presents "Risks and challenges" to their project:

> While we firmly believe that our parody, created with love and affection, fully falls within the boundary of fair use, there may be some people who believe that this might be in violation of their intellectual property rights.  And we may have to spend time and money proving it to people in black robes.  And we may even lose that.

36.     After learning of Defendants' unauthorized use and planned uses of the Dr. Seuss Intellectual Property in the Infringing Work, on or about September 28, 2016, the undersigned counsel for DSE sent Defendants a letter asserting DSE's exclusive rights in the Dr. Seuss Intellectual Property, and stating that Defendants' use thereof was an infringement of DSE's rights.  The letter demanded that Defendants immediately cease all use of the Dr. Seuss Intellectual Property.

37.     Defendants did not respond to the September 28, 2016 letter.

38.     On or about October 7, 2016, the undersigned counsel for DSE sent Defendants an additional letter reiterating its previous demands, and requesting Defendants' immediate substantive response thereto.

39.     Defendants did not substantively respond to the October 7, 2016 letter either.

40.     On or about October 7, 2016, the undersigned counsel for DSE sent a notice, pursuant to 17 U.S.C. § 512(c)(1)(C), to Kickstarter asserting DSE's exclusive rights in the Dr. Seuss Copyrighted Works, and stating that Defendants' use thereof was an infringement of DSE's

1    rights.

2        41.    On or about October 7, 2016, Kickstarter disabled access to Defendants'

3    campaign, pursuant to 17 U.S.C. § 512(g).

4        42.    On or about October 25, 2016, the undersigned counsel for DSE sent Defendants

5    an additional letter reiterating its previous demands, and requesting Defendants' immediate

6    substantive response thereto.

7        43.    On or about October 28, 2016, counsel for Defendant ComicMix sent a letter to

8    the undersigned counsel for DSE responding to DSE's October 7 takedown notice to Kickstarter,

9    refusing DSE's demands to cease all use of the Dr. Seuss Intellectual Property, threatening to

10   pursue claims for tortious interference, unfair business practices, and violations of 17 U.S.C.

11   § 512(f), and advising that Defendants would be sending a counter-notice, pursuant to 17 U.S.C.

12   § 512(g)(3), to Kickstarter to reinstate its campaign.

13       44.    On or about October 31, 2016, counsel for Defendant ComicMix sent a counter-

14   notice, pursuant to 17 U.S.C. § 512(g)(3), to Kickstarter.

15                               **COUNT I**
                    **Copyright Infringement, 17 U.S.C. § 106**
16                        **(Against All Defendants)**

17       45.    DSE repeats and realleges every allegation in Paragraphs 1 through 44 of its

18   Complaint as if fully set forth herein.

19       46.    The Dr. Seuss Copyrighted Works constitute copyrightable subject matter under

20   the Copyright Act, 17 U.S.C. §§ 101, *et seq*.  DSE has recorded the copyrights in and to the Dr.

21   Seuss Copyrighted Works with the United States Copyright Office and have complied with all

22   applicable statutory registration and renewal requirements, and with the requirements of 17

23   U.S.C. §411 regarding registration of copyrights preceding an infringement action.

24       47.    Upon information and belief, in direct violation of DSE's exclusive rights,

25   Defendants have directly infringed, and unless enjoined by this Court, will continue to infringe

26   the copyrights in the Dr. Seuss Copyrighted Works by, among other things:

27             a.  Preparing unauthorized derivative works of the Dr. Seuss Copyrighted

28                 Works in the form of the Infringing Work;

   b.  Reproducing copyrighted elements of the Dr. Seuss Copyrighted Works in
       the Infringing Work;

   c.  Distributing copies of the Infringing Work, which contains copyrighted
       elements of the Dr. Seuss Copyrighted Works;

   d.  Displaying or causing display of the Infringing Work, which contains
       copyrighted elements of the Dr. Seuss Copyrighted Works.

48.   As a direct and proximate result of the foregoing acts, DSE has been damaged and
has suffered, and will continue to suffer, significant damages, in an amount to be proved at trial.

49.   Upon information and belief, Defendants have infringed the copyrights in the Dr.
Seuss Copyrighted Works with actual or constructive knowledge of DSE's rights such that said
acts of copyright infringement were, and continue to be, willful and intentional.

50.   In addition, Defendants' violations of the Copyright Act have caused and, unless
enjoined by this Court, will continue to cause irreparable injury to DSE.  DSE is therefore entitled
to a preliminary and permanent injunction enjoining and restraining Defendants from infringing
the copyrights in the Dr. Seuss Copyrighted Works, including but not limited to continuing to
reproduce, distribute, display, market, advertise, promote, produce, sell, or offer for sale the
Infringing Work or any works that are derivative of or copied from the Dr. Seuss Copyrighted
Works.

**COUNT II**
**Lanham Act Violation, 15 U.S.C. § 1125(a)**
**(Against All Defendants)**

51.   DSE repeats and realleges every allegation in Paragraphs 1 through 50 of its
Complaint as if fully set forth herein.

52.   The Dr. Seuss Marks are distinctive and have acquired secondary meaning in the
minds of the public, and are associated with Theodor S. Geisel, Dr. Seuss, and DSE.

53.   Defendants' use of the Dr. Seuss Marks and any colorable imitation of DSE's Dr.
Seuss Marks in the Infringing Works, is a use in commerce of any word, term, name, symbol, or
device, or combination thereof, and a false designation of origin, which is likely to cause
confusion or mistake in the public mind or to deceive the public, as to the affiliation, connection

-12-

1    or association of Defendants with Theodor S. Geisel, Dr. Seuss, and DSE, or as to the origin,

2    sponsorship, or approval of Defendants' goods, services, or commercial activities by DSE.

3        54.    Defendants' acts constitute false designation of origin, false endorsement, and

4    unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

5        55.    As a direct and proximate result of the foregoing acts, DSE has been damaged and

6    has suffered, and will continue to suffer, significant damages, in an amount to be proved at trial.

7        56.    Defendants' conduct has been intentional and willful and is calculated specifically

8    to trade off the goodwill that DSE has developed in its Dr. Seuss Marks.  Pursuant to 15 U.S.C.

9    § 1117(a), DSE is entitled to recover its reasonable attorneys' fees incurred in this action.

10       57.    In addition, Defendants' violations of 15 U.S.C. § 1125(a) have caused and, unless

11   enjoined by this Court, will continue to cause irreparable injury to DSE's goodwill, business

12   identity and reputation.  DSE is therefore entitled to a preliminary and permanent injunction

13   enjoining and restraining Defendants from use of the Infringing Works or any other mark that is

14   confusingly similar to DSE's Dr. Seuss Marks.

15                            **COUNT III**
     **California Statutory Unfair Competition, Business and Professions Code § 17200**
16                        **(Against All Defendants)**

17       58.    DSE repeats and realleges every allegation in Paragraphs 1 through 57 of its

18   Complaint as if fully set forth herein.

19       59.    DSE is the exclusive owner of the common law trademark rights in the Dr. Seuss

20   Marks.  No license or authorization has been granted to Defendants to use any of these marks, or

21   variations thereon.

22       60.    Defendants, with full knowledge of the public awareness and value of the Dr.

23   Seuss Marks, have traded on the goodwill associated with them and have misled and will

24   continue to mislead the public into assuming a connection between DSE and the Infringing Work

25   by Defendants' continued use of the Dr. Seuss Marks, even though such use is not authorized by

26   DSE.

27       61.    By falsely suggesting a connection with or sponsorship by DSE, Defendants' use

28   of the Dr. Seuss Marks has caused and is likely to cause public confusion constituting unfair

competition within the meaning of California Business and Professions Code Section 17200 *et seq*.

62.     In addition, Defendants' violations of California Business and Professions Code Section 17200 *et seq*. have caused and, unless enjoined by this Court, will continue to cause irreparable injury to DSE's goodwill, business identity and reputation.  DSE is therefore entitled to a permanent injunction enjoining and restraining Defendants from use of the Infringing Works or any other mark that is confusingly similar to DSE's Dr. Seuss Marks.

## PRAYER FOR RELIEF

WHEREFORE, DSE requests that the Court grant the following relief:

A.     A judgment against Defendants, determining and adjudging:

1.  that Defendants have willfully infringed and are infringing copyrights in the federally registered Dr. Seuss Copyright Works under 17 U.S.C. § 106;

2.  that Defendants have willfully committed and are committing acts of false designation of origin, false or misleading description of fact, or false or misleading representation in violation of DSE's rights under 15 U.S.C. § 1125(a) and California state law;

3.  that Defendants have willfully and deliberately competed unfairly with DSE in violation of DSE's rights under 15 U.S.C. § 1125(a) and California state law;

B.     An Order preliminarily and permanently enjoining Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants from:

1.  infringing the copyrights in the Dr. Seuss Copyrighted Works, including but not limited to continuing to reproduce, distribute, display, market, advertise, promote, produce, sell, or offer for sale the Infringing Work or any works that are derivative of or copied from the Dr. Seuss Copyrighted Works;

DLA Piper LLP (US)
San Francisco

WEST\274176015.5

COMPLAINT

2.   manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any simulation, reproduction, counterfeit, copy, or colorable imitation of the Dr. Seuss Marks or any mark confusingly similar thereto;

3.   using any false designation of origin or false description or statement which can or is likely to lead the public or individuals, erroneously to believe that the Infringing Work has been provided, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for DSE, when such is not true in fact;

4.   engaging in any other activity constituting an infringement of the Dr. Seuss Intellectual Property, or of DSE's rights in, or right to use or to exploit the Dr. Seuss Intellectual Property; and

5.   assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (4) above.

C.   An award to DSE, at its election prior to entry of final judgment, of statutory damages of up to $150,000 for each separate Dr. Seuss Copyrighted Work infringed, for willful infringement pursuant to 17 U.S.C. § 504(c), or DSE's actual damages sustained as a result of Defendants' acts of copyright infringement according to proof and Defendants' profits obtained as a result of their acts of copyright infringement according to proof;

D.   An Order requiring Defendants to account and pay over to DSE all gains, profits, and advantages derived by them as a result of its infringement of the Dr. Seuss Marks to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117;

E.   An award to DSE of such damages as it has sustained by reason of Defendants' infringement of the Dr. Seuss Marks; and that, because of the willful nature of said infringement,

1   the Court enter judgment for DSE for three times of the amount of said damages, pursuant to

2   Section 35 of the Lanham Act, 15 U.S.C. § 1117;

3       F.      An award to DSE of its costs and expenses incurred in the investigation and

4   prosecution of this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505 and

5   Section 35 of the Lanham Act, 15 U.S.C. § 1117; and

6       G.      Such other and further relief as the Court deems just and proper.

7

8   Dated: November 10, 2016

9                                                    DLA PIPER LLP (US)

10  Of Counsel:                                      /s/ Gina Durham
                                                     GINA L. DURHAM (Bar No. 295910)
11  Tamar Y. Duvdevani (*pro hac vice* pending)      555 Mission Street, Suite 2400
    Marc E. Miller (*pro hac vice* pending)          San Francisco, California  94105-2933
12  DLA PIPER LLP (US)                               Tel:  415.836.2500
13  1251 Avenue of the Americas                      Fax:  415.836.2501
    New York, New York  10020-1104
14  Tel:  212.335.4500
    Fax: 212.335.4501
15                                                   *Attorneys for Plaintiff*
16  Ryan Compton (*pro hac vice* pending)            *Dr. Seuss Enterprises, L.P.*
    James Stewart (*pro hac vice* pending)
17  DLA PIPER LLP (US)
18  500 Eight Street, NW
    Washington, D.C. 20004
19  Tel:  202.799.4000
    Fax: 202.799.5000

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2

3
    DSE hereby demands a trial by jury on all issues and claims so triable.

4
Dated: November 10, 2016

5
                                                    DLA PIPER LLP (US)
6

Of Counsel:                                         /s/ Gina Durham
7                                                   GINA L. DURHAM (Bar No. 295910)
Tamar Y. Duvdevani (*pro hac vice* pending)         555 Mission Street, Suite 2400
8
Marc E. Miller (*pro hac vice* pending)             San Francisco, California  94105-2933
9
DLA PIPER LLP (US)                                  Tel:  415.836.2500
1251 Avenue of the Americas                         Fax:  415.836.2501
10
New York, New York  10020-1104
Tel:  212.335.4500
11
Fax: 212.335.4501                                   *Attorneys for Plaintiff*
                                                    *Dr. Seuss Enterprises, L.P.*
12
Ryan Compton (*pro hac vice* pending)
13
James Stewart (*pro hac vice* pending)
DLA PIPER LLP (US)
14
500 Eight Street, NW
Washington, D.C. 20004
15
Tel:  202.799.4000
Fax: 202.799.5000
16

17

18

19

20

21

22

23

24

25

26

27

28

## **APPENDIX A: COPYRIGHTED DR. SEUSS WORKS**

1.      *How the Grinch Stole Christmas!,* U.S. Copyright Registration No. A 312043, Renewal Registration No. RE 238319.

2.      *The Lorax,* U.S. Copyright Registration No. A 301289, Renewal Registration No. RE 805038.

3.      *Horton Hears a Who,* U.S. Copyright Registration No. A 152927, Renewal Registration No. RE 115184.

4.      *The Sneetches and Other Stories,* U.S. Copyright Registration No. A 543386, Renewal Registration No. RE 425704.

5.      *Oh, the Places You'll Go!,* U.S. Copyright Registration No. VA-430950.

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\274176015.5

COMPLAINT