Dan Booth (MA Bar No. 672090)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
dbooth@boothsweet.com
(617) 250-8602
*Admitted Pro Hac Vice*

Michael Licari (SBN 265241)
D'EGIDIO LICARI & TOWNSEND, APC
5402 Ruffin Road, Suite 209
San Diego, CA 92123
mlicari@deltlaw.com
(619) 550-3011
*Local Counsel*

*Attorneys for Defendant ComicMix LLC*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DR. SEUSS ENTERPRISES, L.P.**, <br><br>Plaintiff,<br><br>v.<br><br>**COMICMIX LLC**; **GLENN HAUMAN**; **DAVID JERROLD FRIEDMAN** a/k/a **DAVID GERROLD**; and **TY TEMPLETON**,<br><br>Defendants. | Case No. 3:16-cv-02279-JLS-BGS<br><br>**COMICMIX LLC'S REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201**<br><br>Assigned to Hon. Janis L. Sammartino United States District Judge<br><br>Hearing Date: March 16, 2017<br>Hearing Time: 1:30 p.m.<br>Hearing Place: Schwartz Courthouse, Courtroom 4A |

Defendant ComicMix LLC ("ComicMix"), in support of its Request for Judicial Notice pursuant to Federal Rule of Evidence 201 ("Request") (ECF No. 8-2), respectfully submits this reply to Plaintiff Dr. Seuss Enterprises L.P's ("DSE") Opposition (ECF No. 23) to the Request.

DSE objects to judicial notice of all six exhibits proffered in the Request, including the most material evidence in the case, DSE's allegedly infringed book *Oh, the Places You'll Go!* ("*Go!*") (ECF No. 8-10) and the only allegedly infringing work, ComicMix's unpublished book *Oh, the Places You'll Boldly Go* ("*Boldly*")

(ECF No. 8-9), though DSE included excerpts from both books and repeatedly referenced both in its Complaint (ECF No. 1). DSE opposes judicial notice of the contents of the public website page on Kickstarter.com on which ComicMix ran a crowdfunding campaign for *Boldly* (ECF No. 8-5), though the Complaint quotes from the website at length, describes the measures DSE took to have public access to the website page disabled, and mischaracterizes as including an admission of "blatant and willful infringement." Compl. ¶¶ 34-35, 40-41. DSE opposes judicial notice of the publicly available record of DSE's takedown notice for the website page (ECF No. 8-6), though it trumpeted that notice in the Complaint (¶ 40), and of the website page as it appears now that the campaign has been hidden from public view at DSE's behest (ECF No. 8-7), and of a letter from ComicMix's counsel (ECF No. 8-8), also referenced in the Complaint (¶ 43). Not done, the Opposition opposes judicial notice of the iconic opening monologue from the *Star Trek* series; and, though such notice was not requested, of nineteen episodes of the series.

This sweeping Opposition fails to include valid reasons to deny the Request, offering only perfunctory challenges to otherwise proper exhibits. DSE has every reason to know that the materials it opposes are genuinely what they are proffered to be, as DSE does not deny. The Request should be granted in full.

**A.    Exhibits 1-3 (Kickstarter pages) are proper subjects of judicial notice.**

As DSE concedes, its Complaint references both ComicMix's Kickstarter campaign webpage (the "campaign page") and DSE's DMCA takedown notice to Kickstarter, PBC. *See* Request Ex. 1 & 2. Nevertheless, DSE contends that the complaint does not materially rely on either. Opp. p. 7. But the Court must have the full record at hand.

DSE quotes liberally from the campaign page, falsely characterizing it as containing an admission by ComicMix of "blatant and willful infringement." Compl. ¶ 35; *see also* DSE's Opposition to Motion to Dismiss (ECF No. 22) p. 10 (claiming that "Defendants admitted their willful and blatant infringement, and recognized that

the Infringing Work was likely not a parody.") (citing Compl. ¶ 35). DSE's DMCA takedown notice cited in the Complaint is the predicate cause of this action, employed by DSE to suppress ComicMix's non-infringing fair use of its works. DSE's assertion that it does not substantially rely on either the campaign page or its DMCA takedown notice is patently wrong. The Court must review the campaign page to determine that it does not contain any admission of willful infringement as alleged, or any concession that *Boldly* is "likely not a parody." And it must review the notice that brought the campaign page down, and brought this action into court. It must also review the current status of the campaign page. Request Ex. 3. DSE alleges that "Kickstarter disabled access" to the campaign page pursuant to the DMCA after receiving DSE's notice. Compl. ¶¶ 40-41. The Complaint invites review of the notice of infringement that replaced the campaign page in DSE's wake.

Mindful that "allowing disputes about document authenticity to stretch out instead of resolving them early has resulted in needless delay and waste of resources[,]" *Park v. Webloyalty.com, Inc.*, No. 12cv1380-LAB (JMA), 2014 U.S. Dist. LEXIS 138340, at *21 (S.D. Cal. Aug. 5, 2014), ComicMix attaches along with this reply an affidavit of Glenn Hauman, in which he attests based on personal knowledge that Exhibit 1 accurately reflects the campaign page both as it appeared as of the filing of this complaint, and as it appeared when it launched on August 31, 2016, with all updates thereto distinct and evident on the face of the Exhibit. Under this Court's power to manage its docket, ComicMix requests this affidavit be entered on the record.

DSE notably does not deny that the Kickstarter pages provided as Exhibits 1-3 to the Request are an accurate reflection of the contents of the website as contended in the Request and the supporting affidavits. Indeed, the campaign page in Exhibit 1 is substantially as it appeared the day DSE's counsel first saw it, on or about September 28, 2016, when it inspired DSE's first demand against ComicMix (*see* Compl. ¶ 34-36). Hauman Aff. ¶ 10 ("The only changes made to the content of the

campaign page after we received the September 28, 2016 letter were the two updates I posted under the "Updates" tab on September 29 and 30, 2016."). The campaign page in Exhibit 1 is a complete, fair and accurate representation of the campaign page as it appeared on the last date any change was made to its contents, September 30, 2016, and thereafter, including on October 7, 2016, when DSE's counsel demanded that Kickstarter, PBC take the campaign page down (*see* Compl. ¶¶ 40-41; Hauman Aff. ¶¶ 5, 8, 11-12 & 15-20). In other words, DSE has every reason to know that the Exhibit is authentic. It also has every reason to know that Exhibit 2, showing Kickstarter's public record of the takedown notice sent by DSE's counsel is a fair and accurate representation of the notice. And it has every reason to know that Exhibit 3 is a fair and accurate representation of the replacement page currently displayed instead of the campaign page, at the campaign page's Internet address. It has no reason to dispute their authenticity.

At least Exhibit 1 should be deemed incorporated by reference. Where the Complaint materially relies on the campaign page, takedown notice, and the fact of the takedown, and where there can be no reasonable dispute to the authenticity of the Exhibits depicting webpages that reflect the same, this Court must take judicial notice of Exhibits 1-3.

**B.     Exhibit 4 (October 28, 2016 letter) is a proper subject of judicial notice.**

DSE contends that Exhibit 4 to the Request, an October 28, 2016 letter from counsel, is not subject to judicial notice. Opp. pp. 5-7. DSE does not dispute that the letter, received by its counsel in this action, is authentic. After describing its contents at such length in the complaint, Compl. ¶ 43, that the letter is likely incorporated by reference, DSE oddly now contends the letter is "irrelevant." Opp. p. 5. More substantively, DSE objects to judicial notice on the grounds that "the Court may not take judicial notice of disputed facts contained in a document." Opp. p. 6. ComicMix did not and does not request notice of disputed facts.

  However, ComicMix requests notice of an undisputed fact evidenced by the letter: before the complaint was filed, its counsel asserted in detail to DSE that *Boldly* is not an infringement under copyright law and under trademark law. *See* ECF No. 8-8. While the Court need not take judicial notice that the book *is* a fair use, it can take notice that ComicMix *maintained* that it is. That is undeniably relevant. The same day that DSE filed its opposition, it filed a brief arguing that ComicMix has "contriv[ed] a post hoc 'transformative purpose' for [*Boldly*]," further calling it "ComicMix's re-characterization of the Infringing Work's content, after a lawsuit has been filed." ECF No. 22 p. 10. The Court is entitled to take judicial notice of the fact that ComicMix gave DSE an explanation of its position on the transformative nature of *Boldly*, before the Complaint was filed.

  DSE's exposition of *Theta Chi* does not change its relevance or application to the instant Request. The *Theta Chi* court took "judicial notice of the fact that counsel made particular statements" in two emails between counsel. *Theta Chi Fraternity, Inc. v. Leland Stanford Junior Univ.*, No. 16-cv- 01336-RMW, 2016 U.S. Dist. LEXIS 1168 at *13 (N.D. Cal. Aug. 30, 2016). That is all that ComicMix requests, not judicial notice of the truth of any statement made therein. The Court need not assume the truth of a statement when it takes notice that the statement was made. *Id.* DSE's insistence that the letter is being introduced to prove the truth of ComicMix's legal conclusions conflates the requirements of judicial notice and incorporation by reference. See *City of Roseville Emples. Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1108 (E.D. Wash. Aug. 5, 2013) (contrasting requirements for judicial notice and incorporation by reference in the context of a 12(b)(6) motion). DSE's citation to *Trenches, Inc. v. Hanover Ins. Co.*, No. SACV 12-627 AG (RNBx), 2012 U.S. Dist. LEXIS 190868 (C.D. Cal. Aug. 10, 2012), is misleading and inapposite. The *Trenches* court declined to take judicial notice of a letter sent by a lawyer that was neither "attached to or referenced in the Complaint." *Id.* The letter from counsel attached to the Request, on the other hand, was discussed at length in the Complaint,

so DSE raised the letter up for judicial consideration. DSE does not, and cannot, object to the letter on any applicable grounds, so the request for judicial notice of Exhibit 4 must be granted.

**C.     Exhibits 5 & 6 (*Boldly* and *Go!*) are proper subjects of judicial notice.**

This case revolves around *Boldly*, the only alleged "Infringing Work" in the Complaint, and *Go!*, the Dr. Seuss book for which DSE's claims of infringement are most vigorous. DSE nevertheless sought to "surv[ive] a Rule 12(b)(6) motion by deliberately omitting … documents upon which their claims are based[.]" *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (internal quotations and citations omitted). The books are central to DSE's claims and referenced throughout the Complaint. But DSE seeks to limit comparison of the books, for purposes of the pending motion to dismiss (ECF No. 8), to only the seven "examples" excerpted in its Complaint. Compl. ¶ 28. DSE's position is that "the Court's review of the content of these works has only minimal relevance to the issue presently before the Court on ComicMix's motion," namely, fair use. Opp. p. 7. On the contrary, the Court's review of the content of Exhibits 5 and 6 to the Request is essential, as the motion cannot be reasonably resolved otherwise. DSE itself requests such review. ECF No. 22 p. 13. DSE "cannot now seek to delay potential resolution of this action by asserting that this Court may not review the material it claims is infringing and has specifically identified in its Complaint." *City of Inglewood v. Texeria*, No. CV-15-01815-MWF (MRWx), 2015 U.S. Dist. LEXIS 114539 at *5 (C.D. Cal. Aug. 20, 2015).

DSE contends that it would not be proper to only admit *Oh, The Places You'll Go!* where ComicMix's work "also misappropriates key protected elements" of other Dr. Seuss books. Opp. p. 8. DSE cannot fail to attach to the complaint materials that it deems necessary to resolve dispositive issues and then be heard to complain if the review proceeds regardless. DSE's failure to produce evidence that it claims is relevant is not a reasonable basis to exclude otherwise relevant evidence from

consideration. Moreover, the record before the Court is complete. The Complaint includes the only pages from the other Dr. Seuss books that could plausibly be at issue, *see* Compl. ¶ 28 *et. seq.*, so review of the materials presented, including the illustrations in the Complaint along with Exhibits 5 and 6 to the Request, will cover all relevant works at issue. Of the four Dr. Seuss books other than *Go!*, two are represented in the Complaint to the full extent that they are referenced in *Boldly*, while the other two are not referenced in *Boldly* at all, and the Complaint provides no basis to find otherwise. *See* ECF No. 8-1 p. 9 n.7. When a motion to dismiss for failure to state a claim under Rule 12(b)(6) is under consideration, the plaintiff's failure to render its claim plausible does not inure in its favor.

For these reasons, and those stated in the Request, this Court should grant ComicMix's request for judicial notice of Exhibits 5 and 6.

**C.   The *Star Trek* opening monologue is a proper subject of judicial notice.**

In requesting this Court take judicial notice of the original *Star Trek* opening monologue (the "Monologue"), ComicMix has submitted the entire text in its Request (p. 5 ln. 4-7; *see also* ECF No. 8-1 p. 7) but also links to both a YouTube page featuring a video of the Monologue, as well as a page from the National Air and Space Museum hosting both the text and video of the Monologue. Request p. 5 ln. 11-12. DSE objects on the grounds that the facts are not generally known or readily determined, and that authenticity has not been shown.

As a threshold matter, the Monologue *is* referenced in the complaint, at least inferentially. DSE emphasizes that *Boldly* "purports to be an amalgamation of [DSE's] works and certain characters, imagery, and other elements from *Star Trek*, the well-known entertainment franchise created by Gene Roddenberry." Compl. ¶ 18. DSE repeatedly cites ComicMix's book and its title, *Oh, the Places You'll Boldly Go!* As explained in the Request, the title invokes not only DSE's *Go!* but also the famous split infinitive in the Monologue's last line: "to boldly go where no man has gone before." Request p. 5.

Judicial notice of materials on a museum website is proper because their accuracy cannot be reasonably questioned. *Cairns v. Franklin Mint Co.*, 107 F. Supp. 2d 1212, 1216 (C.D. Cal. 2000). Judicial notice of government websites is proper where there are no disputes to authenticity of the website or the accuracy of the information therein. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010). DSE cannot reasonably contend that the Smithsonian Institution's National Air and Space Museum website is somehow not authentic, or that the text of the Monologue is not as it appears on the website. DSE argues that "[s]ignificant questions regarding the authenticity of the Monologue are also raised because [ComicMix] has not attached any copies." Opp. p. 13 ln. 7. Yet addition to providing a textual basis for the Monologue, ComicMix has also provided access to two websites, including a website of a museum administered by the federal government, that evidence the text of the Monologue.

Moreover, the Monologue is sufficiently renowned and recognized that it is generally known within the Court's jurisdiction. It is part of one of the most iconic television opening credit sequences of all time. As Merriam-Webster has explained, "'to boldly go' is almost invariably the first example that comes to mind whenever one is asked for an example of a *split infinitive*[.]" Usage Notes, *To Boldly Go: Star Trek & the Split Infinitive*, Merriam-Webster online, https://www.merriam-webster.com/words-at-play/to-boldly-split-infinitives (accessed Feb. 9, 2017). DSE's hearsay objection, Opp. pp. 8-9, is irrelevant because ComicMix does not request, for purposes of the instant Request, that the Court consider the Monologue for its truth. Because the contents of the Monologue are readily accessible and no reasonable argument can be made against their authenticity, they are a proper subject of judicial notice and must be included.

## CONCLUSION

For the foregoing reasons this Court must grant ComicMix's Request for Judicial Notice in its entirety.

Respectfully submitted,

DATED: February 9, 2017

| BOOTH SWEET LLP | D'EGIDIO LICARI & TOWNSEND, APC |
|---|---|
| */s/ Dan Booth* | */s/ Michael Licari* |
| Dan Booth | Michael Licari |
| *Pro Hac Vice Pending* | *Local Counsel* |

*Attorneys for Defendant ComicMix LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this February 9, 2017 I electronically filed the foregoing document by using the Court's ECF system, thereby causing a true copy thereof to be served upon counsel of record for each party to have appeared to date, as identified on the Notice of Electronic Filing.

/s/   Dan Booth