GINA L. DURHAM (Bar No. 295910)
gina.durham@dlapiper.com
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, California  94105-2933
Tel:  415.836.2500
Fax:  415.836.2501

STANLEY J. PANIKOWSKI (Bar No. 224232)
stanley.panikowski@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101
Tel:  619.699.2700
Fax:  619.699.2701

*Attorneys for Plaintiff*
*Dr. Seuss Enterprises, L.P.*

Tamar Y. Duvdevani (admitted *pro hac vice*)
tamar.duvdevani@dlapiper.com
Marc E. Miller (admitted *pro hac vice*)
marc.miller@dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York  10020-1104
Tel:  212.335.4500
Fax: 212.335.4501

Ryan Compton (admitted *pro hac vice*)
ryan.compton@dlapiper.com
James Stewart (admitted *pro hac vice*)
james.stewart@dlapiper.com
DLA PIPER LLP (US)
500 Eight Street, NW
Washington, D.C. 20004
Tel: 202.799.4000
Fax: 202.799.5000

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. SEUSS ENTERPRISES, L.P., a California limited partnership,<br><br>            Plaintiff,<br><br>      v.<br><br>COMICMIX LLC, a Connecticut limited liability company; MR. GLENN HAUMAN, an individual; MR. DAVID JERROLD FRIEDMAN A/K/A DAVID GERROLD, an individual; and MR. TY TEMPLETON, an individual,<br><br>            Defendants. | CASE NO.: 3:16-cv-02779-JLS-BGS<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>   **1.  COPYRIGHT INFRINGEMENT;**<br><br>   **2.  TRADEMARK INFRINGEMENT; AND**<br><br>   **3.  UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiff Dr. Seuss Enterprises, L.P. ("DSE"), by its attorneys, DLA Piper

2    LLP (US), brings this action for copyright infringement, trademark infringement,

3    and unfair competition against defendants ComicMix LLC ("ComicMix"), Mr.

4    David Jerrold Friedman a/k/a David Gerrold ("Gerrold"), Mr. Ty Templeton

5    ("Templeton"), and Mr. Glenn Hauman ("Hauman") (collectively, "Defendants"),

6    and by and for their First Amended Complaint (the "First Amended Complaint")

7    alleges as follows:

8                            **NATURE OF THE ACTION**

9         1.     This is an action for: (a) infringement of registered copyrights in

10   violation of the Copyright Act (17 U.S.C. § 101 *et seq*.); (b) federal trademark

11   infringement in violation of 15 U.S.C. § 1114;  (c) unfair competition and passing

12   off in violation of 15 U.S.C. § 1125(a); and (d) violation of California Business and

13   Professions Code Section 17200, arising out of Defendants' unauthorized

14   exploitation of the works of Theodor S. Geisel, better known under his pseudonym,

15   "Dr. Seuss," one of the most successful children's books authors and illustrators of

16   all time.  Generations of children, and adults, around the world have been

17   entertained and instructed by Dr. Seuss's whimsical stories, unique poetry and

18   drawing style, and beloved characters.  Plaintiff DSE owns the intellectual property,

19   including copyrights and trademarks, in these treasured works—which includes

20   nearly 60 books published over more than a half-century—and it continues to

21   produce new original content, including books, animated and live-action television

22   and film adaptations, theatrical and other works and consumer products.

23        2.     Defendants have created, without DSE's authorization, a book entitled,

24   "Oh, The Places You'll Boldly Go!" (the "Infringing Work"), and have solicited

25   investors to finance their mass production and distribution efforts for the Infringing

26   Work.  The Infringing Work infringes DSE's works by using innumerable

27   copyrighted elements of several well-known Dr. Seuss works, including the works'

28   settings, illustrations, characters, prose, and themes.  The Infringing Work

DLA PIPER LLP (US)
SAN FRANCISCO

FIRST AMENDED COMPLAINT
CASE NO. 3:16-CV-02779-JLS-BGS

1   unabashedly misappropriates DSE's intellectual property to create the "look and

2   feel" of an authorized Dr. Seuss work, while also taking without authorization

3   intellectual property from another rights holder, the owner of intellectual property

4   in the Star Trek works.  Upon information and belief, Defendants have raised nearly

5   $30,000 so far to produce the Infringing Work, and have agreed to a publishing

6   deal, intending to print and ship thousands of copies of the Infringing Work in time

7   for the 2016 holiday season.  Upon information and belief, Defendants have already

8   distributed portions of the Infringing Work online in connection with their

9   fundraising efforts.  Defendants, via the Infringing Work, not only appropriate

10  without authorization and blatantly infringe DSE's valuable copyrights in the Dr.

11  Seuss works, but also mislead and deceive or are likely to mislead or deceive the

12  public as to the Infringing Work's source and as to DSE's approval, sponsorship,

13  endorsement, or licensing of the Infringing Work.  Unless enjoined, Defendants

14  will cause irreparable injury to DSE's goodwill, identity, and reputation, for which

15  DSE has no adequate remedy at law.

16                              **THE PARTIES**

17          3.      Plaintiff DSE is a California limited partnership which owns the

18  copyrights and trademarks, and all related rights to the characters, illustrations and

19  words of the works of Theodor S. Geisel, the author and illustrator of the well-

20  known children's educational books written under the pseudonym "Dr. Seuss."

21          4.      Upon information and belief, defendant ComicMix is a limited liability

22  company organized and existing under the laws of the State of Connecticut with its

23  principal place of business located at 304 Main Avenue, Suite 194, Norwalk,

24  Connecticut 06851, and is doing business in and with the State of California as a

25  publisher and distributor of books, e-books, and webcomics.  Upon information and

26  belief, defendant ComicMix markets, and intends to sell, reproduce, and distribute,

27  the Infringing Work throughout the United States, on the Internet, and in the State

28  of California.

5.     Upon information and belief, defendant Hauman is an individual who resides in the State of New Jersey and is the Co-founder, Vice President, Operations and Production Manager of defendant ComicMix, and is doing business in and with the State of California.  Upon information and belief, defendant Hauman is the editor of the Infringing Work.  Upon information and belief, defendant Hauman intends to sell, reproduce, and distribute, the Infringing Work throughout the United States, on the Internet, and in the State of California.

6.     Upon information and belief, defendant Gerrold is an individual who resides in the State of California.  Upon information and belief, defendant Gerrold is a co-author of the Infringing Work.  Upon information and belief, defendant Gerrold intends to sell, reproduce, and distribute, the Infringing Work throughout the United States, on the Internet, and in the State of California.

7.     Upon information and belief, defendant Templeton is an individual who resides in Toronto, Ontario, and is doing business in and with the State of California.  Upon information and belief, defendant Templeton is the illustrator of the Infringing Work.  Upon information and belief, defendant Templeton intends to sell, reproduce, and distribute, the Infringing Work throughout the United States, on the Internet, and in the State of California.

### JURISDICTION AND VENUE

8.     This action arises under the Copyright Act of 1976 (17 U.S.C. §§ 101, *et seq*.) and the Federal Trademark Act of 1946, known as the Lanham Act (15 U.S.C. § 1125(a)).

9.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) and (b).  This Court also has subject matter jurisdiction over DSE's related claims under state law pursuant to 28 U.S.C. § 1367(a).

10.     This Court has personal jurisdiction over Defendants pursuant to Cal. Code Civ. Proc § 410.10 because some or all of them reside in this state, because

1    all Defendants conduct continuous, systematic, and routine business within this

2    state and this District, and because all Defendants have personally and intentionally

3    planned, authorized, and facilitated infringing acts that have or will take place in

4    California.

5         11.    Venue is proper in this District under 28 U.S.C. §§ 1391 (b) and

6    1400(a) because a substantial part of the events giving rise to DSE's claims arose in

7    this District and because Defendants reside or may be found in this District.

8                              **FACTUAL ALLEGATIONS**

9         **A.    The Dr. Seuss Intellectual Property**

10        12.    Theodor S. Geisel, under the pseudonyms Dr. Seuss and Theo LeSeig,

11   began writing and illustrating children's books at least as early as 1937.  Between

12   1937 and 1990, Theodor S. Geisel wrote, illustrated, and published almost 60 Dr.

13   Seuss and LeSeig books.  After Theodor S. Geisel's death in 1991, DSE published

14   additional Dr. Seuss books written and illustrated by Theodor S. Geisel.  Most of

15   the Dr. Seuss books were written to entertain children, but more importantly, to

16   promote and stimulate children's love of reading and literary skills.

17        13.    Theodor S. Geisel authored the Dr. Seuss books in simple, rhyming,

18   repetitive prose, accompanied by his descriptions and illustrations of characters that

19   are distinctive, recognizable, and appealing to children.  The Dr. Seuss characters

20   are often zany animals with human-like characteristics.  The Dr. Seuss books are set

21   in distinctive, whimsical and fantastical landscapes and created in a style unique to

22   Dr. Seuss that makes them immediately recognizable as Dr. Seuss works.

23        14.    The Dr. Seuss books are iconic, and among the most popular

24   children's books of all time.  The Dr. Seuss books have topped many bestseller

25   lists, sold over 650 million copies worldwide, and been translated into more than a

26   dozen languages.  Children around the world read the Dr. Seuss books, and parents

27   and educators worldwide use the Dr. Seuss books to motivate children, teach

28   community values, and enhance literacy.

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\277519290.1

FIRST AMENDED COMPLAINT
CASE NO. 3:16-CV-02779-JLS-BGS

15.     The Dr. Seuss books and the Dr. Seuss characters are widely-known and recognized throughout the world.  Some of the most well-known Dr. Seuss books, for example, are: *Oh, the Places You'll Go!; The Cat in the Hat*; *Horton Hears a Who*; *How the Grinch Stole Christmas!*; *The Lorax*; *One Fish Two Fish Red Fish Blue Fish*; *Green Eggs and Ham*; *Yertle the Turtle*; *Fox in Socks*; and *The Sneetches and Other Stories*.

16.     The Dr. Seuss books and characters are original works of authorship and constitute copyrightable subject matter under the Copyright Act, 17 U.S.C. §§ 101, *et seq*.  The Dr. Seuss books and characters are duly registered for copyright with the United States Copyright Office.  These copyright registrations are perfected and, where appropriate, have been renewed with the United States Copyright Office and all registrations are in full force.  The United States Copyright Office has issued Certificates of Registration for these works that bear the numbers identified in Appendix A (collectively, the "Dr. Seuss Copyrighted Works").  DSE is the owner of all of these registrations and rights, by assignment.

17.     In addition, DSE is the owner of registered and common law trademark rights in multiple aspects of Dr. Seuss books and various goods that function, individually and collectively, as indicators of source, and make those goods immediately recognizable as deriving from Dr. Seuss.  With respect to this litigation, those aspects include in relevant part: (1) the title OH, THE PLACES YOU'LL GO!; (2) the stylized font used consistently on the front and back covers, spine, and title page of the Dr. Seuss books such that this use of the stylized font has come to be recognized by consumers as a source identifier for Dr. Seuss, and (3) the unique illustration style of the characters and backgrounds found throughout Dr. Seuss books (collectively, the "Unregistered Dr. Seuss Marks").

18.     In connection with its trademark rights in multiple aspects of the Dr. Seuss books and various goods, DSE owns a number of United States trademark registrations.  In fact, DSE uses *Oh, The Places You'll Go!* as an identifier of source

for a variety of goods including for books and other works and consumer products.
DSE currently owns eight United States trademark registrations, plus one pending
application, for OH THE PLACES YOU'LL GO, and one United States trademark
registration for OH, THE PLACES YOU'LL GO! 25TH ANNIVERSARY in
connection with a wide variety of goods, including books and electronic books,
across International Classes 06, 09, 16, 14, 21, 24, 25, 28, 30, 32, 35, 41.  Of
particular relevance to this litigation, DSE owns United States Trademark
Registration No. 5,099,531 for OH THE PLACES YOU'LL GO in connection with
downloadable digital children's books, among other goods (the "OTPYG E-Book
Mark").  The OTPYG E-Book Mark is distinctive and has acquired secondary
meaning in the minds of the public, and is readily associated with Theodor S.
Geisel, Dr. Seuss, and DSE.

19.    As discussed in Paragraph 22 below, DSE is also the owner of a family
of common law trademarks deriving from the title *Oh, The Places You'll Go!*,
which DSE has used in connection with the publication of several books and other
works that are derivative of *Oh, The Places You'll Go!*, such as *Oh, the Places I'll
Go! By ME, Myself*, *Oh, Baby, the Places You'll Go!,* and *Oh, the Places I've Been!
Journal,* and a live-action production titled *Oh! The Stories You'll Hear!*
(collectively, the "OTPYG Title Marks").  The OTPYG Title Marks are distinctive
and have acquired secondary meaning in the minds of the public, and are readily
associated with Theodor S. Geisel, Dr. Seuss, and DSE.

20.    The Unregistered Dr. Seuss Marks, the OTPYG E-Book Mark, and the
OTPYG Title Marks are referred to collectively as the "Dr. Seuss Marks," and
together with the "Dr. Seuss Copyrighted Works," are referred to collectively as the
"Dr. Seuss Intellectual Property".  The Dr. Seuss Marks are well-known and
recognized worldwide.  The Dr. Seuss Marks are distinctive and have acquired
secondary meaning in the minds of the public, and are readily associated with
/////

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\277519290.1

Theodor S. Geisel, Dr. Seuss, and DSE.  As the owner of the Dr. Seuss Marks, DSE enjoys extensive goodwill associated therewith.

21.     DSE oversees a robust publishing program, which includes anniversary editions, reissues in new formats or sizes, and updated editions of the iconic Dr. Seuss books and posthumous releases of Dr. Seuss's previously-unpublished works, such as *What Pet Should I Get?*, published in 2015.  DSE also works with authors and illustrators to create additional authorized Dr. Seuss works.

22.     DSE has published several books that are derivative of *Oh, The Places You'll Go!*, such as *Oh, Baby! Go, Baby!*, *Oh, the Places I'll Go! By ME, Myself*, *Oh, Baby, the Places You'll Go!,* and *Oh, the Places I've Been! Journal,* covers of which are seen below.  Accordingly, the consuming public has come to associate these derivative works and the OTPYG Title Marks with Dr. Seuss, and understands that additional works that include artwork from *Oh, The Places You'll Go!,* have titles similar to *Oh, The Places You'll Go!*, and use the OTPYG Title Marks originate from or are sponsored by Dr. Seuss.



DLA Piper LLP (US)
San Francisco

WEST\277519290.1




23.     DSE also publishes several series, including, for example, the Bright and Early series, which includes works by Dr. Seuss and other authors and illustrators whose works reflect the same source-indicating whimsical, lyrical style of Dr. Seuss's books.  Another DSE series, titled The Cat In The Hat Learning Library, includes books written and illustrated by other authors and artists that are based upon and incorporate the Dr. Seuss Intellectual Property, including the OTPYG Title Marks.  The Cat In The Hat Learning Library series includes titles such as *Oh, The Things You Can Do That Are Good For You!*, *There's No Place Like Space!*, *Oh, The Pets You Can Get!*, and many more.  Examples of the covers of some of these works are seen below.  Notably, "Dr. Seuss" does not appear on any of the below covers, and all of the covers include names of other authors, despite the fact that these works are authorized by DSE and are recognized by the public as Dr. Seuss works.

/////

/////

/////

/////

/////

/////

DLA Piper LLP (US)
San Francisco

WEST\277519290.1

  

24.     In addition to publishing, DSE often licenses the Dr. Seuss Intellectual Property in connection with the creation of new works based upon and incorporating the Dr. Seuss Intellectual Property.  DSE has licensed the Dr. Seuss Intellectual Property in connection with the *Seuss Landing* attraction at the Universal Islands of Adventure theme park in Orlando, Florida, which includes a live-action production titled *Oh! The Stories You'll Hear!* featuring many of Dr. Seuss's well-known and beloved characters and stories.  DSE has also licensed the Dr. Seuss Intellectual Property in connection with the production of several children's television series, including *The Cat In The Hat Knows A Lot About That* educational series on PBS Kids and *The Wubbulous World Of Dr. Seuss*, a live-action/puppet show produced by The Jim Henson Company featuring Dr. Seuss's well-known and beloved characters alongside new, Muppet-like characters created by The Jim Henson Company.

25.     DSE also oversees an extensive licensing and merchandising program that extends the Dr. Seuss Intellectual Property across toys and games, children's apparel, young adult and adult apparel, puzzles and educational kits, home furnishings, cards and stationery, hats, bags, accessories, party supplies, art, collectibles, classroom materials, and fabrics.  Such licensing activities have included collaborations with other rights holders.  Examples of such authorized co-

branding initiatives include everything from co-branded collegiate bibs to Dr. Seuss Chuck Taylors®:

 

26.     DSE's primary focus is to protect the integrity of the Dr. Seuss books while expanding beyond books into ancillary areas through this licensing program. This effort is a strategic part of the overall mission to nurture and safeguard the relationship consumers have with Dr. Seuss books and characters and to control the goodwill associated with Dr. Seuss.

**B.     Defendants' Infringing Use Of The Dr. Seuss Intellectual Property**

27.     Upon information and belief, Defendants' Infringing Work is a book which purports to be an amalgamation of the Dr. Seuss works and certain characters, imagery, and other elements from *Star Trek*, the well-known science fiction entertainment franchise created by Gene Roddenberry.

28.     Upon information and belief, defendant Gerrold authored the text of the Infringing Work and has a meaningful role in its promotion and sale.

29.     Upon information and belief, defendant Templeton illustrated the Infringing Work and has a meaningful role in its promotion and sale.

30.     Upon information and belief, defendant Hauman edited the Infringing Work and has a meaningful role in its promotion and sale.

31.     Upon information and belief, defendant ComicMix is publishing, distributing, promoting, and marketing the Infringing Work.

/////

-10-

32.   Upon information and belief, when Defendants wrote, illustrated, and edited the Infringing Work, and at all times relevant to this action, Defendants had access to and copied the Dr. Seuss Copyrighted Works.

33.   At all times relevant to this action, Defendants have acted without authorization or license from DSE.

34.   At all times relevant to this action, Defendants have acted without authorization or license from CBS Studios, Inc. ("CBS Studios"), the owner of the intellectual property in *Star Trek*.

35.   Defendants have misappropriated many of the most recognizable protected elements of the Dr. Seuss Copyrighted Works into the Infringing Work, including making wholesale slavish copies of the Dr. Seuss Copyrighted Works' distinctive illustrations and text.  The Infringing Work misappropriates key protected elements of *Oh, The Places You'll Go!*, including without limitation its title, story arc, characters, and illustrations.  The Infringing Work also misappropriates key protected elements of *Horton Hears a Who, How the Grinch Stole Christmas!, The Lorax*, and *The Sneetches and Other Stories*, including without limitation characters and illustrations therefrom.

36.   Defendants have also misappropriated and, without permission, used the Dr. Seuss Marks in the Infringing Work.

37.   Set forth below are several examples, among many, of Defendant's slavish copying of the Dr. Seuss Copyrighted Works, which attempt to recreate entire pages from the Dr. Seuss Books with meticulous precision, and thereby infringe both copyrights owned by DSE and the Dr. Seuss Marks:

/////

/////

/////

/////

/////

-11-

1
2
3
4
5
6
7
8
9
10
11



12
13
14
15
16
17
18
19
20
21



22 /////
23 /////
24 /////
25 /////
26 /////
27 /////
28 /////

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\277519290.1

| **Dr. Seuss Work** | **Infringing Work** |
| --- | --- |
|  |  |

| **Dr. Seuss Work** | **Infringing Work** |
| --- | --- |
|  |  |

| **Dr. Seuss Work** | **Infringing Work** |
| --- | --- |

DLA Piper LLP (US)
San Francisco

WEST\277519290.1

FIRST AMENDED COMPLAINT
CASE NO. 3:16-CV-02779-JLS-BGS

| **Dr. Seuss Work** | **Infringing Work** |
|---|---|
|  |  |

| **Dr. Seuss Work** | **Infringing Work** |
|---|---|
|  | |

/////

/////

/////

/////

/////

/////

/////

/////

/////



| Dr. Seuss Work | Infringing Work |

38.    Defendants have willfully misappropriated and used the Dr. Seuss Marks in the Infringing Work with the intent to commercially benefit from the popularity and extensive goodwill associated with the Dr. Seuss Marks.

39.    Defendants deliberately wrote and illustrated the Infringing Work with the intention of imitating the Dr. Seuss Marks, and creating confusion in the minds of the relevant public as to the origin of the Infringing Work and/or deceiving the public as to Dr. Seuss's approval, sponsorship, endorsement, or licensing of the Infringing Work.

40.    For example, by willfully misappropriating the stylized font that DSE uses consistently on the front and back covers, spine, and title page of the Dr. Seuss books which consumers recognize as indicative of a Dr. Seuss book, willfully misappropriating the title OH, THE PLACES YOU'LL GO!, and slavishly copying Dr. Seuss's unique illustration style, Defendants explicitly mislead and confuse consumers as to the Infringing Work's source and falsely suggest that the Infringing Work is sponsored or endorsed by DSE.

41.    Consumers have come to recognize the Dr. Seuss Marks, such as the stylized font, the title OH, THE PLACES YOU'LL GO!, and the unique illustration style, the OTPYG E-Book Mark, and the OTPYG Title Marks as associated with

-15-

1   and originating from DSE as an authorized Dr. Seuss work.  As such, Defendants'

2   unauthorized use of these marks is highly likely to result in consumer confusion,

3   particularly in the ambit of children's books where Plaintiff's books and

4   Defendants' work could appear in commerce side by side on the shelves of

5   bookstores and online.  The inclusion of Defendants' names on the Infringing

6   Work's cover does not alleviate consumer confusion as to Dr. Seuss's approval,

7   sponsorship, endorsement, or licensing of the Infringing Work.  Indeed, as seen in

8   the images below Paragraph 20, it is often the case that DSE works incorporating

9   the Dr. Seuss Intellectual Property are authored and illustrated by individuals other

10  than Dr. Seuss and whose names appear on the cover, credits, and/or other

11  promotional materials, such as the books in the Bright and Early series and the Cat

12  In The Hat Learning Library series or the shows in *The Cat In The Hat Knows A*

13  *Lot About That* and *The Wubbulous World Of Dr. Seuss* children's television series.

14      42.    Defendants have slavishly copied and used the Dr. Seuss Marks in

15  their entirety in the Infringing Work, particularly on the Infringing Work's front

16  cover, back cover, and spine, and title page, where consumers typically find source-

17  identifying information, which exceeds any legitimate referential purpose for such

18  use and creates confusion in the minds of the relevant public as to the origin of the

19  Infringing Work and/or deceiving the public as to Dr. Seuss's approval,

20  sponsorship, endorsement, or licensing of the Infringing Work.

21      43.    Indeed, Defendants could have created their own unique content and

22  illustrations and refrained from blatantly using Dr. Seuss indicia and still have

23  gotten their point across, but they did not.  Instead, Defendants have simply

24  slavishly copied many of the most recognizable and protected elements of the DSE

25  Works in order to get attention and trade off DSE's goodwill, and to avoid the

26  drudgery in working up something fresh.

27      44.    While Defendants included a disclaimer inside the Infringing Work,

28  this disclaimer is ineffective and does not alleviate the potential for consumer

-16-

confusion.  The disclaimer, which is purposely printed in inconspicuously small, fine lettering on the Infringing Work's third page, states: "This is a work of parody, and is not associated with or endorsed by CBS Studios or Dr. Seuss Enterprises, L.P."  Upon information and belief, consumers are not likely to view a fine-print disclaimer located on the third page of a book prior to purchase.  Rather, upon information and belief, consumers look primarily at the front cover, back cover, and spine of a book prior to purchase.  Defendants, however, did not include a disclaimer on the Infringing Work's front cover, back cover, or spine.  Accordingly, the disclaimer is ineffective and does not alleviate the potential for consumer confusion as to Dr. Seuss's approval, sponsorship, endorsement, or licensing of the Infringing Work.  Moreover, the act of blatantly taking intellectual property from two rights holders and calling it a parody or a "mash-up" does not transform infringement into parody or any other form of fair use.

45.     Defendants, without permission, have willfully copied many elements of the Dr. Seuss books that are protected by the copyrights owned by DSE, and intend to further infringe those copyrights by acts of reproduction, distribution, display, and unauthorized creation of derivative works.

46.     It is not uncommon for DSE to license the Dr. Seuss Intellectual Property in connection with the creation of new works based upon, and incorporating, the Dr. Seuss Intellectual Property.  As mentioned herein and discussed above in Paragraphs 21-22, such licensing activities have included collaborations with other rights holders, such as The Jim Henson Company, Universal Studios, and Converse, for example.  In addition, as also mentioned herein and exemplified under Paragraph 19 above, DSE has created or caused to be created works derivative to *Oh, The Places You'll Go!*  Here, however, Defendants created the Infringing Work without license or authorization from DSE, and thereby usurped DSE's licensing opportunities and explicitly caused confusion as to DSE's sponsorship or approval of the Infringing Work.

-17-

47.     As a result of Defendants' aforementioned use of the Dr. Seuss Marks in the Infringing Work, the relevant universe of consumers, including potential purchasers of books in the State of California, are likely to be misled and confused as to the nature, origin, and sponsorship of the Infringing Work, and are likely to form the false impression that the Infringing Work has been authored, approved, licensed, sponsored, endorsed, guaranteed by, or is in some way affiliated with Theodor S. Geisel, Dr. Seuss, DSE, and the Dr. Seuss Marks.

48.     Upon information and belief, defendants have been running a campaign to fund printing and distribution of the Infringing Work on Kickstarter, <www.kickstarter.com>, a crowdfunding website where parties can raise money for various projects.  The Kickstarter page reproduced pages from the Infringing Work.

49.     On its Kickstarter page, Defendants admit that their blatant and willful infringement presents "Risks and challenges" to their project:

> While we firmly believe that our parody, created with
> love and affection, fully falls within the boundary of fair
> use, there may be some people who believe that this
> might be in violation of their intellectual property rights.
> And we may have to spend time and money proving it to
> people in black robes.  And we may even lose that.

50.     After learning of Defendants' unauthorized use and planned uses of the Dr. Seuss Intellectual Property in the Infringing Work, on or about September 28, 2016, the undersigned counsel for DSE sent Defendants a letter asserting DSE's exclusive rights in the Dr. Seuss Intellectual Property, and stating that Defendants' use thereof was an infringement of DSE's rights.  The letter demanded that Defendants immediately cease all use of the Dr. Seuss Intellectual Property.

51.     Defendants did not respond to the September 28, 2016 letter.

52.     On or about October 7, 2016, the undersigned counsel for DSE sent Defendants an additional letter reiterating its previous demands, and requesting Defendants' immediate substantive response thereto.

-18-

53.     Defendants did not substantively respond to the October 7, 2016 letter either.

54.     On or about October 7, 2016, the undersigned counsel for DSE sent a notice, pursuant to 17 U.S.C. § 512(c)(1)(C), to Kickstarter asserting DSE's exclusive rights in the Dr. Seuss Copyrighted Works, and stating that Defendants' use thereof was an infringement of DSE's rights.

55.     On or about October 7, 2016, Kickstarter disabled access to Defendants' campaign, pursuant to 17 U.S.C. § 512(g).

56.     On or about October 25, 2016, the undersigned counsel for DSE sent Defendants an additional letter reiterating its previous demands, and requesting Defendants' immediate substantive response thereto.

57.     On or about October 28, 2016, counsel for Defendant ComicMix sent a letter to the undersigned counsel for DSE responding to DSE's October 7 takedown notice to Kickstarter, refusing DSE's demands to cease all use of the Dr. Seuss Intellectual Property, threatening to pursue claims for tortious interference, unfair business practices, and violations of 17 U.S.C. § 512(f), and advising that Defendants would be sending a counter-notice, pursuant to 17 U.S.C. § 512(g)(3), to Kickstarter to reinstate its campaign.

58.     On or about October 31, 2016, counsel for Defendant ComicMix sent a counter-notice, pursuant to 17 U.S.C. § 512(g)(3), to Kickstarter.

59.     On or about February 27, 2017, counsel for CBS Studios, the owner of the intellectual property in *Star Trek*, sent Defendants a letter asserting CBS Studios' exclusive rights in the intellectual property in *Star Trek*, and stating that Defendants' use thereof was an infringement of CBS Studios' rights.  The letter demanded that Defendants immediately cease all use of the intellectual property in *Star Trek*.

/////

/////

## COUNT I
### Copyright Infringement, 17 U.S.C. § 106
### (Against All Defendants)

60.    DSE repeats and realleges every allegation in Paragraphs 1 through 59 of its First Amended Complaint as if fully set forth herein.

61.    The Dr. Seuss Copyrighted Works constitute copyrightable subject matter under the Copyright Act, 17 U.S.C. §§ 101, *et seq*.  DSE has recorded the copyrights in and to the Dr. Seuss Copyrighted Works with the United States Copyright Office and have complied with all applicable statutory registration and renewal requirements, and with the requirements of 17 U.S.C. §411 regarding registration of copyrights preceding an infringement action.

62.    Upon information and belief, in direct violation of DSE's exclusive rights, Defendants have directly infringed, and unless enjoined by this Court, will continue to infringe the copyrights in the Dr. Seuss Copyrighted Works by, among other things:

        a.  Preparing unauthorized derivative works of the Dr. Seuss Copyrighted Works in the form of the Infringing Work;

        b.  Reproducing copyrighted elements of the Dr. Seuss Copyrighted Works in the Infringing Work;

        c.  Distributing copies of the Infringing Work, which contains copyrighted elements of the Dr. Seuss Copyrighted Works;

        d.  Displaying or causing display of the Infringing Work, which contains copyrighted elements of the Dr. Seuss Copyrighted Works.

63.    As a direct and proximate result of the foregoing acts, DSE has been damaged and has suffered, and will continue to suffer, significant damages, in an amount to be proved at trial.

64.    Upon information and belief, Defendants have infringed the copyrights in the Dr. Seuss Copyrighted Works with actual or constructive knowledge of

-20-

1  DSE's rights such that said acts of copyright infringement were, and continue to be,

2  willful and intentional.

3       65.    In addition, Defendants' violations of the Copyright Act have caused

4  and, unless enjoined by this Court, will continue to cause irreparable injury to DSE.

5  DSE is therefore entitled to a preliminary and permanent injunction enjoining and

6  restraining Defendants from infringing the copyrights in the Dr. Seuss Copyrighted

7  Works, including but not limited to continuing to reproduce, distribute, display,

8  market, advertise, promote, produce, sell, or offer for sale the Infringing Work or

9  any works that are derivative of or copied from the Dr. Seuss Copyrighted Works.

10                              **COUNT II**
                   **Lanham Act Violation, 15 U.S.C. § 1114**
11                        **(Against All Defendants)**

12       66.    DSE repeats and realleges every allegation in Paragraphs 1 through 65

13  of its First Amended Complaint as if fully set forth herein.

14       67.    DSE owns United States Trademark Registration No. 5,099,531 for

15  OH THE PLACES YOU'LL GO in connection with downloadable digital

16  children's books, among other goods, which, as alleged above, is referred to as the

17  OTPYG E-Book Mark.

18       68.    The OTPYG E-Book Mark is distinctive and has acquired secondary

19  meaning in the minds of the public, and is readily associated with Theodor S.

20  Geisel, Dr. Seuss, and DSE.

21       69.    Defendants' unauthorized use of DSE's OTPYG E-Book Mark, or a

22  confusingly similar copy or colorable imitation thereof, in connection with the sale,

23  offering for sale, distribution, or advertising of the Infringing Work is highly likely

24  to cause confusion, or to cause mistake, or to deceive as to Dr. Seuss's approval,

25  sponsorship, endorsement, or licensing of the Infringing Work in violation of 15

26  U.S.C. § 1114(1).

27  /////

28  /////

70.    As a direct and proximate result of the foregoing acts, DSE has been damaged and has suffered, and will continue to suffer, significant damages, in an amount to be proved at trial.

71.    Defendants' use of the OTPYG E-Book Mark, or a confusingly similar copy or colorable imitation thereof, in connection with the sale, offering for sale, distribution, or advertising of the Infringing Work was and is without consent from DSE, and constitutes willful and intentional infringement of DSE's OTPYG E-Book Mark.  Pursuant to 15 U.S.C. § 1117(a), DSE is entitled to recover its reasonable attorneys' fees incurred in this action.

72.    Defendants' violations of 15 U.S.C. § 1114(1) have also caused, and, unless enjoined by this Court, will continue to cause, irreparable injury to DSE which is not fully compensable in monetary damages.  DSE is therefore entitled to a permanent injunction enjoining and restraining Defendants from use of the OTPYG E-Book Mark or any other mark that is confusingly similar to the OTPYG E-Book Mark.

### COUNT III
#### Lanham Act Violation, 15 U.S.C. § 1125(a)
#### (Against All Defendants)

73.    DSE repeats and realleges every allegation in Paragraphs 1 through 72 of its First Amended Complaint as if fully set forth herein.

74.    The Dr. Seuss Marks are distinctive and have acquired secondary meaning in the minds of the public, and are associated with Theodor S. Geisel, Dr. Seuss, and DSE.

75.    Defendants' use of the Dr. Seuss Marks and any colorable imitation of DSE's Dr. Seuss Marks in the Infringing Works, is a use in commerce of any word, term, name, symbol, or device, or combination thereof, and a false designation of origin, which is likely to cause confusion or mistake in the public mind or to deceive the public, as to the affiliation, connection or association of Defendants

/////

-22-

with Theodor S. Geisel, Dr. Seuss, and DSE, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by DSE.

76.     Defendants' willful misappropriation of the stylized font that DSE uses consistently throughout the Dr. Seuss books, willful misappropriation of the title OH, THE PLACES YOU'LL GO!, and slavish copying of Dr. Seuss's unique illustration style explicitly misleads and confuses consumers as to the Infringing Work's source and falsely suggests that the Infringing Work is sponsored or endorsed by DSE.

77.     Defendants' fine-print disclaimer buried on the Infringing Work's third page is ineffective and does not alleviate the potential for consumer confusion as to DSE's approval, sponsorship, endorsement, or licensing of the Infringing Work.

78.     Defendants' acts constitute false designation of origin, false endorsement, and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

79.     As a direct and proximate result of the foregoing acts, DSE has been damaged and has suffered, and will continue to suffer, significant damages, in an amount to be proved at trial.

80.     Defendants' conduct has been intentional and willful and is calculated specifically to trade off the goodwill that DSE has developed in its Dr. Seuss Marks.  Pursuant to 15 U.S.C. § 1117(a), DSE is entitled to recover its reasonable attorneys' fees incurred in this action.

81.     In addition, Defendants' violations of 15 U.S.C. § 1125(a) have caused and, unless enjoined by this Court, will continue to cause irreparable injury to DSE's goodwill, business identity and reputation.  DSE is therefore entitled to a preliminary and permanent injunction enjoining and restraining Defendants from use of the Infringing Works or any other mark that is confusingly similar to DSE's Dr. Seuss Marks.

/////

DLA PIPER LLP (US)
SAN FRANCISCO

WEST\277519290.1

**COUNT IV**
**California Statutory Unfair Competition, Business and Professions**
**Code § 17200**
**(Against All Defendants)**

82.    DSE repeats and realleges every allegation in Paragraphs 1 through 81 of its First Amended Complaint as if fully set forth herein.

83.    DSE is the exclusive owner of the common law trademark rights in the Dr. Seuss Marks.  No license or authorization has been granted to Defendants to use any of these marks, or variations thereon.

84.    Defendants, with full knowledge of the public awareness and value of the Dr. Seuss Marks, have traded on the goodwill associated with them and have misled and will continue to mislead the public into assuming a connection between DSE and the Infringing Work by Defendants' continued use of the Dr. Seuss Marks, even though such use is not authorized by DSE.

85.    By willfully misappropriating the stylized font that DSE uses consistently throughout the Dr. Seuss books, willfully misappropriating the title OH, THE PLACES YOU'LL GO!, and slavishly copying Dr. Seuss's unique illustration style, Defendants have explicitly mislead and confused consumers as to the Infringing Work's source and falsely suggest that the Infringing Work is sponsored or endorsed by DSE constituting unfair competition within the meaning of California Business and Professions Code Section 17200 *et seq.*

86.    By falsely suggesting a connection with or sponsorship by DSE, Defendants' use of the Dr. Seuss Marks has caused and is likely to cause public confusion constituting unfair competition within the meaning of California Business and Professions Code Section 17200 *et seq.*

87.    In addition, Defendants' violations of California Business and Professions Code Section 17200 *et seq.* have caused and, unless enjoined by this Court, will continue to cause irreparable injury to DSE's goodwill, business identity and reputation.  DSE is therefore entitled to a permanent injunction enjoining and

-24-

restraining Defendants from use of the Infringing Works or any other mark that is confusingly similar to DSE's Dr. Seuss Marks.

## PRAYER FOR RELIEF

WHEREFORE, DSE requests that the Court grant the following relief:

A.    A judgment against Defendants, determining and adjudging:

1. that Defendants have willfully infringed and are infringing copyrights in the federally registered Dr. Seuss Copyright Works under 17 U.S.C. § 106;

2. that Defendants have willfully infringed and are infringing DSE's rights in United States Trademark Registration No. 5,099,531 by using a reproduction, copy, or colorable imitation of DSE's OTPYG E-Book Mark that is likely to cause confusion, mistake, or to deceive, in violation of 15 U.S.C. § 1114(1);

3. that Defendants have willfully committed and are committing acts of false designation of origin, false or misleading description of fact, or false or misleading representation in violation of DSE's rights under 15 U.S.C. § 1125(a) and California state law;

4. that Defendants have willfully and deliberately competed unfairly with DSE in violation of DSE's rights under 15 U.S.C. § 1125(a) and California state law;

B.    An Order preliminarily and permanently enjoining Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants from:

1. infringing the copyrights in the Dr. Seuss Copyrighted Works, including but not limited to continuing to reproduce, distribute, display, market, advertise, promote, produce, sell, or offer for

-25-

sale the Infringing Work or any works that are derivative of or copied from the Dr. Seuss Copyrighted Works;

2. manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any simulation, reproduction, counterfeit, copy, or colorable imitation of the OTPYG E-Book Mark or any mark confusingly similar thereto;

3. manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any simulation, reproduction, counterfeit, copy, or colorable imitation of the Dr. Seuss Marks or any mark confusingly similar thereto;

4. using any false designation of origin or false description or statement which can or is likely to lead the public or individuals, erroneously to believe that the Infringing Work has been provided, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for DSE, when such is not true in fact;

5. engaging in any other activity constituting an infringement of the Dr. Seuss Intellectual Property, or of DSE's rights in, or right to use or to exploit the Dr. Seuss Intellectual Property; and

6. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (5) above.

C. An award to DSE, at its election prior to entry of final judgment, of statutory damages of up to $150,000 for each separate Dr. Seuss Copyrighted Work infringed, for willful infringement pursuant to 17 U.S.C. § 504(c), or DSE's actual

-26-

damages sustained as a result of Defendants' acts of copyright infringement according to proof and Defendants' profits obtained as a result of their acts of copyright infringement according to proof;

D.     An Order requiring Defendants to account and pay over to DSE all gains, profits, and advantages derived by them as a result of its infringement of the Dr. Seuss Marks to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117;

E.     An award to DSE of such damages as it has sustained by reason of Defendants' infringement of the Dr. Seuss Marks; and that, because of the willful nature of said infringement, the Court enter judgment for DSE for three times of the amount of said damages, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

F.     An award to DSE of its costs and expenses incurred in the investigation and prosecution of this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505 and Section 35 of the Lanham Act, 15 U.S.C. § 1117; and

G.     Such other and further relief as the Court deems just and proper.

Dated:       June 22, 2017

DLA PIPER LLP (US)

Of Counsel:

By:   */s/ Gina Durham*
      GINA L. DURHAM (Bar No. 295910)
      555 Mission Street, Suite 2400
      San Francisco, California  94105-2933
      Tel:  415.836.2500
      Fax:  415.836.2501

Tamar Y. Duvdevani (*pro hac vice*)
Marc E. Miller (*pro hac vice*)
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York  10020-1104
Tel:  212.335.4500
Fax: 212.335.4501

Ryan Compton (*pro hac vice*)
James Stewart (*pro hac vice*)
DLA PIPER LLP (US)
500 Eight Street, NW
Washington, D.C. 20004
Tel:  202.799.4000
Fax: 202.799.5000

STANLEY J. PANIKOWSKI
401 B Street, Suite 1700
San Diego, CA 92101
Tel:  619.699.2700
Fax:  619.699.2701

*Attorneys for Plaintiff*
*Dr. Seuss Enterprises, L.P.*

1

## **DEMAND FOR JURY TRIAL**

2

3

DSE hereby demands a trial by jury on all issues and claims so triable.

4

5

Dated:        June 22, 2017

6

7                                              DLA PIPER LLP (US)

8     Of Counsel:

9     Tamar Y. Duvdevani (*pro hac vice*)        By: */s/ Gina Durham*
      Marc E. Miller (*pro hac vice*)                GINA L. DURHAM (Bar No. 295910)
10    DLA PIPER LLP (US)                              555 Mission Street, Suite 2400
      1251 Avenue of the Americas                     San Francisco, California  94105-2933
11    New York, New York  10020-1104                  Tel:  415.836.2500
      Tel:  212.335.4500                              Fax:  415.836.2501
12    Fax: 212.335.4501

13                                                    STANLEY J. PANIKOWSKI
      Ryan Compton (*pro hac vice*)                   401 B Street, Suite 1700
14    James Stewart (*pro hac vice*)                  San Diego, CA 92101
      DLA PIPER LLP (US)                              Tel:  619.699.2700
15    500 Eight Street, NW                            Fax:  619.699.2701
      Washington, D.C. 20004
16    Tel:  202.799.4000
      Fax: 202.799.5000                           *Attorneys for Plaintiff*
17                                                *Dr. Seuss Enterprises, L.P.*

18

19

20

21

22

23

24

25

26

27

28

## <u>APPENDIX A: COPYRIGHTED DR. SEUSS WORKS</u>

1.      *How the Grinch Stole Christmas!,* U.S. Copyright Registration No. A 312043, Renewal Registration No. RE 238319.

2.      *The Lorax,* U.S. Copyright Registration No. A 301289, Renewal Registration No. RE 805038.

3.      *Horton Hears a Who,* U.S. Copyright Registration No. A 152927, Renewal Registration No. RE 115184.

4.      *The Sneetches and Other Stories,* U.S. Copyright Registration No. A 543386, Renewal Registration No. RE 425704.

5.      *Oh, the Places You'll Go!,* U.S. Copyright Registration No. VA-430950.

DLA Piper LLP (US)
San Francisco

WEST\277519290.1

FIRST AMENDED COMPLAINT
CASE NO. 3:16-CV-02779-JLS-BGS