GINA L. DURHAM (Bar No. 295910)
gina.durham@dlapiper.com
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, California 94105-2933
Tel: 415.836.2500
Fax: 415.836.2501

STANLEY J. PANIKOWSKI (Bar No. 224232)
stanley.panikowski@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101
Tel: 619.699.2700
Fax: 619.699.2701

*Attorneys for Plaintiff*
*Dr. Seuss Enterprises, L.P.*

Tamar Y. Duvdevani (admitted *pro hac vice*)
tamar.duvdevani@dlapiper.com
Marc E. Miller (admitted *pro hac vice* pending)
marc.miller@dlapiper.com
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: 212.335.4500
Fax: 212.335.4501

Ryan Compton (admitted *pro hac vice*)
ryan.compton@dlapiper.com
James Stewart (admitted *pro hac vice*)
james.stewart@dlapiper.com
DLA PIPER LLP (US)
500 Eight Street, NW
Washington, D.C. 20004
Tel: 202.799.4000
Fax: 202.799.5000

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. SEUSS ENTERPRISES, L.P., a California limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>COMICMIX LLC, a Connecticut limited liability company; MR. GLENN HAUMAN, an individual; MR. DAVID JERROLD FRIEDMAN A/K/A DAVID GERROLD, an individual; and MR. TY TEMPLETON, an individual,<br><br>Defendants. | CV NO. 16-cv-02779-JLS-BGS<br><br>**PLAINTIFF DR. SEUSS ENTERPRISES, L.P.'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS** |

Dr. Seuss Enterprises, L.P. ("Dr. Seuss") submits this response to Defendants' Notice of Supplemental Authority In Support Of Motion to Dismiss (the "Notice"). (ECF 48).

In the Notice, Defendants assert that the Ninth Circuit's recent affirmance of summary judgment in *Twentieth Century Fox v. Empire Distribution* (ECF 48-1)

provides "additional grounds" supporting Defendants' motion, in light of its discussion of *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989). (ECF 48 at 2.) Defendants did not move to dismiss Dr. Seuss's amended trademark claims based on *Rogers*, despite the Court's prior discussion of the case (ECF 38), but rather only moved based on the trademark doctrine of nominative fair use. (ECF 41-1 at 17-24.) If the Court nonetheless considers this newly raised ground for dismissal, Dr. Seuss agrees that *Empire Distribution* is relevant to an analysis of the test articulated in *Rogers*. Contrary to Defendants' reasoning, however, *Empire Distribution* supports <u>denial</u> of Defendants' pending motion to dismiss, and further demonstrates why Defendants' infringing work fails both prongs of the *Rogers* test.

*Empire Distribution* concerned claims raised by record label Empire Distribution, Inc. against Twentieth Century Fox Television ("Fox"), the producer of *Empire*, a primetime drama based around a fictional hip hop label of the same name. (ECF 48-1 at 4.) The Ninth Circuit held that both prongs of the *Rogers* test supported affirmance of summary judgment in Fox's favor. *Id.* at 12.

First, the Ninth Circuit held that the first prong of *Rogers* is satisfied because Fox "used the common English word 'Empire' for artistically relevant reasons: the show's setting in New York, the Empire State, and its subject matter is a music and entertainment conglomerate, 'Empire Enterprises,' which is itself a figurative empire." *Id.* at 10. In applying the first prong of *Rogers*, the Court observed that a mark that has "no meaning beyond its source-identifying function" (*i.e.*, unlike the word "empire") is more likely to be used in a way that contravenes the first prong, as that work may be merely borrowing another's property to get attention. *Id.* at 9. The Court then cited to *Dr. Seuss Ents., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1401 (9th Cir. 1997), as an example of such unprotected borrowing. ECF 48-1 at 9-10 (citing *Penguin Books USA* as "holding that an account of the O.J. Simpson murder trial titled *The Cat NOT in the Hat!* borrowed Dr. Seuss's trademark and poetic style only to get attention or maybe even to avoid the

DLA Piper LLP (US)
San Diego

WEST\278878491.1

-2-
PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF MOTION TO DISMISS    16-cv-02779-JLS-BGS

drudgery in working up something fresh.") (internal quotation marks omitted). *Penguin Books,* and not *Empire Distribution,* is the situation analogous to the instant litigation. In *Penguin Books*, defendant "knocked-off" Dr. Seuss's work *The Cat in the Hat!*, including the confusingly similar title *The Cat NOT in the Hat!*. Similarly, Defendants here "knocked-off" Dr. Seuss's work *Oh The Places You'll Go!,* including the confusingly similar title *Oh The Places You'll Boldly Go!* in order to "get attention" and "avoid the drudgery in working up something fresh." This is not the scenario found in *Empire Distribution*, where Fox selected a common English word, "empire," for artistically relevant reasons that were wholly unrelated to Empire Distribution, Inc.[1]

Second, the Ninth Circuit held that the second prong of *Rogers* was satisfied. ECF 48-1 at 11-12. In doing so, the Court explained that the Court must ask not only about the likelihood of consumer confusion and the "'use of a mark alone,'" but also whether there was an explicit indication, an overt claim, or an explicit misstatement that caused such confusion. *Id*. at 12 (quoting *Rogers*, 875 F.2d at 1001). In finding for Fox, the Court held that Fox's *Empire* show "contains no overt claims or explicit references to Empire Distribution" and is therefore not explicitly misleading. *Id*. In other words, Fox's use of the word "Empire" was just "use of a mark alone" that had nothing to do with the actual Empire Distribution record label. The opposite is true here, where Dr. Seuss's well-pled amended complaint alleges that Defendants' work is not just "use of a mark alone," but rather that Defendants misappropriated the asserted marks and copied the stylized font

---

[1] Defendants in their Notice point out that the Ninth Circuit used "Barbie Girl" as an example of a mark that would be analyzed under *Rogers*. (ECF 48 at 3.) Defendants miss the point: "Barbie Girl," explained the Court, is a mark that has "transcend[ed] [its] identifying purpose" (i.e. thus used to poke fun at the "shallow materialism" of Barbie dolls) and is therefore "more likely to be used in artistically relevant ways." (ECF 48-1 at 9.) The Court contrasted this with *Penguin Books*, analogous here for the reasons discussed above. *Id*. Dr. Seuss's *Oh The Places You'll Go!*, famous though it may be (just like Dr. Seuss's other work *The Cat in the Hat!*), still functions only as a Dr. Seuss source-identifier, and has no other culturally significant meaning.

DLA Piper LLP (US)
San Diego

WEST\278878491.1

-3-

PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF MOTION TO DISMISS    16-cv-02779-JLS-BGS

that Dr. Seuss uses consistently on the front and back covers, spine, and title pages of the Dr. Seuss books, all in order to explicitly mislead consumers and to falsely suggest that the book is sponsored or endorsed by Dr. Seuss. (*See* FAC ¶¶ 36, 38-42, 46-47, 75-77.) In other words, the entirety of Defendants' work is an "explicit reference[]" to Dr. Seuss's *Oh The Places You'll Go!*.

For these reasons, *Twentieth Century Fox v. Empire Distribution* does not support dismissal of Dr. Seuss's amended trademark claims, but instead counsels against it.

Dated: November 17, 2017

**DLA PIPER LLP (US)**

*/s/ Gina Durham*
GINA L. DURHAM
555 Mission Street, Suite 2400
San Francisco, California 94105
Tel: 415.836.2500
Fax: 415.836.2501

Of Counsel:

Tamar Y. Duvdevani (admitted *pro hac vice*)
Marc E. Miller (admitted *pro hac vice*)
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: 212.335.4500
Fax: 212.335.4501

Ryan Compton (admitted *pro hac vice*)
James Stewart (admitted *pro hac vice*)
DLA PIPER LLP (US)
500 Eight Street, NW
Washington, D.C. 20004
Tel: 202.799.4000
Fax: 202.799.5000

STANLEY J. PANIKOWSKI
401 B Street, Suite 1700
San Diego, CA 92101
Tel: 619.699.2700
Fax: 619.699.2701

*Attorneys for Plaintiff*
*Dr. Seuss Enterprises, L.P.*

DLA Piper LLP (US)
San Diego

WEST\278878491.1

-4-
PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF MOTION TO DISMISS   16-cv-02779-JLS-BGS