Dan Booth (MA Bar No. 672090)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
dbooth@boothsweet.com
(617) 250-8602
*Admitted Pro Hac Vice*

Michael Licari (SBN 265241)
D'EGIDIO LICARI & TOWNSEND, APC
5402 Ruffin Road, Suite 209
San Diego, CA 92123
mlicari@deltlaw.com
(619) 550-3011

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DR. SEUSS ENTERPRISES, L.P.**, <br><br> Plaintiff, <br><br> v. <br><br> **COMICMIX LLC**; **GLENN HAUMAN**; **DAVID JERROLD FRIEDMAN** a/k/a **DAVID GERROLD**; and **TY TEMPLETON**, <br><br> Defendants. | Case No. 3:16-cv-02779-JLS-BGS <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** <br><br> Assigned to Hon. Janis L. Sammartino United States District Judge <br><br> Hearing Date: February 1, 2018 <br> Hearing Time: 1:30 p.m. <br> Hearing Place: Schwartz Courthouse, Courtroom 4A |

# TABLE OF CONTENTS

Table of Contents                                                                                   ii

Table of Authorities                                                                              iii

I.      Introduction                                                                              1

II.     Statement of Material Facts                                                    1

III.    Procedural Background                                                           2

IV.    Applicable Legal Standard                                                      4

V.     Argument                                                                             5

    A.  This motion is timely.                                                         5

    B.  The *Rogers* test is appropriate for resolution at this stage.       5

    C.  The *Rogers* test defeats the Lanham Act claims.               6

        1.  *Boldly* is an expressive work.                                      7

        2.  The use of the *Go!* trademark has artistic relevance to *Boldly*.   8

        3.  *Boldly* does not explicitly mislead as to its source or content.   10

    D.  The disavowed *Rogers* footnote does not save the Lanham Act claims.   12

    E.  The *Rogers* test also defeats the unfair competition claims.    14

VI.    Conclusion                                                                          14

MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS    Case No. 16-cv-2779-JLS-BGS

# TABLE OF AUTHORITIES

## Cases

*Acad. of Motion Picture Arts & Sciences v. Creative House Promotions, Inc.*, 944 F.2d 1446 (9th Cir. 1991) ........................ 14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................. 4, 11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................ 4

*Brown v. Elec. Arts, Inc.*, 724 F.3d 1235 (9th Cir. 2013) .......... *passim*

*Chavez v. United States*, 683 F.3d 1102 (9th Cir. 2012) ............... 4

*Cleary v. News Corp.*, 30 F.3d 1255 (9th Cir. 1994) .................. 14

*Cliff's Notes, Inc. v. Bantam Doubleday Dell Publ'g Grp., Inc.*, 886 F.2d 490 (2d Cir. 1989) ............................................ 7, 13

*Doe v. United States*, 419 F.3d 1058 (9th Cir. 2005) .................. 5

*Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188 (9th Cir. 1989) ... 4

*E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095 (9th Cir. 2008) ...................................... *passim*

*Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542 (9th Cir. 1990) ......................................... 4

*Harris v. County of Orange*, 682 F.3d 1126 (9th Cir. 2012) .......... 4

*Lombardo v. Dr. Seuss Enterprises, L.P.*, No. 16 Civ. 9974 (AKH), 2017 U.S. Dist. LEXIS 150213 (S.D.N.Y. Sept. 15, 2017) ............................................ 5, 6, 9

*Mattel, Inc. v. MCA Records*, 296 F.3d 894 (9th Cir. 2002) ...... *passim*

*Mil-Spec Monkey, Inc. v. Activision Blizzard, Inc.*, 74 F. Supp. 3d 1134 (N.D. Cal. 2014) ................................. 10

*ProtectMarriage.com - Yes on 8 v. Courage Campaign*, 680 F. Supp. 2d 1225 (E.D. Cal. 2010) ............................... 7

*Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989) ................ *passim*

*Rose v. Chase Manhattan Bank USA, N.A.*, 396 F. Supp. 2d 1116 (C.D. Cal. 2005) ............................. 6

*VIRAG, S.R.L. v. Sony Computer Entm't Am. LLC*,
No. 3:15-cv-01729-LB, 2015 U.S. Dist. LEXIS 111211
(N.D. Cal. Aug. 21, 2015) .......... 6

*VIRAG, S.R.L. v. Sony Computer Entm't Am. LLC*,
699 Fed. Appx. 667 (9th Cir. 2017) .......... 6, 8, 10

*Twentieth Century Fox Television v. Empire Distribution, Inc.*,
No. 16-55577 (9th Cir. Nov. 16, 2017) .......... *passim*

*Whitehead v. CBS/Viacom, Inc.*, 315 F. Supp. 2d 1 (D.D.C. 2004) .......... 10

*Yanez v. United States*, 63 F.3d 870 (9th Cir. 1995) .......... 4

*Yang v. Dar Al-Handash Consultants*, 250 Fed. Appx. 771 (9th Cir. 2007) .......... 5, 6


**Statutes, Rules, Regulations, and Constitutions**

15 U.S.C. § 1114(1) .......... 7, 8, 14

15 U.S.C. § 1125(a) .......... 7, 8, 14

17 U.S.C. § 107 .......... 2

California Business and Professions Code § 17200 .......... 14

Fed. R. Civ. P. 12(b)(6) .......... 4

Fed. R. Civ. P. 12(c) .......... 1, 4, 5

U.S. Const. amend. I .......... *passim*


**Books, Dictionaries, and Encyclopedias**

Dr. Seuss, *Oh, the Places You'll Go!* (Random House 1990) .......... *passim*

David Gerrold & Ty Templeton, *Oh, the Places You'll Boldly Go!*
(ComicMix unpublished) .......... *passim*

## I.      Introduction

The First Amendment shields expressive works from trademark infringement and unfair competition claims over artistically relevant uses that do not explicitly mislead. *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989). Counts II, III, and IV of the First Amended Complaint ("FAC"), ECF No. 39 ¶¶ 66-87, fail to state a claim under the *Rogers* test adopted in *Mattel, Inc. v. MCA Records*, 296 F.3d 894 (9th Cir. 2002), as analyzed by *Twentieth Century Fox Television v. Empire Distribution, Inc.*, No. 16-55577 (9th Cir. Nov. 16, 2017). Therefore, Defendants respectfully move the Court to grant partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

## II.     Statement of Material Facts

The pertinent facts alleged in the FAC, taken as true for purposes of this motion, and those drawn from writings subject to judicial notice or incorporated in the FAC by reference, are as follows.

Theodor S. Geisel wrote and illustrated *Oh, the Places You'll Go!* ("*Go!*") and other children's books under the pseudonym Dr. Seuss. FAC ¶¶ 1, 3, 12-15. Plaintiff Dr. Seuss Enterprises, L.P. ("DSE") claims it owns those books' copyrights. *Id.* ¶ 16. DSE also claims common-law trademark rights in aspects of the books, including the title of *Go!*, a stylized font in which that title and others appear on the books, and the books' general illustration style. *Id.* ¶ 17. DSE owns United States trademark registrations, including United States Trademark Registration No. 5,099,531 for OH THE PLACES YOU'LL GO in connection with downloadable digital children's books and other goods (the "'531 Registration"). *Id.* ¶ 18. DSE also alleges that it owns "a family of common-law trademarks deriving from the title" of *Go!*. *Id.* ¶ 19.

*Boldly*'s author David Gerrold, illustrator Ty Templeton, editor Glenn Hauman, and comics publisher ComicMix LLC, which marketed *Boldly* (collectively, "Defendants") each intended "to sell, reproduce, and distribute" it. *Id.* ¶¶ 2, 4-7, 28-31. *Boldly* "purports to be an amalgamation" of Dr. Seuss books and elements of *Star Trek. Id.* ¶ 27. *Boldly* includes a disclaimer on its copyright page that states:

- 1 -

"This is a work of parody, and is not associated with or endorsed by CBS Studios or Dr. Seuss Enterprises, L.P." *Id.* ¶ 44. The page further states: "Copyright Disclaimer under section 107 of the Copyright Act 1976, allowance is made for 'fair use' for purposes such as criticism, comment, news reporting, teaching, scholarship, education, research, and parody." ECF No. 8-2 Ex. 5, ECF No. 15-1 p. 2.

Defendants ran a campaign on the crowdfunding website Kickstarter to fund printing and distribution of *Boldly*. FAC ¶ 48. Before the threat of litigation, the Kickstarter page told potential donors:

> While we firmly believe that our parody, created with love and affection, fully falls within the boundary of fair use, there may be some people who believe that this might be in violation of their intellectual property rights. And we may have to spend time and money proving it to people in black robes. And we may even lose that.

*Id.* ¶ 49. The Kickstarter campaign's goal was to raise $20,000 in pledges toward a scheduled December 2016 publication for *Boldly*; it raised nearly $30,000. FAC ¶ 2; ECF No. 8-2 Ex. 1, ECF No. 8-5 p. 1. DSE sent Defendants three cease-and-desist letters within a month, on September 28, October 7, and October 25, 2016. FAC ¶¶ 50, 52, 56. On the day DSE sent the second letter, it also sent a takedown notice to Kickstarter, which disabled access to the campaign page that day. *Id.* ¶¶ 54, 55. On October 28, 2016, ComicMix LLC sent a letter in response to DSE, arguing that *Boldly* constitutes fair use and advising that it would send a counter-notice to Kickstarter to restore the campaign. *Id.* ¶ 57; *see* ECF No. 8-2 Ex. 4, ECF No. 8-8. On October 31, 2016, ComicMix LLC sent a counter-notice to Kickstarter. FAC ¶ 58. DSE initiated this action ten days later. ECF No. 1.

## III.   Procedural Background

The initial complaint alleged counts of copyright infringement, common-law trademark infringement, and unfair competition. ECF No. 1. Defendants moved to dismiss each claim. ECF Nos. 8, 34, 36. As to the trademark and unfair competition claims, Defendants argued that DSE had pleaded rights in matter not cognizable as a

- 2 -

trademark, and that the claims are barred by both the First Amendment under the *Rogers* test and the doctrine of nominative fair use. ECF No. 8-1 pp. 26-31.

At that stage, the Court did not address the scope of DSE's trademark rights. ECF No. 38 p. 13. The Court found *Rogers* generally applicable to *Boldly* and found neither prong of its test disqualifying, but did not dismiss on First Amendment grounds, citing an exception in *Rogers* as to certain titles of expressive works. *Id.* pp. 14-17. Instead, the Court dismissed the trademark and unfair competition claims on the ground of nominative fair use, allowing DSE leave to amend. *Id.* pp. 18-20.

In the FAC, DSE added a count for infringement of a registered trademark in connection with the '531 Registration. FAC ¶ 18; *see id.* ¶¶ 66-72. Defendants moved to dismiss the FAC, focusing their arguments against the trademark and unfair competition claims on the validity of the marks alleged and on nominative fair use, without raising the *Rogers* test. ECF No. 41-1 pp. 23-29; ECF No. 44 pp. 7-11.

While the motion to dismiss was fully briefed and awaiting oral argument, the Ninth Circuit issued its *Empire* opinion, addressing how the *Rogers* test applies to titles. ECF No. 48-1. Defendants filed a notice citing *Empire* as authority that "provides additional grounds for dismissing the trademark claims." ECF No. 48. DSE filed a response. ECF No. 49. At the motion hearing, the Court noted the filings, and noted that the motion to dismiss the FAC did not address the *Rogers* test or *Empire*; Defendants agreed, and stated that they might raise the issue in a motion for judgment on the pleadings. *See* ECF Nos. 50, 52.

The Court denied Defendants' motion to dismiss the FAC on December 7, 2017, while narrowing DSE's allegations in part. ECF No. 51. DSE had claimed to own trademark rights in the illustration style of Dr. Seuss books, and argued that *Boldly* misappropriated that style. FAC ¶ 17; ECF No. 43 p. 15. The Court found that DSE's "claimed general 'illustration style' is not protectable" as a trademark. ECF No. 51 p. 15. Defendants answered the FAC today, December 21, 2017. ECF No. 52.

## IV.    Applicable Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "For the purposes of the motion, the allegations of the non-moving party must be accepted as true." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.* Judgment on the pleadings may be granted as to fewer than all claims. *See Yanez v. United States*, 63 F.3d 870, 875 (9th Cir. 1995) (affirming partial judgment on the pleadings).

"Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citations omitted). *See also Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("Rule 12(b) and Rule 12(c) … motions are functionally identical" and "the same standard of review" applies). Under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

On a motion under Rule 12(c), "the Court is not required 'to accept as true a legal conclusion couched as a factual allegation.'" *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (*quoting Iqbal*, 556 U.S. at 678). "Mere conclusory statements in a complaint and 'formulaic recitation[s] of the elements of a cause of action' are not sufficient." *Chavez*, 683 F.3d at 1108 (*quoting Twombly*, 550 U.S. at 555). "Thus, a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Id.* (*citing Iqbal*, 556 U.S. at 678). "When considering a judgment on the pleadings, a court

should not blindly accept the allegations in the pleadings as true if these allegations are contradicted by uncontested facts set forth in (1) exhibits to the non-moving party's pleading, (2) documents that are referred to in the non-moving party's pleading, or (3) facts that are included in materials that can be judicially noticed." *Yang v. Dar Al-Handash Consultants*, 250 Fed. Appx. 771, 772 (9th Cir. 2007).

## V.   Argument

The Court granted Defendants' motion to dismiss the original complaint in part, as to the trademark and unfair competition claims, on nominative fair use grounds. ECF No. 38 pp. 18-20. The Court also found the *Rogers* test generally applicable. *Id.* pp. 14-16. Yet it did not dismiss on that ground then, citing a footnote in *Rogers* that "incorporates an exception for 'misleading titles that are confusingly similar to other titles.'" *Id.* p. 17 (*quoting Rogers*, 875 F.2d at 999 n.5). The motion to dismiss the FAC, which the Court denied, did not address the *Rogers* test. ECF Nos. 41, 51.

In *Empire*, the Ninth Circuit spoke directly to the supposed exception in the *Rogers* footnote and disavowed it. Because that exception does not apply in this Circuit, the Court's prior analysis under *Rogers* provides a complete defense, and judgment must enter for Defendants on the trademark and unfair competition claims.

### A.   This motion is timely.

A Rule 12(c) motion is timely filed "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). The "pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming, as is the case here, that no counterclaim or cross-claim is made." *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005). This motion is timely because Defendants filed their answer today, raising no additional claims, and no trial date has been set.

### B.   The *Rogers* test is appropriate for resolution at this stage.

It is not premature to assess the application of *Rogers* to Lanham Act and state unfair competition claims at the pleadings stage. DSE itself has lost similar counterclaims on a Rule 12(c) motion. *Lombardo v. Dr. Seuss Enterprises, L.P.*, No.

1  16 Civ. 9974 (AKH), 2017 U.S. Dist. LEXIS 150213 (S.D.N.Y. Sept. 15, 2017); *see*
2  ECF No. 46-1 (*Lombardo* slip opinion). DSE argued that the *Rogers* test "inherently
3  requires a determination of consumer confusion," and that such a determination "is
4  ill-suited for a motion to dismiss." ECF No. 22 pp. 28-29. But as the Court noted,
5  "the Ninth Circuit has previously directly rejected this contention." ECF No. 38 p.
6  14 (*citing Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1241-42 (9th Cir. 2013)).

7  The Court can apply the *Rogers* test based on the FAC and documents referenced
8  sufficiently therein or otherwise subject to judicial notice. *See VIRAG, S.R.L. v. Sony*
9  *Computer Entm't Am. LLC*, No. 3:15-cv-01729-LB, 2015 U.S. Dist. LEXIS 111211,
10  *32-33 (N.D. Cal. Aug. 21, 2015), *aff'd*, 699 Fed. Appx. 667 (9th Cir. 2017). The
11  Court has already taken judicial notice of the allegedly infringing work *Boldly* and
12  of *Go!*, one of the allegedly infringed works, and found the other four allegedly
13  infringed works incorporated by reference in the original complaint. ECF No. 38 p. 6
14  n. 1. The FAC again incorporates those four works by reference to the same extent,
15  so they too remain within the pleadings and subject to review. Thus, "the Court need
16  not turn the present motion for judgment on the pleadings into one for summary
17  judgment." *Rose v. Chase Manhattan Bank USA, N.A.*, 396 F. Supp. 2d 1116, 1119
18  (C.D. Cal. 2005), *aff'd*, 513 F.3d 1032 (9th Cir. 2008); *Yang*, 250 Fed. Appx. at 772.

19  **C.    The *Rogers* test defeats the Lanham Act claims.**

20  When it adopted the *Rogers* test, the Ninth Circuit stated the test as follows:

21  *Rogers* concluded that literary titles do not violate the Lanham Act
22  "unless the title has no artistic relevance to the underlying work
23  whatsoever, or, if it has some artistic relevance, unless the title
24  explicitly misleads as to the source or the content of the work." … We
25  agree with the Second Circuit's analysis and adopt the *Rogers*
26  standard as our own.

27  *Mattel*, 296 F.3d at 902 (*quoting Rogers*, 875 F.2d at 999). The test "insulates
28  from restriction titles with at least minimal artistic relevance that are ambiguous or
only implicitly misleading but leaves vulnerable to claims of deception titles that are

- 6 -

1  explicitly misleading as to source or content, or that have no artistic relevance at
2  all." *Rogers*, 875 F.2d at 1000.

3       The Ninth Circuit has "extended this test from titles to allegedly infringing uses
4  within the body of an expressive work." *Empire*, slip op. at 6 (*citing E.S.S. Entm't*
5  *2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1099 (9th Cir. 2008)). The test
6  applies not just to titles but to trademark logos. *See E.S.S. Entm't*, 547 F.3d at 1100;
7  *ProtectMarriage.com - Yes on 8 v. Courage Campaign*, 680 F. Supp. 2d 1225, 1229
8  (E.D. Cal. 2010). It applies just as fully to trademarks used on a book cover. "[M]ost
9  consumers are well aware that they cannot judge a book solely by its title any more
10 than by its cover." *Mattel*, 296 F.3d at 902 (*quoting Rogers*, 875 F.2d at 1000). The
11 very first appellate decision construing the *Rogers* test was "not about whether a title
12 is false advertising but whether the appearance of a work's cover is confusingly
13 similar to the trademark elements of an earlier cover." *Cliffs Notes, Inc. v. Bantam*
14 *Doubleday Dell Publ'g Grp., Inc*., 886 F.2d 490, 494 (2d Cir. 1989). The *Rogers* test
15 applies "in deciding the reach of the Lanham Act in *any* case where an expressive
16 work is alleged to infringe a trademark." *Id.* (emphasis added). Applying the *Rogers*
17 test across the board is consistent with its animating purpose: "Because
18 overextension of Lanham Act restrictions in the area of titles might intrude on First
19 Amendment values, we must construe the Act narrowly to avoid such a conflict."
20 *Rogers*, 875 F.2d at 998.

21      The Lanham Act claims as pleaded, excluding an alleged "illustration style" that
22 is not protectable as a trademark, amount to the title of *Go!* in a graphic form or logo
23 that includes both "the words and the appearance of the title as it appears on the
24 cover of the book." ECF No. 51 p. 15. Its use in *Boldly*, a work of creative
25 expression, merits First Amendment protection under both prongs of the *Rogers* test.

26      Count II of the FAC is under Section 32(1) of the Lanham Act, 15 U.S.C. §
27 1114(1), which protects registered trademarks, while Count III is under Section
28 43(a), 15 U.S.C. § 1125(a), which protects common-law trademarks. FAC ¶¶ 66-72,

- 7 -

73-81. *Rogers* applies to both. "In general, claims of trademark infringement under the Lanham Act are governed by a likelihood-of-confusion test. … When the allegedly infringing use is in the title of an expressive work, however, we instead apply [the *Rogers* test] to determine whether the Lanham Act applies." *Empire*, slip op. at 5 (*citing Mattel*, 296 F.3d at 900-02). "[O]ur precedents dictate that we apply the *Rogers* test in § 43(a) cases involving expressive works." *Brown*, 724 F.3d at 1241-42. The test applies equally to Section 32(1) claims. *See VIRAG, S.R.L.*, 699 Fed. Appx. at 668 (applying *Rogers* to both Section 32(1) and 43(a) claims); *Empire*, slip op. at 13 ("The application of the test comes out the same way whether or not Empire Distribution has validly registered trademarks to the 'Empire' name[.]").

### 1. *Boldly* is an expressive work.

Counts II and III are subject to the *Rogers* test, not the typical likelihood-of-confusion test, because *Boldly* is an expressive work. Books are "indisputably works of artistic expression and deserve protection." *Rogers*, 875 F.2d at 997.

DSE has argued that another threshold consideration exists: "*Rogers* is only applied by the Ninth Circuit where the mark at issue is imbued 'with a meaning beyond its source-identifying function.'" ECF No. 22 p. 29 n. 6 (*quoting Mattel*, 296 F.3d at 900); *see* ECF No. 32 pp. 10-11. The Ninth Circuit has rejected the same argument, explaining that the supposed additional "threshold requirement is merely a consideration under the first prong of the *Rogers* test." *Empire*, slip op. at 8. "[T]he only threshold requirement for the *Rogers* test is an attempt to apply the Lanham Act to First Amendment expression." *Id.*, at 9.

### 2. The use of the *Go!* trademark has artistic relevance to *Boldly*.

"The first prong of *Rogers* distinguishes cases in which the use of the mark has some artistic relation to the work from cases in which the use of the mark is arbitrary." *Id.* at 10. In *Boldly*, the use of the alleged mark has "at least 'some artistic relevance.'" *E.S.S. Entm't*, 547 F.3d at 1100 (*citing Mattel*, 296 F.2d at 902). The requisite "level of relevance merely must be above zero" and *Boldly* readily passes

that "low threshold[.]" *Id.* Its title riffs on the title of *Go!* and *Star Trek*'s "boldly go"
split-infinitive, creatively mixing them in lettering that recalls Dr. Seuss. *See* ECF
No. 38 p. 15. Such use is directly relevant to the project of a mash-up that illustrates
how Dr. Seuss books and the *Star Trek* universe are related. As observed in
*Lombardo*, "it is hard to imagine a parody of a Dr. Seuss book that did not employ
the characteristic typeface associated with Dr. Seuss' most well-known books[.]"
2017 U.S. Dist. LEXIS 150213, *34. The same is true for a mash-up, a form of
creative expression just as deserving of First Amendment protection, such as *Boldly*.

In its latest filing DSE flatly asserts that *Go!* is another such mark: "*Oh The
Places You'll Go!*, famous though it may be … still functions only as a [DSE]
source-identifier, and has no other culturally significant meaning." ECF No. 49 p. 3
n.1 (the "Assertion"). The Assertion is wholly absurd. Unlike a brand name on soup
can labels, *Go!* is a creative work in its own right, inherently subject to interpretation
by readers who assign it meanings that DSE cannot presume to know, dictate, or
limit to a reminder of source. Any book so insignificant that it serves only to identify
its source must be virtually blank. The Assertion contradicts DSE's allegation that
the Dr. Seuss books are used "to motivate children, teach community values, and
enhance literacy," which are non-trademark functions. FAC ¶ 14. While DSE alleged
that *Go!*'s title and cover font identify its source, *id.* ¶¶ 17-18, the FAC does not

MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS   Case No. 16-cv-2779-JLS-BGS

include or support the Assertion that *Go!* itself does, much less that it does nothing else. The Assertion is also wrong as a matter of law, so were it pleaded, its legal conclusion could not be presumed true. Lanham Act protection "does not extend to the corpus of the book … in the context of a literary work, the Lanham Act protects the distinctive source-distinguishing mark, not the work as a whole." ECF No. 51 p. 15 (*quoting Whitehead v. CBS/Viacom, Inc.*, 315 F. Supp. 2d 1, 13 (D.D.C. 2004)).

Ultimately, DSE's Assertion is beside the point. Any truth to it would only make it "more likely" that a third-party use would have "no artistic relevance to the underlying work whatsoever." *Empire*, slip op. at 9. That is not the case with *Boldly*. As the Court found, "there is no question that Defendants' invocation of Plaintiff's alleged trademarks is relevant to *Boldly*'s artistic purpose." *Id.* The use is more than just relevant; "it is necessary for *Boldly* to use the mark." ECF No. 51 p. 19. Therefore, the *Rogers* test "applies regardless whether the [Plaintiff's] trademark has independent cultural significance[.]" *VIRAG, S.R.L.*, 699 Fed. Appx. at 668.

### 3.   *Boldly* does not explicitly mislead as to its source or content.

Under the second prong of the *Rogers* test, nothing about *Boldly* "explicitly misleads as to the source or the content of the work." *Rogers*, 875 F.2d at 999.

"It is key here that the creator must *explicitly* mislead consumers" to be disqualified under the second prong. *Brown*, 724 F.3d at 1245 (emphasis in original). This requires "an 'explicit indication,' 'overt claim,' or 'explicit misstatement' that caused … consumer confusion[.]" *Id.* (quoting *Rogers*, 875 F.2d at 1001); *accord Empire*, slip op. at 12. "'Explicitly misleading' use of a mark requires that the defendant make an affirmative and overt statement that indicates a relationship with or endorsement by the plaintiff." *Mil-Spec Monkey, Inc. v. Activision Blizzard, Inc.*, 74 F. Supp. 3d 1134, 1143 (N.D. Cal. 2014).

> To illustrate, some titles—such as "Nimmer on Copyright" and "Jane Fonda's Workout Book"—explicitly state the author of the work or at least the name of the person the publisher is entitled to associate with the preparation of the work. Other titles contain words explicitly

signifying endorsement, such as the phrase in a subtitle "an authorized biography."

*Rogers*, 875 F.2d at 999. It would be misleading if "such explicit references were used in a title and were false as applied to the underlying work." *Id.* But "the mere use of a trademark alone cannot suffice to make such use explicitly misleading." *E.S.S. Entm't*, 547 F.3d at 1100 (*citing Mattel*, 296 F.3d at 902); *accord Empire*, slip op. at 12 (*citing Brown*, 724 F.3d at 1245).

The Court has rightly found it "establish[ed] that *Boldly* does not explicitly mislead as to its source or content" and further, that "Defendants have done nothing in conjunction with the use of the mark to suggest a sponsorship or endorsement by Plaintiff." ECF No. 38 pp. 15-16; ECF No. 51 p. 23. If anything, *Boldly* does the opposite, expressly disclaiming DSE's endorsement: "This is a work of parody, and is not associated with or endorsed by CBS Studios or Dr. Seuss Enterprises, L.P." FAC ¶ 44. The disclaimer appears as its own paragraph on the copyright page, where disclaimers are typically found; so does a second disclaimer adverting to fair use. And in particular, the challenged uses—in the title, which employs the famous *Star Trek* "boldly go" split infinitive, and on the cover, which depicts the U.S.S. Enterprise from the same TV series—steer consumers away from any confusion by pointing them toward the defining characteristics of *Boldly*'s creative combination.

Further, *Boldly* is at least implicitly distinguished in other ways. It makes no use of any Dr. Seuss characters.[1] Instead, the Seussian illustrations in *Boldly* depict, incongruously, characters from *Star Trek*. ECF No. 8-2 Ex. 5, ECF No. 15-1. It makes no use of the Dr. Seuss pseudonym, announcing on its front cover, spine, title page, and author credit page that it is "by David Gerrold & Ty Templeton." ECF No.

---

[1] Without support, DSE alleges that *Boldly* uses characters from *Go!* and four other Dr. Seuss books. FAC ¶¶ 2, 35; ECF No. 1 ¶¶ 2, 26. DSE identifies no such character anywhere in *Boldly* and did not respond to Defendants' position that "*Boldly* does not copy any Dr. Seuss character or its traits." ECF No. 8-1 p. 15. Its conclusory allegation is "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

- 11 -

8-2 Ex. 5, ECF No. 15-1 pp. 1, 13. *Boldly*'s back cover, spine, title page, and copyright page all identify the intended publisher ComicMix LLC, not Dr. Seuss's publisher Random House. *Id.* pp. 1, 2; *see also* ECF No. 8-2 Ex. 6, ECF No. 15 pp. 2, 3 (*Go!* title page and copyright page identifying Random House as publisher). By contrast, each Dr. Seuss or DSE book in the FAC features either the name Dr. Seuss or the "Cat in the Hat" character once or more on its cover. FAC ¶¶ 22, 23, 37.

The Kickstarter campaign also made no use of the Dr. Seuss name or characters, while correctly naming its author, illustrator, and publisher. ECF No. 8-2 Ex. 1, ECF No. 8-5. It disclaimed endorsement at least implicitly, by warning that *Boldly* could be challenged by intellectual property right-holders; by calling *Boldly* a "parody mash-up"; and simply by passing the hat online, seeking $20,000 in initial costs that a DSE-endorsed book would scarcely have needed to raise. *Id.* pp. 1-2; FAC ¶ 49.

*Boldly* identifies its source and content explicitly, accurately, and consistently. It does nothing to explicitly mislead consumers. Therefore, the second prong of the *Rogers* test will not deny Defendants their exercise of free expression.

**D.    The disavowed *Rogers* footnote does not save the Lanham Act claims.**

In the *Rogers* opinion, immediately after the two-prong test, a footnote stated in full: "This limiting construction would not apply to misleading titles that are confusingly similar to other titles. The public interest in sparing consumers this type of confusion outweighs the slight public interest in permitting authors to use such titles." *Id.*, 875 F.2d at 999 n.5. Upon Defendants' motion to dismiss the original complaint, DSE called that footnote exception "the most relevant portion of *Rogers*." ECF No. 22 p. 27. The Court found the *Rogers* framework generally applicable to *Boldly* and found neither prong of its test disqualifying. ECF No. 38 pp. 14-16. Yet citing the footnote exception as its basis, the Court did not dismiss on First Amendment grounds. *Id.* p. 17. At the time, "the Ninth Circuit ha[d] not directly addressed this exception." *Id.*

MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS    Case No. 16-cv-2779-JLS-BGS

It has now. In *Empire*, the Ninth Circuit declared that the footnote exception in *Rogers* "may be ill-advised or unnecessary" and declined to follow it because it conflicts with Circuit precedent. *Empire*, slip op. at 7-8. It is therefore no obstacle to Defendants' First Amendment defense.

The exception had limited precedential weight even before *Empire*, as the Ninth Circuit recognized. "This footnote has been cited only once by an appellate court since *Rogers*, in a case in which the Second Circuit itself rejected its applicability and applied the *Rogers* test." *Id.* at 7 (*citing Cliffs Notes*, 886 F.2d at 494–95). Even within *Rogers*, it was apparently mere dicta, as it did not enunciate a rule applicable to the case. The plaintiff, Ginger Rogers, sued over allusions to her name in a film entitled "Ginger and Fred" (or perhaps "Federico Fellini's 'Ginger and Fred'"). *Id.*, 875 F.2d at 996 & n. 1. Thus, the case did not involve the "misleading titles that are confusingly similar to other titles" the footnote addresses. *Id.*, 875 F.2d at 999 n.5.

The *Empire* decision further explains why the footnote exception does not accord with Ninth Circuit precedent under *Rogers*.

> The exception the footnote suggests may be ill-advised or unnecessary [because] identifying "misleading titles that are confusingly similar to other titles" has the potential to duplicate either the likelihood-of-confusion test or the second prong of *Rogers*, which asks whether a title "explicitly misleads as to the source or the content of the work."

*Empire*, slip op. at 7-8 (*quoting Mattel*, 296 F.3d at 902 (*quoting Rogers*, 875 F. 2d at 999)). The Ninth Circuit had "previously rejected the 'likelihood-of-confusion' test as 'fail[ing] to account for the full weight of the public's interest in free expression' when expressive works are involved." *Brown*, 724 F.3d at 1242 (*quoting Mattel*, 296 F.3d at 900). Accordingly, and "[m]ore importantly, [the footnote exception] conflicts with our precedents, which 'dictate that we apply the *Rogers* test in [Lanham Act] § 43(a) cases involving expressive works.'" *Empire*, slip op. at 8 (*quoting Brown*, 724 F.3d at 1241-42).

Under *Empire*, the footnote exception is now expressly excluded from the *Rogers* analysis in this Circuit. When the allegedly infringing work is expressive, the *Rogers* test permits any artistically relevant use that is not explicitly misleading. The Lanham Act must yield to Defendants' right to make creative work.

**E.    The *Rogers* test also defeats the unfair competition claims.**

Count IV of the FAC alleges unfair competition under California Business and Professions Code § 17200. This claim also sounds in trademark and must fall alongside the Lanham Act claims under the *Rogers* test.

The *Rogers* test applies equally to claims under both statutes in the Ninth Circuit. *See E.S.S. Entm't*, 547 F.3d at 1098, 1101 (applying *Rogers* test to claims under Section 43(a) of the Lanham Act and Business and Professions Code § 17200); *Mattel*, 296 F.3d at 902 n. 1 (same, and claims under Section 32(1) of the Lanham Act); *cf. Empire*, slip op. at 5 n.1 (finding "no occasion to address whether the *Rogers* test applies to any state laws" when the issue was not raised on appeal).

More generally, "actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994) (*citing Acad. of Motion Picture Arts & Sciences v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1457 (9th Cir. 1991)). "This means that if claims relying on the exact same factual conduct are validly dismissed under the Lanham Act, they should also be dismissed under California Unfair Competition law." ECF No. 38 p. 19 (*citing E.S.S. Entm't*, 547 F.3d at 1101) (other citations omitted). The same factual predicates still underpin the Lanham Act and unfair competition claims.

**VI.    Conclusion**

Defendants are entitled to judgment as a matter of law on the Lanham Act and state unfair competition claims. Therefore, ComicMix respectfully requests that the Court grant judgment on the pleadings and dismiss Counts II, III, and IV of the FAC pursuant to Fed. R. Civ. P. 13(a).

Respectfully submitted,

DATED: December 21, 2017

BOOTH SWEET LLP                    D'EGIDIO LICARI & TOWNSEND, APC

*/s/ Dan Booth*                    */s/ Michael Licari*

Dan Booth                         Michael Licari
*Admitted Pro Hac Vice*           *Local Counsel*

*Attorneys for Defendant ComicMix LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this December 21, 2017 I electronically filed the foregoing document by using the Court's ECF system, thereby causing a true copy thereof to be served upon counsel of record for each party to have appeared to date, as identified on the Notice of Electronic Filing.

/s/     Dan Booth

MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS     Case No. 16-cv-2779-JLS-BGS