UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. SEUSS ENTERPRISES, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>COMICMIX LLC; GLENN HAUMAN; DAVID JERROLD FRIEDMAN a/k/a JDAVID GERROLD; and TY TEMPLETON,<br><br>Defendants. | Case No.: 16-CV-2779-JLS (BGS)<br><br>**ORDER GRANTING IN PART MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>(ECF No. 54) |

Presently before the Court is Defendants' Motion for Partial Judgment on the Pleadings, ("MJP," ECF No. 54). Also before the Court is Plaintiff's Response in Opposition to the Motion, ("Opp'n," ECF No. 60), and Defendants' Reply in Support of the Motion, ("Reply," ECF No. 62). The Court held oral argument on the motion on April 17, 2018. After considering the Parties' arguments and the law, the Court rules as follows.

## BACKGROUND

Due to the multiple orders in this case that adequately summarize the factual

background, the Court will not repeat the factual background here.[1] (*See* ECF No. 51, at 2–3.)[2] As to the procedural background, Plaintiff filed a Complaint against Defendants for: (I) copyright infringement; (II) trademark infringement; and (III) unfair competition. ("Compl.," ECF No. 1.) Defendants filed a Motion to Dismiss the complaint. (ECF No. 8.) The Court granted in part and denied in part Defendants' Motion. ("First MTD Order," ECF No. 38.) Specifically, the Court denied Defendants' Motion to Dismiss Plaintiff's claim of copyright infringement (Count I) and granted Defendants' Motion to Dismiss Plaintiff's claims of trademark infringement and unfair competition (Counts II and III). (*Id.* at 20.) The Court granted Plaintiff leave to amend its Complaint and Plaintiff filed an Amended Complaint, ("FAC," ECF No. 39). Defendants again moved to dismiss the Complaint, and the Court denied the motion. ("Second MTD Order," ECF No. 51.) Defendants then filed the present Motion seeking judgment on the pleadings as to Plaintiff's trademark and unfair competition claims.

## LEGAL STANDARD

Any party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings attacks the legal sufficiency of the claims alleged in the complaint. *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). The Court must construe "all material allegations of the non-moving party as contained in the pleadings as true, and [construe] the pleadings in the light most favorable to the [non-moving] party." *Doyle v. Raley's Inc.*, 158 F.3d 1012, 1014 (9th Cir. 1998). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). "Analysis under Rule 12(c) is 'substantially identical' to

---

[1] The Court will continue to refer to Defendants' book, *Oh! The Places You'll Boldly Go!*, as "*Boldly*" and will refer to Plaintiff's book, *Oh! The Places You'll Go!*, as "*Go!*"

[2] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

analysis under Rule 12(b)(6) because, under both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

## ANALYSIS

Defendants base their Motion on the Ninth Circuit opinion *Twentieth Century Fox Television a Division of Twentieth Century Fox Film Corp. v. Empire Distribution, Inc.*, 875 F.3d 1192 (9th Cir. 2017), which was issued on November 16, 2017 and interprets and applies the test from *Rogers v. Grimaldi*, 875 F.2d. 994 (2d Cir. 1989).

### I. Background

In their first motion to dismiss, Defendants argued that Plaintiff's trademark claims should be dismissed because *Boldly* merits First Amendment protection under *Rogers v. Grimaldi*. Under the *Rogers* two-prong test, the title of an expressive work does not violate the Lanham Act "unless the title has no artistic relevance to the underlying work whatsoever, or, if it has some artistic relevance, unless the title explicitly misleads as to the source or the content of the work." *Mattel Inc. v. MCA Records, Inc.*, 296 F.3d 894, 902 (9th Cir. 2002) (internal quotation marks omitted) (quoting *Rogers*, 875 F.2d at 999). This test "insulates from restriction titles with at least minimal artistic relevance that are ambiguous or only implicitly misleading but leaves vulnerable to claims of deception titles that are explicitly misleading as to source or content, or that have no artistic relevance at all." *Rogers*, 875 F.2d at 1000.

The first *Rogers* prong requires that Defendants' use of Plaintiff's mark be relevant to the underlying work. If this prong is satisfied, the second prong dictates that the use may not explicitly mislead consumers about the source or content of the work. In their prior motion, Defendants argued *Boldly*'s use of *Go!*'s title and "fonts and illustrations that recall Dr. Seuss's style" are "directly relevant to a creative work that addresses the relationship between *Go!* and other Dr. Seuss works and the *Star Trek* universe." (ECF No. 8-1, at 29.) As to the second prong, Defendants argued there is nothing misleading about *Boldly*. (*Id.*) In response, Plaintiff pointed to what it deemed "the most relevant

portion of *Rogers*"—footnote 5. This footnote states that the outlined "limiting construction would not apply to misleading titles that are confusingly similar to other titles. The public interest in sparing consumers this type of confusion outweighs the slight public interest in permitting authors to use such titles." *Rogers*, 875 F.2d at 999 n.5.

In its order on the motion to dismiss, this Court analyzed the *Rogers* test. As to the first prong, it held there is no question that "Defendants' invocation of Plaintiff's alleged trademarks is relevant to *Boldly*'s artistic purpose." (First MTD Order 15.) As to the second prong, the Court held that *Boldly* does not explicitly mislead as to its source or content. (*Id.*) The Court then referenced the exception in footnote 5. (*Id.* at 17.) The Court stated that the Ninth Circuit had not "directly addressed this exception," but other district courts have determined that the exception is applicable. The Court therefore held it would not dismiss Plaintiff's trademark claims on First Amendment grounds under *Rogers*. (*Id.* at 17.) Defendants now argue the *Rogers* footnote has been disavowed by the Ninth Circuit in *Empire Distribution* and *Boldly*'s use of Plaintiff's pled trademark claims "merits First Amendment protection under both prongs of the *Rogers* test." (MJP 11.)

## II. Twentieth Century Fox Television v. Empire Distribution, Inc.

*Twentieth Century Fox Television a Division of Twentieth Century Fox Film Corp. v. Empire Distribution, Inc.*, 875 F.3d 1192 (9th Cir. 2017) involved a dispute between Empire Distribution ("Empire"), the well-known record label, and Twentieth Century Fox Television and Fox Broadcasting Company ("Fox"). Fox premiered a television show titled *Empire*, which portrays a fictional music label named "Empire Enterprises." Fox promoted the show and the music from the show through performances and goods bearing the show's "Empire" brand. Empire sent Fox a claim letter demanding Fox stop using the Empire trademark. Fox filed suit, "seeking a declaratory judgment that the *Empire* show and its associated music releases do not violate Empire Distribution's trademark rights under either the Lanham Act or California law." *Empire*, 875 F.3d at 1195. Fox moved for summary judgment, which the district court granted, and Empire appealed.

In analyzing the claim, the Ninth Circuit noted that when "the allegedly infringing use is the title of an expressive work," it applies the *Rogers* test rather than the likelihood-of-confusion test. *Id.* at 1196. Expressive works are treated differently from other covered works "because (1) they implicate the First Amendment right of free speech, which must be balanced against the public interest in avoiding consumer confusion; and (2) consumers are less likely to mistake the use of someone else's mark in an expressive work for a sign of association, authorship, or endorsement." *Id.* Accordingly, "the title of an expressive work does not violate the Lanham Act 'unless the title has no artistic relevance to the underlying work whatsoever, or, if it has some artistic relevance, unless the title explicitly misleads as to the source or the content of the work.'" *Id.* (quoting *Rogers*, 875 F.2d at 999).

The Ninth Circuit first determined whether the *Rogers* test applied to the Empire mark. Empire had argued that the limiting construction from *Rogers* would not apply due to footnote 5. The Ninth Circuit stated that the footnote had only ever been cited once by an appellate court, and even then the Second Circuit had rejected its applicability. *Id.* at 1197 (citing *Cliffs Notes, Inc. v. Bantam Doubleday Dell Publ'g Grp., Inc.*, 886 F.2d 490 (2d Cir. 1989)). The Ninth Circuit stated "[t]he exception the footnote suggests may be ill-advised or unnecessary" because identifying confusingly similar titles "has the potential to duplicate either the likelihood-of-confusion test or the second prong of *Rogers*" and "conflicts with our precedents, which 'dictate that we apply the *Rogers* test in [Lanham Act] § 43(a) cases involving expressive works.'" *Id.* (alternation in original) (quoting *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1241–42 (9th Cir. 2013)).

In sum, the court found the first *Rogers* prong is satisfied because it could not say that Fox's use of the "Empire" mark "has no artistic relevance to the underlying work whatsoever." *Id.* at 1198. The court noted there is no requirement that the junior work refer to the senior work, i.e., the word "Empire" did not need to refer to Empire Distribution. *Id.* The court also found the second prong is satisfied because Fox's show "contains no overt claims or explicit references to Empire Distribution" and is not explicitly

misleading. *Id.* The court thus affirmed the district court's grant of summary judgment in favor of Fox for the trademark infringement, trademark dilution, unfair competition, and false advertising claims.

**III. Discussion**

The Court now evaluates Plaintiff's trademark claims under the *Rogers* test as it has been interpreted by the Ninth Circuit.

*A. First* **Rogers** *Prong*

As to the first *Rogers* prong, "only the use of a trademark with 'no artistic relevance to the underlying work whatsoever' does not merit First Amendment protection. In other words, the level of relevance merely must be above zero." *E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.*, 547 F.3d 1095, 1100 (9th Cir. 2008). "A mark that has no meaning beyond its source-identifying function is more likely to be used in a way that has 'no artistic relevance to the underlying work whatsoever,' [citation] because the work may be 'merely borrow[ing] another's property to get attention,' [citation]." *Id.* at 1198 (quoting *Mattel*, 296 F.3d at 901–02; and citing *Dr. Seuss Ents., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1401 (9th Cir. 1997)).

This Court previously found that Defendants' invocation of Plaintiff's alleged trademarks is relevant to *Boldly*'s artistic purpose. (First MTD Order 15.) Plaintiff argues the title of *Boldly* was not chosen for artistically relevant reasons but was chosen to "borrow from the rights holder or avoid the drudgery of creating something fresh." (Opp'n 16 (citing *Empire*, 875 F.3d at 1198 and *Penguin*, 109 F.3d at 1401).) The Court disagrees. As mentioned above, the "artistic relevance" test is a low bar—the level must merely be "above zero." *Brown*, 724 F.3d at 1243. It cannot be said that the title of *Boldly* is not at all relevant to the content of the book. As well-put by the court in *CI Games S.A. v. Destination Films*, No. 2:16-cv-5719-SVW-JC, 2016 WL 9185391 (C.D. Cal. Oct. 25, 2016): "It is clear to the Court that the artistic relevance prong of the *Rogers* test is meant to ensure that the title in question uses the potential trademark to express or describe its own content rather than merely to attract notoriety using a trademark in its title that is

irrelevant to the underlying work." *Id.* at *6. This Court agrees and finds the title of *Boldly*, while obviously also referring to and using the title of *Go!*, describes and is relevant to its own content. This prong is met.

### B. *Second* Rogers *Prong*

The second prong of the *Rogers* test requires a junior user to show that its work does not explicitly mislead as to the source or content of the work. *Mattell*, 296 F.3d at 902. "It is well established that the use of a mark alone is not enough to satisfy this prong of the *Rogers* test." *Brown*, 724 F.3d at 1245. The question is "whether there was an 'explicit indication,' 'overt claim,' or 'explicit misstatement' that caused . . . consumer confusion." *Id.* (quoting *Rogers*, 875 F.2d at 1001). The Ninth Circuit has held that even if a party produces survey evidence that shows consumers believed that the trademark owner endorsed the allegedly infringing work, this would not be enough to support a claim of explicit misleading. *Id.* at 1245–46. "To be relevant, evidence must relate to the nature of the behavior of the identifying material's user, not the impact of the use." *Id.* at 1246. For example, if a party produced evidence of "statements made in materials" accompanying the allegedly infringing work that explicitly mislead consumers, this may be sufficient. *Id.*

Here, if Defendants had included a leaflet or a statement within *Boldly* that stated Plaintiff endorsed or was involved in the production of *Boldly*, this may be sufficient. There is no such statement, in fact, the opposite is true. *Boldly*'s copyright page states that "[t]his is a work of parody, and is not associated with or endorsed by CBS Studios or Dr. Seuss Enterprises, L.P.," and includes the following text: "Copyright Disclaimer under section 107 of the Copyright Act 1976, allowance is made for 'fair use' for purposes such as criticism, comment, news reporting, teaching, scholarship, education, research, and parody." (MJP 5–6.) Although the effectiveness of these disclaimers is disputed by Plaintiff, what cannot be disputed is that there is no statement in *Boldly* to the contrary, i.e., that the work *is* associated with or endorsed by Plaintiff.

Plaintiff argues that Defendants have taken more than just the mark because they used the title *Oh! The Places You'll Go!* and copied the lettering and font of the title and

7

many of the illustrated characters. (Opp'n 21.) Indeed, this Court has found that "[t]he look of the lettering is unquestionably identical on both books, down to the shape of the exclamation point." (Second MTD Order 21.) But, Defendants' use of the text and design of *Go!*'s title is not enough to be an "explicit misstatement." *See Rogers*, 875 F.2d at 999 (giving as examples of "explicit" endorsement the phrases "an authorized biography" or "Jane Fonda's Workout"); *see also Brown*, 724 F.3d at 1246 ("The risk of misunderstanding, not engendered by any explicit indication on the face of the [work], is so outweighed by the interest in artistic expression as to preclude application of the [Lanham] Act." (quoting *ETW Corp. v. Jireh Publ'g, Inc.*, 332 F.3d 915 (6th Cir. 2003))).

Plaintiff has not pointed to, and is not able to point to, any evidence that the title of *Boldly* explicitly misleads as to the source of the work, thus, the second prong of *Rogers* is satisfied. Because both *Rogers* prongs are satisfied, Defendant is entitled to judgment on the pleadings as to Plaintiff's trademark claims.

## CONCLUSION AND ORDERS

With this finding, the Court now clarifies which claims are to be dismissed. As noted in the prior order, Plaintiff has pled trademark rights in the title of, fonts on and within, and illustrations within *Go!*. The Court stated it was unnecessary to determine at that time "whether Plaintiff may claim trademark rights in the fonts used on covers of books other than *Go!* or the font used within *Go!*." (Second MTD Order 14.) The Court determined the title *Go!* is a protectable trademark and analyzed Defendants' "use of *Go!*'s title (the words of the title and the title's design on the book covers)." (*Id*.) The Court also found it could not say at the motion to dismiss stage that Plaintiff's asserted general "illustration style" is a protectable trademark but it did not find that the illustrations within *Go!* are precluded from trademark protection. (*Id.* at 15.) Therefore, the Court has not held whether or not Plaintiff has protectable trademark rights in the font and illustration style of *Go!* and the Court has only analyzed the title of *Go!* as it appears on the cover of the book. In this order, the Court is only finding that the title of *Boldly* does not violate the Lanham Act. Thus, the Court **GRANTS** Defendants' Motion for Judgment on the

Pleadings as to Counts II and III of the First Amended Complaint as they relate to the title of *Boldly*. Further, as the Court stated previously, "if claims relying on the exact same factual conduct are validly dismissed under the Lanham Act, they should also be dismissed under California Unfair Competition law." (First MTD Order 19 (citing *E.S.S. Entm't*, 547 F.3d at 1101).) Because Plaintiff's unfair competition claims are based on the same factual conduct as its trademark claims, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings as to Count IV of the First Amended Complaint as it relates to the title of *Boldly*.

**IT IS SO ORDERED.**

Dated: May 21, 2018

Hon. Janis L. Sammartino
United States District Judge