UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dr. Seuss Enterprises, L.P. a California limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>ComicMix LLC; a Connecticut limited liability company; Mr. Glenn Hauman; an individual; Mr. David Jerrold Friedman, an individual also known as David Gerrold; and Mr. Ty Templeton an individual,<br><br>Defendants. | Case No.: 16-cv-02779-JLS-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART JOINT MOTION TO AMEND THE SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**AND**<br><br>**(2) SETTING FORTH FIRST AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS**<br><br>**[ECF No. 90]** |

On May 22, 2018, the parties filed a Joint Motion to Amend the Scheduling Order (ECF No. 90) in which they request a sixty (60) day extension of dates set forth in the Scheduling Order (ECF No. 68) from the June 12, 2018 fact discovery deadline through the November 5, 2018 pretrial motions deadline. (ECF No. 90 at 2; *see* ECF No. 68 ¶¶ 2-

8.) They request this extension due to the parties': (1) protracted motion practice; (2) recent resolution of discovery disputes stemming from the format of Defendants' document production and written responses; (3) outstanding noticed depositions, which cannot occur until document production is complete; and (4) outstanding non-party subpoenas.

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Civil Local Rule 16.1(b) requires all counsel and parties to "proceed with diligence to take all steps necessary to bring an action to readiness for trial." In determining whether there is "good cause" under Rule 16(b), the Court "primarily considers the diligence of the party seeking the amendment" and the "moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Good cause exists if the party can show that the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Id.* If the moving party was not diligent, the inquiry should end. *Id.*

While the parties have largely set forth the diligence with which they have conducted discovery (*see* ECF No. 90 at 3-8), it appears Defendants did not serve their First Set of Requests for Production until April 13, 2018, two months after a Scheduling Order was issued. (*Id.* at 6; ECF No. 90-1 ¶ 18; ECF No. 90-2 ¶ 18; ECF No. 68 [scheduling order docketed February 13, 2018].) Further, one of the parties' purported reasons for not yet completing document production is that a protective order has not been entered in this case, and Plaintiff will "only produce confidential, highly-confidential, proprietary, trade secret, and/or competitively sensitive materials upon entry of and pursuant to the terms of a protective order entered by the Court in this action", (ECF No. 90 at 6, 9). The parties were aware that a protective order would need to be entered at the time of their submission of a Joint Discovery Plan on January 29, 2018. (ECF No. 64 at 13.) However, they did not begin exchanging drafts of a proposed protective order until *over three months later*, on May 10, 2018. (ECF No. 90 at 6; ECF No. 90-1 ¶¶ 21-24; ECF No. 90-2 ¶ 19.) Such

delay does not demonstrate diligence. *See, e.g.*, *Sanchez v. Stryker Corp.*, No. 210CV8832ODWJCGX, 2012 WL 13006186, at *4 (C.D. Cal. Mar. 28, 2012) (failure to resolve a dispute over entry of a protective order "manifests a lack of diligence").

Nonetheless, the parties have demonstrated diligence in working together to timely resolve prior discovery disputes. (*See* ECF Nos. 85-86; ECF No. 90-1 ¶¶ 6-17; ECF No. 90-2 ¶¶ 6-17.) It appears as of May 21, 2018, Defendants completed their document production to Plaintiff, although pursuant to the parties' agreement Plaintiff still needs to complete "processing of Defendants' electronic files and produce Bates-stamped images back to Defendants." (ECF No. 90 at 5-6.) Additionally, Plaintiff expects to substantially complete its production on or around June 8, 2018. (*Id.* at 6.) Further, Judge Sammartino recently issued orders seemingly narrowing the scope of this action and needed discovery. (*See* ECF Nos. 88-89.)

Based on the reasons set forth above, the parties' Joint Motion to Amend the Scheduling Order (ECF No. 90) is **GRANTED IN PART**. At this time, good cause supports **a 30-day extension** of discovery related deadlines as set forth below, from the fact discovery deadline through the pretrial motions deadline. This extension should provide the parties with sufficient time to complete outstanding document production and noticed depositions. The Court cautions that a further blanket extension of discovery is unlikely to be granted. For any such request going forward, the parties must explicitly set forth the specific discovery (*e.g.*, timely noticed depositions, non-party subpoena) for which they need an extension, as well as satisfy the good cause standard. Accordingly, **IT IS HEREBY ORDERED**:

1. All fact discovery shall be completed by all parties by **July 12, 2018**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal

Rules of Civil Procedure.  **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).**  The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.   If the parties reach an impasse on any discovery issue, counsel shall follow the procedures outlined in the undersigned magistrate judge's chambers rules.  **A failure to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

    2.      The parties shall designate their respective experts in writing by **August 13, 2018**.  The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts shall be by **August 27, 2018**.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

    3.      By **September 27, 2018**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

    4.      Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **October 11, 2018**.

    5.      All expert discovery shall be completed by all parties by **November 11,**

4

16-cv-02779-JLS-BGS

**2018**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

6. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

7. All other pretrial motions must be filed by **December 11, 2018**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

8. A Mandatory Settlement Conference shall be conducted on **January 30, 2019** at **1:30 PM** in the chambers of Magistrate Judge **Bernard G. Skomal**. All parties, adjusters for insured defendants, and client representatives must be present and have full and complete authority to enter into a binding settlement at the MSC.[1] The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. Parties seeking permission to be excused from attending the MSC in person must follow the procedures outlined in Judge Skomal's Chambers' Rules. Failure of any of the above parties to appear at the MSC without the Court's permission will be grounds for sanctions. The principal attorneys

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The person must be able to bind the party without the need to call others not present at the conference for authority or approval. The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

responsible for the litigation must also be present in person and prepared to discuss all of the **legal and factual** issues in the case.

     9.    Counsel shall lodge confidential settlement briefs directly with chambers by **January 16, 2019**. The briefs must address the legal and factual issues in the case and should focus on issues most pertinent to settling the matter. The briefs should not repeat facts or law contained in the Complaint or Answer. Briefs do not need to be filed or served on opposing counsel. The briefs must also include any prior settlement offer or demand, as well as the offer or demand the party will make at the MSC. The Court will keep this information confidential unless the party authorizes the Court to share the information with opposing counsel. **MSC briefs must be emailed to efile_Skomal@casd.uscourts.gov**.

     10.    Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **February 14, 2019**.

     11.    Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **February 14, 2019**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

     12.    Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **February 21, 2019**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

     13.    Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **February 28, 2019**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order

for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

14. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **March 7, 2019**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

15. The final Pretrial Conference is scheduled on the calendar of the **Honorable Janis L. Sammartino** on **March 14, 2019** at **1:30 PM**.

16. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

17. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

18. The dates and times set forth herein will not be modified except for good cause shown.

19. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

20. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  May 29, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge