UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. SEUSS ENTERPRISES, L.P., <br><br> Plaintiff, <br><br> v. <br><br> COMICMIX LLC; GLENN HAUMAN; DAVID JERROLD FRIEDMAN a/k/a JDAVID GERROLD; and TY TEMPLETON, <br><br> Defendants. | Case No.: 16-CV-2779-JLS (BGS) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE** <br><br> (ECF No. 61) |

Presently before the Court is Plaintiff Dr. Seuss Enterprises, L.P.'s Motion to Strike, ("MTN," ECF No. 61). Also before the Court is Defendants' Opposition to the Motion, ("Opp'n," ECF No. 76), and Plaintiff's Reply in Support of the Motion, ("Reply," ECF No. 80). After considering the Parties' arguments and the law, the Court rules as follows.

**BACKGROUND**

The factual and procedural background of this case has been summarized in prior orders. (*See* ECF No. 51, at 2–3; ECF No. 89, at 1–2.)[1] The Court does not repeat the

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

1

background here.² Recently, after two rounds of motions to dismiss, Defendants filed an answer to Plaintiff's Complaint. ("Answer," ECF No. 53.) This answer asserts thirty-seven affirmative defenses. Plaintiffs move to strike most of the affirmative defenses.

## LEGAL STANDARD

Rule 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). Accordingly, "[a] defense may be struck if it fails to provide 'fair notice' of the basis of the defense." *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1048 (N.D. Cal. 2004); *see also Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

"Motions to strike are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). "When ruling on a motion to strike, this Court 'must view the pleading under attack in the light most favorable to the pleader.'" *Novick v. UNUM Life Ins. Co. of Am.*, 570 F. Supp. 2d 1207, 1208 (C.D. Cal. 2008) (quoting *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005)).

Finally, this Court recently held that the *Twombly* and *Iqbal* pleading standard applies to affirmative defenses. *Footbalance Sys. Inc. v Zero Gravity Inside, Inc.*, No. 15-cv-1058-JLS (DHB), 2017 WL 3877720, at *1 (S.D. Cal. Sept. 5, 2017). While the Court

---

² The Court continues to refer to Defendants' book as *Boldly* and to Plaintiff's book as *Go!*

acknowledged that district courts are split on the issue, it ultimately determined that *Wyshak*'s "fair notice" standard, which relied on the sole case of *Conley v. Gibson*, 355 U.S. 41 (1957), had necessarily been abrogated by the Supreme Court's decisions in *Twombly* and *Iqbal*. *Footbalance*, 2017 WL 3877720, at *2. "Accordingly, 'fair notice' necessarily now encompasses the 'plausibility' standard; whatever standard 'fair notice' previously encompassed no longer exists." *Id.* Thus, the Court here reviews Defendants' affirmative defenses for plausibility.

## ANALYSIS

The Court analyzes the contested affirmative defenses in the same order as Plaintiff.

### I. Fifteenth Affirmative Defense

Defendants' fifteenth affirmative defense is for copyright misuse. Defendants point to their Kickstarter campaign, wherein Defendants attempted to raise funds for the printing and distributing of *Boldly*. (Answer ¶ 16.) Kickstarter suspended Defendants' campaign after receiving a takedown notice from Plaintiff. (*Id.* ¶ 18.) Also, following Plaintiff's filing of a Complaint, Andrews McMeel Publishing, who had previously agreed to publish *Boldly*, withdraw its offer. (*Id.*) Defendants state they were unable to print and sell *Boldly* as planned due to Plaintiff's actions. Defendants claim Plaintiff's "limited copyright monopoly does not entitle it to exercise control over the fair use market for mashups or other transformative works." (*Id.* ¶ 23.)

Plaintiff moves to strike this defense because it asserts the doctrine of copyright misuse does not apply to this situation. (MTN 16.) Plaintiff is generally arguing that Defendants' assertion is legally insufficient. Indeed, an affirmative defense may be insufficient. "[A]n affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'" *Empl. Painters' Trust v. Pac. N.w. Contractors, Inc.*, No. C13-5018-BHS, 2013 WL 1774628, at *4 (W.D. Wash. Apr. 25, 2013) (quoting *McArdle v. AT & T Mobility LLC*, 657 F. Supp. 2d 1140, 1149–50 (N.D. Cal. 2009), *rev'd on other grounds*, 474 F. App'x 515 (9th Cir. 2012)). When determining

the legal sufficiency of an affirmative defense on a motion to strike, a court "may not resolve disputed and substantial . . . legal issues." *Whittlestone*, 618 F.3d at 973. "To strike an affirmative defense, the moving party must convince the court 'that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.'" *Gencarelli v. Twentieth Century Fox Film Corp.*, No. 2:17-cv-2818-ODW (AJW), 2018 WL 376664, at *3 n.7 (C.D. Cal. 2018) (citation omitted) (quoting *S.E.C. v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

The Court does not find that Plaintiff has proven this affirmative defense is legally insufficient in that it clearly lacks any merit. At this stage, there are still questions of fact and law that must be resolved in analyzing Plaintiff's copyright claim. The Court **DENIES** Plaintiffs' request to strike this affirmative defense.

## II. Eleventh, Seventeenth, Eighteenth, and Twentieth Affirmative Defenses

These affirmative defenses assert insufficient chain of title (eleventh), and lack of standing (seventeenth, eighteenth, and twentieth). These defenses relate to Defendants' allegation that Plaintiff's copyrights for *Go!* and *The Sneetches and Other Stories*, are invalid due to inaccurate information on the copyright registrations. In a recent order, the Court determined that these copyright registrations are not based on inaccurate information. (ECF No. 88.) This determination has mooted this issue and Defendants' argument. The Court therefore **GRANTS** Plaintiff's Motion and **STRIKES** the eleventh, seventeenth, eighteenth, and twentieth affirmative defenses.

## III. Twenty-Sixth Affirmative Defense

Defendants' twenty-sixth defense argues Plaintiff's claims of "false designation of origin" fail because they conflict with the law of copyright and are barred under *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003)." (Answer ¶ 71.) Defendants state Plaintiff "is not the producer of *Boldly* so it cannot be the 'origin' of

*Boldly* within the meaning of the Lanham Act under *Dastar*." (*Id.*)[3]

Plaintiff again makes an argument of legal insufficiency, arguing Defendants' arguments failed in their first motion to dismiss and "still fail now." (MTN 23.) Assuming this to be true, this assertion does not persuade the Court to strike the defense. The Court's determination at the motion to dismiss stage is made based on the pleadings. The order does not bar Defendants from making similar arguments later. The Court **DENIES** Plaintiffs' Motion to Strike the twenty-sixth affirmative defense.

## IV. Twenty-Seventh Affirmative Defense

This defense alleges that Plaintiff fails to state a claim under California Business and Professions Code § 17200 "to the same extent that it fails to state a claim under the Lanham Act. Such claims are substantially congruent." (Answer ¶ 73.) Plaintiff argues just because the claims are substantially congruent does not mean that the state law claims are precluded. (MTN 25.)

Indeed, "state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1263 (9th Cir. 1994). The Court has stated that "if claims relying on the exact same factual conduct are validly

---

[3] In *Dastar*, the Supreme Court considered "whether § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prevents the unaccredited copying of a work." 539 U.S. at 25. The case concerned a company, Dastar, that purchased copies of a television series in the public domain, copied them, edited the series, and then sold the edited series as its own product without reference to the original series. *Id.* at 26–27. Respondents Fox, SFM, and New Line argued that Dastar's sales of its edited video set "without proper credit" to the original television series constituted "reverse passing off" (i.e., a producer misrepresenting someone else's goods as his own) in violation of § 43(a) of the Lanham Act. *Id.* at 27. The gravamen of the claim, under the Lanham Act, was that Dastar made a "false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion . . . as to the origin . . . of his or her goods." *Id.* at 31. (quoting 15 U.S.C. § 43(a)). The Court rejected respondents' claim under the Lanham Act, concluding that the phrase "origin of goods" refers to "the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." *Id.* The Court noted that "[t]o hold otherwise would be akin to finding that § 43(a) created a species of perpetual patent and copyright, which Congress may not do." *Id.* The Court thus concluded that Dastar was the "origin" of the products it sold as its own, and thus respondents' Lanham Act claim failed. *Id.* at 38.

dismissed under the Lanham Act, they should also be dismissed under California Unfair Competition law." (ECF No. 38, at 19; ECF No. 51, at 23.) Both claims have, for the most part, survived motions to dismiss. The Court **DENIES** Plaintiff's Motion to Strike the twenty-seventh affirmative defense.

## V. Twenty-Eighth Affirmative Defense

This defense argues that Plaintiff's claims under California Business and Professions Code § 17200 are preempted by 17 U.S.C. § 301(a). (Answer ¶ 74). This statute provides that state copyright legislation is preempted when two elements are present. First, "the content of the protected right must fall within the subject matter of the Copyright Act as described in 17 U.S.C. §§ 102–103." *Aagard v. Palomar Builders, Inc.*, 344 F. Supp. 2d 1211, 1215 (E.D. Cal. 2004). Second, "the rights asserted under the state law claim must be 'rights that are equivalent' to those protected by section 106 of the Copyright Act." *Id.* (quoting *Kodadek v. MTV Networks, Inc.*, 152 F. 3d 1209, 1212 (9th Cir. 1998)). "To survive preemption, the state cause of action must protect rights that are qualitatively different from the rights protected by copyright: the complaint must allege an 'extra element' that changes the nature of the action." *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir. 2004).

Plaintiff asserts its § 17200 claim sounds in trademark, not copyright. (MTN 26.) This is an argument that this affirmative defense is legally insufficient. At this stage, questions of law and fact preclude the striking of this defense. The Court **DENIES** Plaintiff's Motion to Strike the twenty-eighth affirmative defense.

## VI. Twenty-Ninth and Thirtieth Affirmative Defenses

The twenty-ninth defense asserts that the Trademark Registration No. 5,099,531 (registered Dec. 13, 2016), for OH THE PLACES YOU'LL GO as a trademark in connection with "downloadable digital children's books," among other goods is invalid. (Answer ¶ 75.) Defendants argue that the title of a single creative work is not entitled to trademark protection. (*Id.* ¶ 78.) The Court has determined that at the motion to dismiss stage, the title *Go!* may be protected under section 43(a) of the Lanham Act. (ECF No. 51,

6

at 14.) However, this does not preclude Defendants from raising this affirmative defense. This is an argument that goes to the merits of this case and should not be addressed on a motion to strike. *See Quintana v. Baca*, 233 F.R.D. 562, 565 (C.D. Cal. 2005) (finding same). The Court **DENIES** Plaintiff's Motion to Strike the twenty-ninth affirmative defense.

Similarly, the thirtieth defense incorporates the twenty-ninth affirmative defense and alleges that Plaintiff has failed to state a claim on its common-law trademark rights in *Go!* because the title of a single creative work is not a trademark. (Answer ¶¶ 81–82.) For the same reasons, the Court **DENIES** Plaintiff's Motion to Strike the thirtieth affirmative defense.

## VII. Thirty-Sixth Affirmative Defense

This defense asserts trademark abandonment. (*Id.* ¶ 94.) Defendants engage in a lengthy argument that Plaintiff has over-expanded and over-commercialized its marks. (*Id.* ¶¶ 94–111.) Plaintiff's Motion to Strike attacks the legal sufficiency of Defendants' defense, and goes strongly towards the merits of this case. Questions of law and fact preclude striking this defense and the Court **DENIES** Plaintiff's Motion to Strike the thirty-sixth affirmative defense.

## VIII. First through Ninth Affirmative Defenses

The first through ninth affirmative defenses are: (1) failure to state a claim; (2) estoppel; (3) unclean hands; (4) unjust enrichment; (5) no damages; (6) no profits; (7) injunctive relief not warranted; (8) intervening causes; and (9) failure to mitigate damages. Plaintiff argues defenses one, two, three, four, eight, and nine are boilerplate defenses that fail to put it on "fair notice" of their nature. (MTN 32.) Plaintiffs also move to strike the fifth, sixth, seventh, and eighth affirmative defenses as legally insufficient. (*Id.* at 34.)

The Court first addresses the allegation of boilerplate defenses. "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827; *see also* Schwarzer, et al., Cal. Prac. Guide Fed. Civ. Pro. Before Trial, ¶ 8:1050 (Rutter Group 2010) ("An affirmative defense

must be pleaded with enough specificity or factual particularity to give plaintiff 'fair notice' of the defense being advanced."). "[I]t is not enough simply to refer to a statute or doctrine without supporting facts showing its applicability." Schwarzer ¶ 8:1050.10. "A reference to a doctrine . . . is insufficient notice." *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (holding an answer alleging plaintiff is "barred from recovery . . . by the doctrines of waiver, estoppel, and unclean hands" did not provide fair notice of affirmative defenses because it did not allege facts justifying any of these doctrines). The defense must be sufficiently articulated so that the plaintiff is not a victim of unfair surprise. The Court **GRANTS** Plaintiff's Motion and **STRIKES** the boilerplate affirmative defenses that do not provide Plaintiff with the nature of nor any supporting facts behind the defense: first (failure to state a claim); second (estoppel); third (unclean hands); fourth (unjust enrichment); eighth (intervening causes).

Further, Defendants assert Plaintiff has incurred "no damages" (fifth defense) and that Defendants have made "no profits" (sixth defense). (Answer ¶¶ 5–6.) "[A]n assertion that the plaintiff suffered no damages is not an affirmative defense, because it is essentially an allegation that the plaintiff cannot prove the elements of its claims." *Surface Supplied, Inc. v. Kirby Morgan Dive Sys., Inc.*, No. C-13-575 MMC, 2013 WL 5496961, at *3 (N.D. Cal. Oct 3, 2013) (citation omitted). A claim of "no profits" implies the same conclusion. The Court **GRANTS** Plaintiff's Motion and **STRIKES** these two affirmative defenses. The Court's ruling in this regard is not to be construed as establishing that Plaintiff has proven that it suffered damages or that Defendants have made profits.

As to Defendants' seventh affirmative defense (injunctive relief), Defendants provide: "*Boldly* has never been published or sold and will not be published or sold unless and until Defendants should prevail in this action. Any alleged injury to DSE is not immediate or irreparable, and DSE has an adequate remedy at law." (Answer ¶ 7.) Plaintiff argues this defense is "not an affirmative defense" and "redundant and unnecessary." (MTN 36.) The Court disagrees; Defendants argue there is nothing to enjoin due to the status of *Boldly*. This is not simply a reiteration of a denial of liability. The Court **DENIES**

Plaintiff's Motion to Strike this defense.

As to Defendants' ninth affirmative defense (failure to mitigate), Plaintiff argues this defense is inapplicable to its claims under § 17200 and its copyright claims. (MTN 33.) Plaintiff states it is required to guess which claims this defense applies to. This is not a sufficient basis to strike the defense. If Plaintiff wants more information about this defense, it can seek discovery regarding the factual basis for the allegations. The Court **DENIES** Plaintiff's Motion to Strike this defense.

The Court acknowledges Defendants' argument that it may be premature to strike its affirmative defenses at this stage. (Opp'n 31.) *See Long v. Destination Maternity Corp.*, 15cv2836, 2016 U.S. Dist. LEXIS 54323, *37 (S.D. Cal. Apr. 21, 2016) (finding each of the affirmative defenses in the answer "provide sufficient notice of the defense to Plaintiff at this time. Plaintiff's motion to strike affirmative defenses is premature before discovery has commenced"). The Court finds the boilerplate defenses noted here do not provide Plaintiff with sufficient notice of Defendants' position. The Court grants Defendants leave to amend the defenses when it has sufficient information to provide fair notice of the nature of the defenses. The Court **STRIKES WITH LEAVE TO AMEND** defenses numbers: one, two, three, four, and eight. The Court **STRIKES WITHOUT LEAVE TO AMEND** defenses numbers: five and six. The Court **DENIES** Plaintiff's Motion to strike defenses numbers: seven, nine.

## CONCLUSION

The Court **GRANTS** Plaintiff's Motion to Strike Defendants' affirmative defenses numbers one, two, three, four, five, six, eight, eleven, seventeen, eighteen, and twenty. The "boilerplate" defenses (numbers one, two, three, four, and eight) are stricken with leave to amend. The Court **DENIES** the remainder of the Motion.

**IT IS SO ORDERED.**

Dated: June 21, 2018

Hon. Janis L. Sammartino
United States District Judge