# EXHIBIT 33

Dan Booth (MA Bar No. 672090)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
dbooth@boothsweet.com
(617) 250-8602
*Admitted Pro Hac Vice*

Michael Licari (SBN 265241)
D'EGIDIO LICARI & TOWNSEND, APC
5402 Ruffin Road, Suite 209
San Diego, CA 92123
mlicari@dltslaw.com
(619) 550-3011
*Local Counsel*

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DR. SEUSS ENTERPRISES, L.P.**,<br><br>Plaintiff,<br><br>v.<br><br>**COMICMIX LLC**; **GLENN HAUMAN**; **DAVID JERROLD FRIEDMAN** a/k/a **DAVID GERROLD**; and **TY TEMPLETON**,<br><br>Defendants. | Case No. 3:16-cv-2779-JLS-BGS<br><br>**DEFENDANTS' RESPONSES TO DR. SEUSS ENTERPRISES, L.P.'S FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-16)** |

Defendants ComicMix LLC ("ComicMix"), Glenn Hauman ("Hauman"), David Gerrold ("Gerrold", and Ty Templeton ("Templeton") (collectively "Defendants") hereby comply with Rules 26 and 36 of the Federal Rules of Civil Procedure and CivLR 36.1 by responding to Plaintiff Dr. Seuss Enterprises, L.P.'s ("DSE") First Set of Requests for Admission (Nos. 1-16) (the "Requests"), served on June 6, 2016, as follows.

These responses are based on the information reasonably available to Defendants at this time, and Defendants expressly reserve the right to withdraw or

-1-

DEFENDANTS' RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR ADMISSION (NOs. 1-16)   Case No. 16-cv-2779-JLS-BGS
Exhibit 33, Page 486

amend the information set forth below, as needed and to the extent permitted under Rule 36(b).

## GENERAL OBJECTIONS

1. Defendants object to each and every use in the Requests of the unfounded pejorative "Infringing Work" to refer to the unpublished book *Oh, the Places You'll Boldly Go!* ("*Boldly*"). For purposes of their responses to the Requests, Defendants will construe the pejorative to refer to the version of *Boldly* produced at CMX000162-186.

2. Defendants object to the ambiguous definition of "Dr. Seuss Copyrighted Works" in the Requests as "refers to the original works of authorship of Theodor S. Geisel, under the pseudonym 'Dr. Seuss,' as defined in the FAC at ¶¶ 15-16 and Appendix A thereto." FAC ¶ 15 identifies ten of the Dr. Seuss books by title, Appendix A of the FAC identifies only five; FAC ¶ 16 asserts without specificity that "[t]he Dr. Seuss books and characters are duly registered for copyright with the United States Copyright Office." For purposes of their responses to the Requests, Defendants will construe "Dr. Seuss Copyrighted Works" to refer only to the five books identified in Appendix A of the FAC, namely, *How the Grinch Stole Christmas*, *The Lorax*, *Horton Hears a Who!*, *The Sneetches and Other Stories*, and *Oh, the Places You'll Go!* ("*Go!*") and will refer to all five collectively as the "Five Dr. Seuss Books."

3. Defendants object to the Requests and their Instructions to the extent that they purport to impose any burden beyond compliance with Rules 26 and 36 of the Federal Rules of Civil Procedure.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST NO.1:**

Admit that You used elements of the Dr. Seuss Copyrighted Works in the Infringing Work.

**RESPONSE TO REQUEST NO. 1:**

Defendants object that the term "You," as defined in the Requests, includes many people who played no role in creating *Boldly*; for purposes of this Response, Defendants will construe "You" to mean the named defendants only. Defendants object that the term "Dr. Seuss Copyrighted Works," as defined in the Requests, is ambiguous; for purposes of this Response, Defendants will construe "Dr. Seuss Copyrighted Works" to mean only the Five Dr. Seuss Books. Defendants object to the Request's use of the unfounded pejorative "Infringing Work" to refer to *Boldly*; for purposes of this Response, Defendants will construe "Infringing Work" to refer to the version of *Boldly* produced at CMX000162-186.

Subject to the above objections, Defendants admit that they used elements of the Dr. Seuss books *How the Grinch Stole Christmas*, *The Sneetches and Other Stories*, and *Go!* in *Boldly*; and Defendants deny that they used elements of the Dr. Seuss books *The Lorax* and *Horton Hears a Who!* in *Boldly*.

**REQUEST NO.2:**

Admit that You did not have a license from DSE to use elements of the Dr. Seuss Copyrighted Works in the Infringing Work.

**RESPONSE TO REQUEST NO. 2:**

Defendants object that the term "Dr. Seuss Copyrighted Works," as defined in the Requests, is ambiguous; for purposes of this Response, Defendants will construe "Dr. Seuss Copyrighted Works" to mean only the Five Dr. Seuss Books. Defendants object to the Request's use of the unfounded pejorative "Infringing Work" to refer to *Boldly*; for purposes of this Response, Defendants will construe "Infringing Work" to refer to the version of *Boldly* produced at CMX000162-186. Defendants further object that the definition supplied for "Infringing Work" in the Requests (that it "shall mean and refer to the book '*Oh, The Places You'll Boldly Go!*' created by the Defendants without DSE's authorization") renders Request No. 2 tautological.

-3-

DEFENDANTS' RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR ADMISSION (NOs. 1-16)   Case No. 16-cv-2779-JLS-BGS

Exhibit 33, Page 488

Subject to the above objections, Defendants admit that they did not have a license from DSE to use elements of the Five Dr. Seuss Books in *Boldly*. However, Defendants deny that they needed a license from DSE in order to use the elements of Dr. Seuss books used in *Boldly*.

**REQUEST NO.3:**

Admit that, prior to the commencement of this Action, You did not attempt to contact DSE to seek a license to use elements of the Dr. Seuss Copyrighted Works in the Infringing Work.

**RESPONSE TO REQUEST NO. 3:**

Defendants object that the term "Dr. Seuss Copyrighted Works," as defined in the Requests, is ambiguous; for purposes of this Response, Defendants will construe "Dr. Seuss Copyrighted Works" to mean only the Five Dr. Seuss Books. Defendants object to the Request's use of the unfounded pejorative "Infringing Work" to refer to *Boldly*; for purposes of this Response, Defendants will construe "Infringing Work" to refer to the version of *Boldly* produced at CMX000162-186. Defendants further object that the definition supplied for "Infringing Work" in the Requests (that it "shall mean and refer to the book '*Oh, The Places You'll Boldly Go!*' created by the Defendants without DSE's authorization") renders Request No. 3 tautological.

Subject to the above objections, Defendants admit that, prior to the commencement of this Action, they did not attempt to contact DSE to seek a license to use elements of Dr. Seuss books in *Boldly*. However, Defendants deny that they needed a license from DSE to use the elements of Dr. Seuss books used in *Boldly*.

**REQUEST NO.4:**

Admit that You imitated the font that appears on the cover of Dr. Seuss's *Oh! The Places You'll Go!* on the cover of the Infringing Work's.

**RESPONSE TO REQUEST NO. 4:**

Defendants object that the term "You," as defined in the Requests, includes many people who played no role in creating *Boldly* or its cover; for purposes of this

-4-

DEFENDANTS' RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR ADMISSION (NOs. 1-16)    Case No. 16-cv-2779-JLS-BGS

Exhibit 33, Page 489

Response, Defendants will construe "You" to mean the named defendants only. Defendants object to the Request's use of the unfounded pejorative "Infringing Work" to refer to *Boldly*. Defendants further object to the Request's use of the term "imitate," which is not specifically defined in the Requests and is ambiguous; for purposes of this Response, Defendants will construe the word "imitate" to have the first meaning provided by Merriam-Webster (see https://www.merriam-webster.com/dictionary/imitate), that is: "to follow as a pattern, model, or example." Defendants object to the Request's use of the term "font," which is not specifically defined in the Requests, and that to the extent a "font" means a single, fixed, consistent form of lettering, no such "font" appears in the varied letterforms on the cover of *Go!*; rather, each letter that appears on that cover more than once is not simply set or typed in a recurring form, but appears hand-drawn in different shapes. See ECF No. 39 p. 12; ECF No. 44 pp. 8-9 ("repeated letters bear different forms, as with each *e*, *h*, *l*, and *o* on the cover of *Go!*"). For purposes of this Response, Defendants will construe "font" to mean "lettering." Defendants object to the Request's use of the unfounded pejorative "Infringing Work" to refer to *Boldly*; for purposes of this Response, Defendants will construe "Infringing Work" to refer to the version of *Boldly* produced at CMX000162-186. Subject to the above objections:

(1) Defendants deny that Gerrold imitated, followed, or otherwise used lettering that appears on the cover of *Go!* in the cover of *Boldly*. Gerrold authored *Boldly*, but did not draw its lettering or illustrations.

(2) ComicMix and Hauman admit that Hauman placed lettering on the cover of *Boldly*, for the author names; however, they deny that in so doing, he followed, as a pattern, model, or example, any lettering that appears on the cover of *Go!*. Instead, Hauman used a modified version of the Doctor Soos font.

(3) Templeton admits that he placed lettering on the cover of *Boldly* that followed (as a model) lettering that appears on the cover of *Go!*.

**REQUEST NO.5:**

Admit that You imitated Dr. Seuss's illustration style in the Infringing Work's illustrations and in the Infringing Work's cover art.

**RESPONSE TO REQUEST NO. 5:**

Defendants object that the term "You," as defined in the Requests, includes many people who played no role in creating *Boldly* and its illustrations, including its cover art; for purposes of this Response, Defendants will construe "You" to mean the named defendants only. Defendants object to the Request's use of the unfounded pejorative "Infringing Work" to refer to *Boldly*; for purposes of this Response, Defendants will construe "Infringing Work" to refer to the version of *Boldly* produced at CMX000162-186. Defendants further object to the Request's use of the term "imitate," which is not specifically defined in the Requests and is ambiguous; for purposes of this Response, Defendants will construe the word "imitate" to have the first meaning provided by Merriam-Webster (see https://www.merriam-webster.com/dictionary/imitate), that is: "to follow as a pattern, model, or example."

Subject to the above objections, Defendants deny that Gerrold or Hauman followed, as a pattern, model, or example, Dr. Seuss's illustration style in *Boldly*'s illustrations or in its cover art. Defendants admit that Templeton, and thereby ComicMix, followed Dr. Seuss's illustration style as a model in *Boldly*'s illustrations, including in its cover art.

**REQUEST NO.6:**

Admit that DSE is the registered owner of the Dr. Seuss Copyrighted Works.

**RESPONSE TO REQUEST NO. 6:**

Defendants object that the term "Dr. Seuss Copyrighted Works," as defined in the Requests, is ambiguous; for purposes of this Response, Defendants will construe "Dr. Seuss Copyrighted Works" to mean only the Five Dr. Seuss Books. Subject to the above objection, Defendants state as follows:

-6-

DEFENDANTS' RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR ADMISSION (NOs. 1-16)   Case No. 16-cv-2779-JLS-BGS

Subject to the above objections, Defendants admit that *Boldly* used elements of the nineteen *Star Trek* TOS episodes identified in Definition No. 11 of DSE's Requests for Admission.

**REQUEST NO.8:**

Admit that You did not have a license from CBS Studios to use elements of the Star Trek Intellectual Property in the Infringing Work.

**RESPONSE TO REQUEST NO. 8:**

Defendants object that the term "You," as defined in the Requests, includes many people who played no role in creating *Boldly*; for purposes of this Response, Defendants will construe "You" to mean the named defendants only. Defendants object to the Responses' definition of "Star Trek Intellectual Property" as referring to "CBS Studios original works of authorship in" nineteen specific episodes of the original series ("TOS") of *Star Trek*, because those works are not original to CBS Studios, Inc., and Defendants believe and assert that at least "The Trouble With Tribbles" is an original work of authorship by Gerrold, who wrote the screenplay, as is some or all of "I, Mudd," on which he performed an uncredited rewrite; for purposes of this Response, Defendants will construe "Star Trek Intellectual Property" to mean "the nineteen *Star Trek* TOS episodes identified in Definition No. 11 of DSE's Requests for Admission." Defendants object to the Request's use of the unfounded pejorative "Infringing Work" to refer to *Boldly*; for purposes of this Response, Defendants will construe "Infringing Work" to refer to the version of *Boldly* produced at CMX000162-186.

Subject to the above objections, Defendants admit that they did not have an express license from CBS Studios to use elements of the nineteen *Star Trek* TOS episodes identified in Definition No. 11 of DSE's Requests for Admission in *Boldly*. However, Defendants deny that they needed such a license.

**REQUEST NO.9:**

Admit that, prior to the commencement of this Action, You did not attempt to contact CBS Studios to seek a license to use elements of the Star Trek Intellectual Property in the Infringing Work.

**RESPONSE TO REQUEST NO. 9:**

Defendants object that the term "You," as defined in the Requests, includes many people who played no role in creating *Boldly*; for purposes of this Response, Defendants will construe "You" to mean the named defendants only. Defendants object to the Responses' definition of "Star Trek Intellectual Property" as referring to "CBS Studios original works of authorship in" nineteen specific episodes of the original series ("TOS") of *Star Trek*, because those works are not original to CBS Studios, Inc., and Defendants believe and assert that at least "The Trouble With Tribbles" is an original work of authorship by Gerrold, who wrote the screenplay, as is some or all of "I, Mudd," on which he performed an uncredited rewrite; for purposes of this Response, Defendants will construe "Star Trek Intellectual Property" to mean "the nineteen *Star Trek* TOS episodes identified in Definition No. 11 of DSE's Requests for Admission." Defendants object to the Request's use of the unfounded pejorative "Infringing Work" to refer to *Boldly*; for purposes of this Response, Defendants will construe "Infringing Work" to refer to the version of *Boldly* produced at CMX000162-186.

Subject to the above objections, Defendants admit that they did not attempt to contact CBS Studios to seek an express license to use elements of the nineteen *Star Trek* TOS episodes identified in Definition No. 11 of DSE's Requests for Admission in *Boldly*. However, Defendants deny that they needed (or needed to seek) such a license, and further assert that Gerrold has rights in his contributions to the TOS episodes "The Trouble With Tribbles" and "I, Mudd."

**REQUEST NO.10:**

Admit that, prior to the commencement of this Action, You intended to sell the Infringing Work for profit.

**RESPONSE TO REQUEST NO. 10:**

Defendants object that the term "You," as defined in the Requests, includes many people who played no role in creating or selling *Boldly*; for purposes of this Response, Defendants will construe "You" to mean the named defendants only. Defendants object to the Request's use of the unfounded pejorative "Infringing Work" to refer to *Boldly*; for purposes of this Response, Defendants will construe "Infringing Work" to refer to the version of *Boldly* produced at CMX000162-186. Subject to the above objections: ComicMix and Hauman admit that they intended to sell *Boldly* for profit. Gerrold and Templeton deny that they intended to sell *Boldly* for profit, while they admit that they intended for ComicMix and Hauman to sell *Boldly* for profit.

**REQUEST NO.11:**

Admit that, prior to the commencement of this Action, you intended to sell the infringing work in hard copy and e-book format through online and brick-and-mortar retailers, such as ThinkGeek.com, Amazon.com, Barnes & Noble, Books A Million!, Apple iBookstore, Barnes & Noble Nook, Amazon.com Kindle, and Google Play.

**RESPONSE TO REQUEST NO. 11:**

Defendants object that the term "you," as defined in the Requests, includes many people who played no role in creating or selling *Boldly*; for purposes of this Response, Defendants will construe "you" to mean the named defendants only. Defendants object to the Request's use of the unfounded pejorative "infringing work" to refer to *Boldly*; for purposes of this Response, Defendants will construe "infringing work" to refer to the version of *Boldly* produced at CMX000162-186. Subject to the above objections:

-11-

DEFENDANTS' RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR ADMISSION (NOs. 1-16)   Case No. 16-cv-2779-JLS-BGS

Exhibit 33, Page 494

(1) ComicMix and Hauman admit that before this Action commenced, they intended to sell *Boldly* in hard copy and e-book format through online and brick-and-mortar retailers.

(2) Gerrold and Templeton deny that, before this Action commenced, they intended to sell *Boldly* in hard copy and e-book format through online and brick-and-mortar retailers, but they admit that they intended for ComicMix and Hauman to sell *Boldly* in hard copy and e-book format through online and brick-and-mortar retailers.

**REQUEST NO.12:**

Admit that DSE and its authorized licensees market books, works, and others goods derived from the Dr. Seuss Copyrighted Works.

**RESPONSE TO REQUEST NO. 12:**

Defendants object that the Request is unclear and vague. Defendants object that the Request does not identify any authorized licensees of DSE; for purposes of this Response, Defendants will construe "its authorized licensees" to mean the parties to the DSE licenses specifically identified in the First Amended Complaint, related to: (1) the *Seuss Landing* attraction at the Universal Islands of Adventure theme park; (2) the television series *The Cat in the Hat Knows A Lot About That* and *The Wubbulous World of Dr. Seuss*; (3) Converse All Stars; and (4) collegiate bibs. ECF No. 39 ¶¶ 24, 25 & 46. Defendants object that the term "Dr. Seuss Copyrighted Works," as defined in the Requests, is ambiguous; for purposes of this Response, Defendants will construe "Dr. Seuss Copyrighted Works" to mean only the Five Dr. Seuss Books. Further, Defendants object that the Request does not identify any books, works, or other goods derived from any of the Five Dr. Seuss Books, and the First Amended Complaint does not identify any books, works, or other goods derived from any of the Five Dr. Seuss Books other than *Go!*; therefore, for purposes of this Response, Defendants will construe "derived from the Dr. Seuss Copyrighted Works" to mean only "derived from *Go!*."

Subject to the foregoing objections, Defendants admit that DSE markets books and other goods derived from *Go!*, and Defendants lack sufficient knowledge or readily obtainable information to admit or deny the matter within the Request related to DSE's authorized licensees because, to Defendants' knowledge, none of DSE's licensees identified in the First Amended Complaint markets any books, works, or other goods derived from *Go!*.

**REQUEST NO.13:**

Admit that You authored the language in the "Risks and challenges" section of Your Kickstarter Fundraising Campaign, including the language:

> While we firmly believe that our parody, created with love and affection, fully falls within the boundary of fair use, there may be some people who believe that this might be in violation of their intellectual property rights. And we may have to spend time and money proving it to people in black robes. And we may even lose that.

**RESPONSE TO REQUEST NO. 13:**

Defendants object that the term "You," as defined in the Requests, includes many people who played no role in the Kickstarter fundraising campaign for *Boldly*; for purposes of this Response, Defendants will construe "You" to mean the named defendants only. Subject to the foregoing objection, Hauman and ComicMix admit that Hauman, on behalf of ComicMix, wrote the "Risks and challenges" section of the Kickstarter fundraising campaign, and Gerrold and Templeton deny that they wrote that section.

**REQUEST NO.14:**

Admit that You were aware, at the time that you authored the language on the "Risks and challenges" section of Your Kickstarter Fundraising Campaign, that a court might conclude that the Infringing Work infringes upon DSE's rights in the Dr. Seuss Intellectual Property.

-13-

DEFENDANTS' RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR ADMISSION (NOs. 1-16)    Case No. 16-cv-2779-JLS-BGS

Exhibit 33, Page 496

**REQUEST NO.16:**

Admit that You intended to create posters, mugs, and other merchandise using the Infringing Work's cover art.

**RESPONSE TO REQUEST NO. 16:**

Defendants object that the term "You," as defined in the Requests, includes many people who played no role in *Boldly* or other products using its art; for purposes of this Response, Defendants will construe "You" to mean the named defendants only. Defendants object to the Request's use of the unfounded pejorative "Infringing Work" to refer to *Boldly*; for purposes of this Response, Defendants will construe "Infringing Work" to refer to the version of *Boldly* produced at CMX000162-186. Defendants object that the Request is vague as to time. Subject to the above objections, Defendants respond as follows.

Defendants Gerrold and Templeton admit that they intended to create merchandise—specifically, *Boldly* itself—using *Boldly*'s cover art. Otherwise, Gerrold and Templeton deny that they intended to create posters or mugs, or other merchandise using the cover art of *Boldly*.

Defendants Hauman and ComicMix admit that they intended to create merchandise—specifically, *Boldly* itself—using *Boldly*'s cover art. Further, they admit that on and about June 14, 2016, in connection with a then-anticipated Kickstarter crowdfunding campaign to finance the initial printing and distribution of *Boldly*, they considered having posters, mugs, and merchandise created using *Boldly*'s cover art. See CMX000696-697.

Respectfully submitted,

DATED: July 6, 2018

/s/   Dan Booth
*Counsel for Defendants*

-16-

## CERTIFICATE OF SERVICE

I, Dan Booth, hereby certify that the foregoing document has been served on counsel of record for Plaintiffs by email on this 6th day of July, 2018.

/s/ Dan Booth

-17-