# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. SEUSS ENTERPRISES, L.P., a California limited partnership<br><br>Plaintiff,<br><br>v.<br><br>COMICMIX LLC, a Connecticut limited liability company; GLENN HAUMAN, an individual; DAVID JERROLD FRIEDMAN a/k/a DAVID GERROLD, and individual; and TY TEMPLETON, an individual,<br><br>Defendants. | Case No.: 16-CV-2779 JLS (BGS)<br><br>**ORDER (1) GRANTING JOINT MOTION FOR AN EXTENSION OF TIME *NUNC PRO TUNC* FOR DEFENDANTS TO FILE THEIR MOTION FOR ATTORNEYS' FEES; (2) GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND BILL OF COSTS WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, STAYING PROCEEDINGS PENDING APPEAL; AND (3) DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND BILL OF COSTS**<br><br>(ECF Nos. 154, 155, 157, 158) |

Presently before the Court are Plaintiff Dr. Seuss Enterprises, L.P.'s *Ex Parte* Application for an Order Denying Defendants' Motion for Attorney's Fees and Bill of Costs Without Prejudice or, in the Alternative, Staying Proceedings Pending Appeal ("*Ex Parte* App.," ECF No. 157) and Plaintiff's and Defendants ComicMix LLC, Glenn

1

16-CV-2779 JLS (BGS)

Hauman, David Jerrold Friedman a/k/a David Gerrold, and Ty Templeton's Joint Motion for an Extension of Time *Nunc pro Tunc* for Defendants to File Their Motion for Attorneys' Fees ("Joint Mot.," ECF No. 158). Also before the Court are Defendants' Opposition to ("*Ex Parte* Opp'n," ECF No. 159) and Plaintiff's Reply in Support of ("*Ex Parte* Reply," ECF No. 160) the *Ex Parte* Application, as well as Defendants' Bill of Costs (ECF No. 154) and Motion for Attorney's Fees ("Fee Mot.," ECF No. 155).

## JOINT MOTION

In the Joint Motion, the Parties indicate that they have stipulated to extend the deadline for Defendants to file their Fee Motion from April 9, 2019, to April 10, 2019, *see* Joint Mot. at 1–2, due to technical difficulties faced by Defendants' counsel. *See* Decl. of Dan Booth in Support of Joint Mot., ECF No. 158-1, ¶¶ 7–8. Counsel for Plaintiff has stipulated to the timeliness of Defendants' Fee Motion. *See id.* ¶ 9. Good cause appearing, the Court **GRANTS** the Joint Motion (ECF No. 158) and **EXTENDS** ***NUNC PRO TUNC*** the deadline for Defendants to file their Fee Motion to April 10, 2019.

## *EX PARTE* APPLICATION

In its *Ex Parte* Application, Plaintiff requests that the Court denying without prejudice Defendants' pending Fee Motion and Bill of Costs or, alternatively, stay these proceedings pending resolution of Plaintiff's appeal. *See generally Ex Parte* App. Plaintiff contends that, "[u]nder the Federal Rules of Civil Procedure, a district court may deny without prejudice, or defer ruling on, a request for attorneys' fees and costs until a pending appeal has been decided." *Id.* at 1–2 (citing Comments to Fed. R. Civ. P. 54 (1993 amendments); Fed. R. Civ. P. 58 advisory committee's note to 1993 amendment). Plaintiff urges that "[c]ourts in the Ninth Circuit, including this District, routinely find it appropriate to deny without prejudice such motions in circumstances substantially identical to those present here," *id.* at 2 (citing *FlowRider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No. 3:15-cv-01879-BEN-BLM, 2018 WL 6830611, at *3 (S.D. Cal. Dec. 21, 2018); *Pacing Techs., LLC v. Garmin Int'l, Inc.*, No. 12-CV-1067-BEN JLB, 2014 WL 2872219, at *2 (S.D. Cal. June 24, 2014); *Sovereign Gen. Ins. Servs., Inc. v. Scottsdale Ins. Co.*, No. 2:05-cv-00389-

MCE-DAD, 2008 WL 5381813, at *1 (E.D. Cal. Dec. 23, 2008); *Flores v. Emerich & Fike*, No. 1:05-CV-0291 OWW DLB, 2007 WL 963282, at *7 (E.D. Cal. Mar. 29, 2007); *Lasic v. Moreno*, No. 2:05-CV-0161-MCE-DAD, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007); *G.P.P., Inc. v. Guardian Prot. Prod., Inc.*, No. 1:15-CV-00321-SKO, 2018 WL 932087, at *3 (E.D. Cal. Feb. 16, 2018); *Dufour v. Allen*, Case No. 2:14-cv-5616 CAS (SSx), 2015 WL 12819170, at *2 (C.D. Cal. Jan. 26, 2015)), where "the Ninth Circuit's decision could have a direct impact on this Court's determination as to whether an award of attorney's fees and costs [to Defendants as the prevailing parties] is appropriate," *id.* at 3, especially as to whether Plaintiff's decision to pursue the action against Defendants was reasonable or not. *See id.* at 3–4.

Defendants, on the other hand, argue that "[i]t will . . . conserve judicial resources to address the Fee Motion and Bill of Costs when the case has just ended and the issues raised are fresh in the Court's mind." *Ex Parte* Opp'n at 4. Relying on *Reinicke v. Creative Empire LLC*, No. 12-cv-01405-GPC, 2014 WL 5390176 (S.D. Cal. Oct. 22, 2014), and *Johnson v. Storix, Inc.*, 2017 WL 2779265, *3 (S.D. Cal. June 27, 2017), among other cases, Defendants contend that, "[o]n that basis, courts in this Circuit routinely exercise their discretion to promptly determine the fees and costs due while appeal is pending, and decline similar requests to defer." *Id.* at 5. Further, "[Plaintiff]'s argument, that the Ninth Circuit's view of reasonableness of the merits appeal may affect this Court's disposition on fees and costs, is basically unfounded," *id.* at 8, and "[t]his Court need not await the Ninth Circuit's opinion to assess whether [Plaintiff] reasonably spent two and a half years litigating allegations of market harm it could not support." *Id.* at 9. Finally, Defendants contend that "[a] prompt decision would let the Ninth Circuit consolidate the pending appeal from the merits with any appeal from this Court's decisions on fees and costs," which "would serve the judicial interest in avoiding piecemeal appeals." *Id.* at 10.

Upon full consideration of the Parties' briefs and the law, the Court determines in its discretion that the Ninth Circuit's decision could have an impact on this Court's determination of whether attorneys' fees and costs are merited under 17 U.S.C. § 505 and

15 U.S.C. § 1117(a). *See* Fed. R. Civ. P. 58 advisory committee's note to 1993 amendment; *see also FlowRider Surf, Ltd.*, 2018 WL 6830611, at *3; *Pacing Techs., LLC*, 2014 WL 2872219, at *2. The Court therefore **GRANTS** the *Ex Parte* Motion (ECF No. 157) and **DENIES WITHOUT PREJUDICE** Defendants' Fee Motion (ECF No. 155) and Bill of Costs (ECF No. 154). The Court **GRANTS** Defendants leave to renew their Fee Motion and Bill of Costs within fourteen (14) days of the Ninth Circuit's resolution of Plaintiff's appeal.

**IT IS SO ORDERED.**

Dated: April 30, 2019

Hon. Janis L. Sammartino
United States District Judge