UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DR. SEUSS ENTERPRISES, L.P.**, <br><br>Plaintiff, <br><br>v. <br><br>**COMICMIX LLC**; **GLENN HAUMAN**; **DAVID JERROLD FRIEDMAN** a/k/a **DAVID GERROLD**; and **TY TEMPLETON**, <br><br>Defendants. | Case No.: 3:16-cv-02779-JLS (BGS) <br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** <br><br>Honorable Janis L. Sammartino |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

WHEREAS, on November 10, 2016, plaintiff Dr. Seuss Enterprises, Inc. ("**DSE**") initiated the above-captioned action by filing a complaint against ComicMix, LLC, Glenn Hauman, David Jerrold Friedman a/k/a David Gerrold, and Ty Templeton (collectively, "**Defendants**") (all collectively, the "Parties") for copyright infringement of five works by Dr. Seuss: *Oh, The Places You'll Go!* ("***Go!***"), *How the Grinch Stole Christmas!* ("***Grinch***"), *The Sneetches and Other Stories* ("***Sneetches***") (*Go!*, *Grinch* and *Sneetches* collectively the "**DSE Works**"), *The Lorax*, and *Horton Hears a Who!*; as well as trademark infringement and unfair

1

competition under the Lanham Act and California law relating to Defendants' unpublished work, *Oh, The Places You'll Boldly Go!* ("**Boldly**") (ECF No. 1);

WHEREAS, on June 9, 2017, the Court dismissed DSE's trademark and unfair competition claims on the grounds of nominative fair use, granting DSE leave to amend (ECF No. 38);

WHEREAS, on June 22, 2017, DSE amended its complaint by adding a claim under the Lanham Act for infringement of its trademark registered under United States Trademark Registration No. 5,099,531, adding certain factual allegations, and otherwise maintaining its claims against Defendants (ECF No. 39);

WHEREAS, Defendants filed their operative answer with affirmative defenses on December 22, 2017 (ECF No. 53);

WHEREAS, on May 21, 2018, the Court denied Defendants' motion (ECF No. 57) for issuance of a request to the Register of Copyrights to opine on the validity of the *Go!* and *Sneetches* copyright registrations (ECF No. 88);

WHEREAS, on May 21, 2018, the Court, applying the test set forth in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), granted in part Defendants' motion for partial judgment on the pleadings (ECF No. 54) as to DSE's trademark and unfair competition claims related to the title of *Go!* (ECF No. 89);

WHEREAS, on March 12, 2019, the Court granted summary judgment to Defendants on DSE's copyright infringement claim on the grounds that *Boldly* is a fair use, and on DSE's remaining trademark and unfair competition claims on the grounds that DSE did not have enforceable trademarks in an artistic style or an illustrated typeface, and denied DSE's motion for summary judgment (the "**MSJ Decision**") (ECF No. 139);

WHEREAS, on March 26, 2019, DSE appealed the MSJ Decision to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") (No. 19-55348) (ECF Nos. 151-152);

/////

1  WHEREAS, on December 18, 2020, the Ninth Circuit reversed the MSJ
2  Decision as to Defendants' fair use defense to DSE's copyright infringement claims
3  related to the DSE Works, affirmed the MSJ Decision as to dismissal of DSE's
4  trademark infringement and unfair competition claims pursuant to the *Rogers* test,
5  and remanded the action to this Court for proceedings consistent with its opinion,
6  *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 983 F.3d 443 (9th Cir. 2020);

7  WHEREAS, on January 11, 2021, the Ninth Circuit provided notice of
8  spreading the mandate to this Court (ECF No. 165), which took effect on March 5,
9  2021, following a hearing on the spreading of the mandate (ECF No. 174);

10 WHEREAS, on April 29, 2021, DSE renewed its motion for summary
11 judgment on copyright infringement as to the DSE Works (ECF No. 176) and
12 Defendants filed a motion for reconsideration of the Court's order denying their
13 motion for issuance of a request to the Register of Copyrights (ECF No. 177);

14 WHEREAS, the Court denied both Parties' April 29, 2021 motions (ECF No.
15 187) and set a pretrial schedule (ECF No. 189);

16 WHEREAS, DSE filed a motion for reconsideration, or alternatively for
17 certification of interlocutory appeal under 28 U.S.C § 1292(b) concerning the
18 Court's denial of its renewed motion for summary judgment (ECF No. 188) and the
19 Court has continued briefing on this motion in light of the Parties' settlement
20 discussions (ECF No. 191);

21 WHEREAS, the Parties have agreed to fully and finally resolve the
22 remaining claims in this action and all potential claims between them arising from
23 the facts alleged in DSE's amended complaint by consenting to entry by the Court
24 of a judgment for copyright infringement of the DSE Works and a permanent
25 injunction (over which the Court will exercise continuing jurisdiction for purposes
26 of enforcement) on the terms and conditions set forth herein;

27 /////
28 /////

THEREFORE, based on the Parties' concurrently filed joint motion and consent to the entry of the following Consent Judgment and Permanent Injunction, it is hereby ORDERED that:

1. Judgment is entered in favor of DSE and against Defendants on DSE's claim that *Boldly* infringes the copyrights owned by DSE in the DSE Works.

2. Defendants, and all of their officers, affiliates, directors, agents, servants, employees, heirs, successors and assigns ARE HEREBY PERMANENTLY RESTRAINED AND ENJOINED from any other infringement of copyrights in the DSE Works, including but not limited to the sale, offer for sale, distribution, reproduction, marketing, display, advertising, promoting, or otherwise exploiting *Boldly* or any portion thereof or any other work substantially similar to *Boldly* as well as from assisting, aiding, or encouraging any other person or business entity in engaging in or performing any of the activities referred to herein, so long as any of the DSE Works are under copyright.

3. All claims, including any request or claim for damages, attorneys' fees, or costs, which any Party has asserted or could have asserted in this action, are hereby fully and finally dismissed with prejudice. This paragraph shall not prevent DSE from undertaking actions and proceedings to enforce the Permanent Injunction.

4. To the extent not covered by Paragraph 3 above, DSE's claims that *Boldly* infringes DSE's copyrights in *The Lorax* and *Horton Hears A Who!*, and its claims that any infringement was willful, are dismissed with prejudice.

5. All deadlines set in the pretrial schedule (ECF No. 189), and for briefing on DSE's motion for reconsideration (ECF Nos. 188 & 191) are cancelled.

/////
/////
/////
/////
/////

6. The Court will exercise continuing jurisdiction over the Parties for purposes of enforcement of this Consent Judgment and Permanent Injunction.

IT IS SO ORDERED.

Dated: _____                              _____
                                                     Hon. Janis L. Sammartino
                                                     United States District Judge