UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. SEUSS ENTERPRISES, L.P., <br><br> Plaintiff, <br><br> v. <br><br> COMICMIX LLC, et al., <br><br> Defendants. | Case No.: 16-cv-02779-JLS-BGS <br><br> **ORDER:** <br><br> **(1) GRANTING JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT AND PERMANENT INJUNCTION;** <br><br> **(2) DENYING AS MOOT ECF No. 188; AND** <br><br> **(3) ENTERING CONSENT JUDGMENT AND PERMANENT INJUNCTION** <br><br> **[ECF Nos. 188; 192]** |

Presently before the Court is a Joint Motion for Entry of Consent Judgment and Permanent Injunction, wherein the parties provide that they have agreed to resolve this action in its entirety and move for entry of a Consent Judgment and Permanent Injunction. (ECF No. 192.)  Having considered the parties' joint motion and the Consent Judgment and Permanent Injunction submitted concurrently, and good cause appearing, the Court hereby **GRANTS** the joint motion.  Additionally, in light of the resolution of this case,

Plaintiff's Motion for Reconsideration or, Alternatively, for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b) (ECF No. 188) is hereby **DENIED as moot**.

The Court hereby **ENTERS** the Consent Judgment and Permanent Injunction as follows:

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

WHEREAS, on November 10, 2016, Plaintiff Dr. Seuss Enterprises, Inc. ("DSE") initiated the above-captioned action by filing a complaint against ComicMix, LLC, Glenn Hauman, David Jerrold Friedman a/k/a David Gerrold, and Ty Templeton (collectively, "Defendants") (all collectively, the "Parties") for copyright infringement of five works by Dr. Seuss: *Oh, The Places You'll Go!* ("*Go!*"), *How the Grinch Stole Christmas!* ("*Grinch*"), *The Sneetches and Other Stories* ("*Sneetches*") (*Go!*, *Grinch*, and *Sneetches* collectively the "DSE Works"), *The Lorax*, and *Horton Hears a Who!*; as well as trademark infringement and unfair competition under the Lanham Act and California law relating to Defendants' unpublished work, *Oh, The Places You'll Boldly Go!* ("*Boldly*") (ECF No. 1);

WHEREAS, on June 9, 2017, the Court dismissed DSE's trademark and unfair competition claims on the grounds of nominative fair use, granting DSE leave to amend (ECF No. 38);

WHEREAS, on June 22, 2017, DSE amended its complaint by adding a claim under the Lanham Act for infringement of its trademark registered under United States Trademark Registration No. 5,099,531, adding certain factual allegations, and otherwise maintaining its claims against Defendants (ECF No. 39);

WHEREAS, Defendants filed their operative answer with affirmative defenses on December 22, 2017 (ECF No. 53);

WHEREAS, on May 21, 2018, the Court denied Defendants' Motion for Issuance of a Request to the Register of Copyrights (ECF No. 57) to opine on the validity of the *Go!* and *Sneetches* copyright registrations (ECF No. 88);

///

///

1      WHEREAS, on May 21, 2018, the Court, applying the test set forth in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), granted in part Defendants' Motion for Partial Judgment on the Pleadings (ECF No. 54) as to DSE's trademark and unfair competition claims related to the title of *Go!* (ECF No. 89);

       WHEREAS, on March 12, 2019, the Court granted summary judgment in favor of Defendants on DSE's copyright infringement claim on the grounds that *Boldly* is fair use, and on DSE's remaining trademark and unfair competition claims on the grounds that DSE did not have enforceable trademarks in an artistic style or an illustrated typeface, and denied DSE's Motion for Summary Judgment (the "MSJ Decision") (ECF No. 149);

       WHEREAS, on March 26, 2019, DSE appealed the MSJ Decision to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") (No. 19-55348) (ECF Nos. 151; 152);

       WHEREAS, on December 18, 2020, the Ninth Circuit reversed the MSJ Decision as to Defendants' fair use defense to DSE's copyright infringement claims related to the DSE Works, affirmed the MSJ Decision as to dismissal of DSE's trademark infringement and unfair competition claims pursuant to the *Rogers* test, and remanded the action to this Court for proceedings consistent with its opinion, *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 983 F.3d 443 (9th Cir. 2020);

       WHEREAS, on January 11, 2021, the Ninth Circuit provided notice of spreading the mandate to this Court (ECF No. 165), which took effect on March 5, 2021, following a hearing on the spreading of the mandate (ECF No. 174);

       WHEREAS, on April 9, 2021, DSE filed a Renewed Motion for Summary Judgment on its copyright infringement claims as to the DSE Works (ECF No. 176) and Defendants filed a Motion for Reconsideration of the Court's Order denying their Motion for Issuance of Request to the Register of Copyrights (ECF No. 177);

       WHEREAS, on August 9, 2021, the Court denied both Parties' April 9, 2021 motions (ECF No. 187);

///

WHEREAS, on September 3, 2021, DSE filed a Motion for Reconsideration or, Alternatively, for Certification of Interlocutory Appeal Under 28 U.S.C § 1292(b) concerning the Court's denial of its Renewed Motion for Summary Judgment (ECF No. 188);

WHEREAS, on September 15, 2021, Magistrate Judge Skomal issued a Scheduling Order resetting pretrial deadlines (ECF No. 189);

WHEREAS, on September 24, 2021, the Court extended the briefing schedule on DSE's Motion for Reconsideration or, Alternatively, for Certification of Interlocutory Appeal Under 28 U.S.C § 1292(b) in light of the Parties' settlement discussions (ECF Nos. 190; 191);

WHEREAS, the Parties have agreed to fully and finally resolve the remaining claims in this action and all potential claims between them arising from the facts alleged in DSE's First Amended Complaint by consenting to entry by the Court of a judgment for copyright infringement of the DSE Works and a permanent injunction, over which the Court will exercise continuing jurisdiction for purposes of enforcement, on the terms and conditions set forth herein;

THEREFORE, based on the Parties' Joint Motion for Entry of Consent Judgment and Permanent Injunction:

1. Judgment is **ENTERED** in favor of DSE and against Defendants on DSE's claim that *Boldly* infringes the copyrights owned by DSE in the DSE Works.

2. Defendants, and all of their officers, affiliates, directors, agents, servants, employees, heirs, successors and assigns are hereby **PERMANENTLY RESTRAINED AND ENJOINED** from any other infringement of copyrights in the DSE Works, including but not limited to the sale, offer for sale, distribution, reproduction, marketing, display, advertising, promoting, or otherwise exploiting *Boldly* or any portion thereof or any other work substantially similar to *Boldly* as well as from assisting, aiding, or encouraging any other person or business entity in engaging in or performing any of the activities referred to herein, so long as any of the DSE Works are under copyright.

3. All claims, including any request or claim for damages, attorneys' fees, or costs, which any Party has asserted or could have asserted in this action, are hereby fully and finally **DISMISSED with prejudice**. This paragraph shall not prevent DSE from undertaking actions and proceedings to enforce the Permanent Injunction.

4. To the extent not covered by Paragraph 3 above, DSE's claims that *Boldly* infringes DSE's copyrights in *The Lorax* and *Horton Hears A Who!*, and its claims that any infringement was willful, are **DISMISSED with prejudice**.

5. The Court will exercise continuing jurisdiction over the Parties for purposes of enforcement of this Consent Judgment and Permanent Injunction.

The Clerk of Court shall administratively close the case.

**IT IS SO ORDERED.**

Dated: October 8, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge